JAMES D. NGUYEN (State Bar No. 179370)
  jimmynguyen@dwt.com
SEAN M. SULLIVAN (State Bar No. 229104)
  seansullivan@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

ELIZABETH MCNAMARA (*Pro hac vice application to follow*)
  lizmcnamara@dwt.com
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, New York 10019-6708
Telephone: (212) 489-8230
Fax: (212) 489-8340

Attorneys for Defendant
MEN'S JOURNAL LLC

FILED
CLERK U.S. DISTRICT COURT

JAN 27 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**CV12-00771 DSF (Ex)**

| | |
|---|---|
| DAVID BOORSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MEN'S JOURNAL LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT**<br><br>State Action Filed:<br>    December 22, 2011<br><br>[Declaration of John Reese Filed Concurrently] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Men's Journal LLC ("Men's Journal") hereby removes to the United States District Court for the Central District of California the above-captioned action, described below.[1] In support of this Notice of Removal, Men's Journal alleges as follows:

### Introduction

1.      On December 22, 2011, Plaintiff David Boorstein commenced this putative class action against Men's Journal in the Superior Court of the State of California, County of Los Angeles, under Civil Case No. BC475697. A true and correct copy of the Complaint, the Summons that accompanied the Complaint, and the Civil Case Cover Sheet are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). The Notice of Case Assignment, Alternative Dispute Resolution (ADR) Information Package, and related documents are attached as **Exhibit B**, as required under 28 U.S.C. § 1446(a).

2.      Plaintiff first served Men's Journal with a copy of the Complaint on December 29, 2011.

3.      On December 23, 2011, Plaintiff filed in the Superior Court for the County of Los Angeles a Motion and Memorandum of Law in Support of Class Certification. A true and correct copy of this document is attached as **Exhibit C**, as required under 28 U.S.C. § 1446(a).

---

[1] Men's Journal expressly preserves all Rule 12(h) objections. *See* Wright & Miller, Federal Practice & Procedure § 1395 (3d ed. 2004) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'" (quoting *Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1944))).

DEFENDANT'S NOTICE OF REMOVAL
DWT 18861967v6 3920109-000008

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4.      On January 4, 2012, the Superior Court issued an order designating this case as complex pursuant to Rule 3.400 of the California Rules of Court.  A true and correct copy of this order is attached as **Exhibit D**, as required under 28 U.S.C. § 1446(a).

## Removal Is Timely

5.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because Men's Journal filed it within thirty days after completion of service of summons in the Superior Court action.

## This Is a Proposed "Class Action"

6.      Plaintiff brings this case as a class action, Compl. ¶¶ 40-46, and seeks to certify a class under California Code of Civil Procedure § 382.  *Id.*  This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

## Plaintiff Proposes a Class of More than 100 Persons

7.      In the Complaint, Plaintiff alleges on behalf of a class causes of actions for violations of California's Shine the Light Law, Cal. Civ. Code § 1798.83, and of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL").  Plaintiff alleges violations of a provision of the Shine the Light Law that, under certain circumstances, requires a business to provide certain disclosures to California customers if that business shares California customers' personal information with third parties for those third parties' direct marketing purposes.  Compl. ¶ 54 (citing Cal. Civ. Code § 1798.83(b)(1)(B)).  Based on the purported violations of the Shine the Light Law, Plaintiff alleges violations of the UCL's general prohibition against "any unlawful, unfair, or fraudulent business act or practice."  *Id.* ¶¶ 62-64 (citing Cal. Bus. & Prof. Code § 17200).  Plaintiff asserts these causes of action on behalf of himself and the following proposed class: "All

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

California residents who have provided personal information to Men's Journal." *Id.* ¶ 40. Plaintiff alleges that "the Class is believed to consist of millions of individuals." *Id.* ¶ 41. Therefore, according to the allegations of Plaintiff's own complaint, the putative class includes at least 100 members. 28 U.S.C. § 1332(d)(5)(B); *Tompkins v. Basic Research LLC*, 2008 U.S. Dist. LEXIS 81411 at *8 (E.D. Cal. Apr. 22, 2008) (finding the Class Action Fairness Act's class-size requirement to be satisfied where it was "facially apparent from the complaint" based on the plaintiff's allegation of "a class of 'thousands of persons,' . . . implying a logical minimum of 2,000 class members").

   8.    In actuality, the putative class will be significantly smaller than "millions" of California subscribers to the *Men's Journal* magazine, but still far more than enough to exceed the threshold of 100 putative class members. Based upon the subscriber records of Men's Journal and the zip codes provided for the subscriber's address, there are over 50,000 California subscribers to *Men's Journal* magazine. (Reese Declaration, ¶ 2.) Thus, the putative class far exceeds the 100 member threshold set forth by 28 U.S.C. § 1332(d)(5)(B).

### The Amount in Controversy Exceeds $5,000,000

   9.    "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Based on Plaintiff's allegations, this is an "action in which the matter in controversy exceeds the sum or value of $5,000,000." Id. at § 1332(d)(2). In determining whether the removing party has satisfied the amount-in-controversy requirement, the Court looks first to the Complaint. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010).

   10.   Men's Journal denies Plaintiff's allegations regarding its liability and will vigorously oppose certification of the putative class. However, for purposes of establishing the jurisdictional predicates for removal, Complaint allegations establish

that the aggregated amount in controversy exceeds $5,000,000. *See Lewis*, 627 F.3d at 400 ("To establish the jurisdictional amount [the defendant] need not concede liability for the entire amount . . . .").

11.   Plaintiff does not seek a specific amount of total damages in the Complaint. "[W]hen the complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Lewis*, 627 F.3d at 397. A defendant can make this showing based on: (a) the allegations of the complaint; as well as (b) facts in the removal petition supported by affidavits. *See id.* (holding that the defendant satisfied its burden with an affidavit showing that "the potential damages could exceed the jurisdictional amount"); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations.") (quoting *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)); *see also Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

12.   The Shine the Light Law provides that "for a willful, intentional, or reckless violation of Section 1798.83, a customer may recover a civil penalty not to exceed three thousand dollars ($3,000) per violation; otherwise, the customer may recover a civil penalty of up to five hundred dollars ($500) per violation for a violation of Section 1798.83." Cal. Civ. Code § 1798.84(c). Plaintiff alleges in his Complaint that "Men's Journal intentionally violates California's Shine the Light Law and is liable for civil penalties of three thousand dollars ($3,000.00) per violation pursuant to Cal. Civ. Code § 1798.84(c)." Compl. ¶ 35. Therefore, CAFA's amount-in-controversy requirement of $5,000,000 would be satisfied if the class contained:  (a) 1,667 people potentially entitled to the maximum civil penalty of

$3,000 each for willful violations of the Shine the Light Law; and (b) 10,000 people potentially entitled to the maximum civil penalty of $500 for non-willful violations of the Shine the Light Law.

13.    Plaintiff seeks to certify a class consisting of "[a]ll California residents who have provided personal information to Men's Journal." Compl. ¶ 40. Plaintiff alleges that, in particular, Men's Journal requires its subscribers to provide personal information. *Id*. ¶ 30. His Complaint specifically states that "the Class is believed to consist of millions of individuals." *id*. ¶ 41.

14.    By looking to allegations of the Complaint first (as the Court is directed to do), the Court can easily find that the amount in controversy threshold is far exceeded. Plaintiff's allegation that there are "millions" of Class members far exceeds the 1,667 number needed to achieve the amount in controversy threshold based upon the maximum $3,000 civil penalty sought by Planitiff if a willful violation is proven and the 10,000 number needed if the maximum $500 civil penalty if a non-willful violation is at issue. (Of course, Men's Journal contends that it did not violate the Shine the Light Law at all, and that even if there was any alleged violation, any civil penalty per violation should be far less than any of the possible maximum amounts.)

15.    However, as explained above, the Court can also look beyond the allegations of the Complaint to evaluate the amount in controversy. In the abundance of caution, Men's Journal submits the declaration of its Executive Director of Consumer Marketing to establish that its number of California subscribers far exceeds the thresholds necessary to satisfy the amount in controversy requirement. Currently, Men's Journal has over 50,000 subscribers who are residents of California (based upon the zip code of their address provided to Men's Journal). (*See* Reese Decl., ¶ 2.) Thus, at least 50,000 putative class members have potentially provided information to Men's Journal while residing in California in the manner described in Plaintiff's Complaint.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

16.     For a class size of over 50,000, based on Plaintiff's request for a maximum $3,000 civil penalty per violation (if willfulness is proven), the amount in controversy would exceed $150,000,000.00; with no showing of willfulness, the maximum $500 civil penalty per violation would yield an amount in controversy of over $25,000,000.  Therefore, Plaintiff has placed far more than $5 million in controversy.  Of course, Men's Journal contends that it has no liability, and that even if any violation could be proven, there are no damages and no basis for any civil penalty whatsoever.  *See Lewis*, 627 F.3d at 400 ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

## Diversity Exists

17.     Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."

18.     Men's Journal is a limited liability company.  Compl. ¶ 11.  A limited liability company is an "unincorporated association" under 28 U.S.C. § 1332(d)(10). *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006); *Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1185 (N.D. Cal. 2010).  An "unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10).  As the Complaint itself alleges, Men's Journal was formed under the laws of the state of Delaware.  Compl. ¶ 11.  Its principal place of business is New York, New York. *Id.*

19.     Plaintiff brings this lawsuit on behalf of "[a]ll California residents who have provided information to Men's Journal." *Id.* ¶ 40.  Plaintiff brings this lawsuit under the Shine the Light Law, which permits "[a]ny customer injured by a violation of this title [to] institute a civil action to recover damages," Cal. Civ. Code § 1798.84(b), and which limits its definition of "customer" to "an individual who is a

resident of California." § 1798.83(e)(1).  Thus, the putative class is not nationwide, but instead limited to just California residents.  Consequently, it is far easier for the Court to confirm that diversity exists between at least one member of the putative class (when all members of the putative class are by definition only California residents) and Men's Journal, satisfying the requirements of 28 U.S.C. § 1332(d)(2)(A).  *See Abrego*, 443 F.3d at 684 (explaining that section "1332(d)(2)(A) requires only minimal diversity, not complete diversity").

### The Remaining Procedural Requirements Are Satisfied

20.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), and which may be removed to this Court under 28 U.S.C. §§ 1441, 1446, and 1453.  Because the state court action is pending in the Superior Court for the County of Los Angeles, removal of the state court action to the Western Division (in Los Angeles) of this District Court is proper under 28 U.S.C. §§ 84(c)(2), 1391(a), and 1446(a).

21.     Copies of all process, pleadings, and orders served on Men's Journal in this action are attached as Exhibits A-D, pursuant to 28 U.S.C. § 1446(a).

22.     Men's Journal certifies that it will promptly give written notice of the filing of this Notice of Removal to Plaintiff, and will file a copy of the Notice of Removal with the Clerk of the Superior Court for the County of Los Angeles County, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Men's Journal requests that the above-described civil action be removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DATED: January 27, 2012

DAVIS WRIGHT TREMAINE LLP
JAMES D. NGUYEN
SEAN M. SULLIVAN
ELIZABETH MCNAMARA

By: _____
        James D. Nguyen

Attorneys for Defendant
MEN'S JOURNAL LLC

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A



SUM-100

**SUMMONS**
**(CITACION JUDICIAL)**

FOR COURT USE ONLY
**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 22 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

MEN'S JOURNAL LLC, a Delaware limited liability company,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

DAVID BOORSTEIN, individually and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es:) Los Angeles County Superior Court<br><br>Stanley Mosk Courthouse, Central District, 111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>(Número del Caso):<br>BC 475697 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Sean Reis, Edelson McGuire LLP, 30021 Tomas Street, Suite 300, RSM, CA 92688 (949) 459-2124

| DATE: DEC 22 2011 | John A. Clarke | Clerk, by | D.M. Swain | , Deputy |
|---|---|---|---|---|
| (Fecha) | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Men's Journal LLC, a delaware limited liability company

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other (specify): Limited Liability company
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 22 2011

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DOROTHY SWAIN

SEAN REIS (sreis@edelson.com) - SBN 184044
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: (949) 459-2124
Fax: (949) 459-2123

*Counsel for Plaintiff and the Putative Class*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### LOS ANGELES COUNTY

DAVID BOORSTEIN, individually and
on behalf of all others similarly situated,

          Plaintiff,

v.

MEN'S JOURNAL LLC, a Delaware
limited liability company,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.        BC 475697

**COMPLAINT FOR:**

**(1)**  Violations of Cal. Civ. Code § 1798.83

**(2)**  Violations of Cal. Bus. & Prof. Code
      §§ 17200, *et seq.*

**DEMAND FOR JURY TRIAL**

**CLASS ACTION**

CLASS ACTION COMPLAINT

1    Plaintiff, David Boorstein ("Plaintiff"), by and through his attorneys, upon personal

2  knowledge as to himself and his own acts, and upon information and belief as to all other

3  matters, complains and alleges as follows:

4                                    **NATURE OF THE ACTION**

5        1.    In 2003, the California Legislature passed the Shine the Light Law, Cal. Civ.

6  Code § 1798.83 (the "Shine the Light Law" or the "Act"), to protect consumers from companies

7  that collect and surreptitiously share their sensitive personal information with third parties. In

8  support of the bill, its author, Senator Liz Figueroa, aptly commented:

9            [s]ecret direct marketing "profiles" of consumers are being exchanged every hour
10           invisibly and routinely by the companies with which they do business. Not only
             are consumers powerless to stop such invasions of privacy, they do not even know
11           whether and to what extent it is taking place.[1]

12       2.    The Act empowers consumers to "shine the light" on companies' data sharing

13  methods by requiring businesses to establish a procedure by which customers can receive an

14  explanation of how their personal information is disclosed to third parties (the "Shine the Light

15  Disclosures" or "Disclosures").

16       3.    Businesses governed by the Act are required to: (1) designate a dedicated mailing

17  address (physical or electronic) or phone/facsimile number where customers can request the

18  company's Shine the Light Disclosures, and (2) ensure that interested customers can readily

19  make such requests or otherwise obtain the Disclosures.

20       4.    Shine the Light Disclosures are necessary because without knowledge of

21  companies' data sharing practices, consumers cannot make informed decisions about which

22  businesses they should entrust with their personal information:

23

24  _____

25  [1]    CALIFORNIA SENATE JUDICIARY COMMITTEE, SB 27 BILL ANALYSIS, Sept. 16, 2003,
    *available at* http://info.sen.ca.gov/pub/03-04/bill/sen/sb_0001-
26  0050/sb_27_cfa_20030916_115403_sen_comm.html (last visited December 19, 2011).

27

28  _____
    CLASS ACTION COMPLAINT                              2

> Because privacy is, by definition, so intensely personal, for a consumer to make a rational and informed and personal choice to opt-in, opt-out, or simply take their business elsewhere, the consumer must know the "who, what, where and when" of how a business handles personal information.[2]

5.     While traditional businesses may display or otherwise make Shine the Light Disclosures available at their physical storefront locations, the Act requires companies with no "brick and mortar" locations to either provide the Shine the Light Disclosures on their websites or to train their managers and employees to notify customers of the addresses and phone numbers where the Shine the Light Disclosures can be obtained.

6.     Defendant Men's Journal LLC ("Men's Journal")—a publishing company with no "brick and mortar" storefronts—owns and operates the Internet website www.mensjournal.com, and publishes MEN'S JOURNAL, the magazine.

7.     Men's Journal collects and stores a wealth of information about its subscribers, and shares such data with third parties for direct marketing purposes.

8.     Despite the fact that Men's Journal profits by sharing its users' personal information, it intentionally keeps its users in the dark on its information sharing practices by failing to make the Shine the Light Disclosures on its website.

9.     As a result, Men's Journal violates the Shine the Light Law by willfully denying its users an opportunity to exercise their legally proscribed rights under the Act. Therefore, Plaintiff and the Class are entitled to civil penalties of three thousand dollars ($3,000.00) per violation pursuant to California Civil Code section 1798.84(c).

## PARTIES

10.     Plaintiff, David Boorstein, is a natural person domiciled in the State of California.

11.     Defendant, Men's Journal LLC, is a Delaware limited liability company with its principal place of business at 1290 Avenue of the Americas, New York, New York 10104. Men's Journal does business throughout California and the United States.

---

[2]     *Supra*, note 1, pp. 4-5.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over the causes of action asserted herein pursuant to the California Constitution, Article VI, §10, because this case is a cause not given by statute to other trial courts.

13.     This Court has personal jurisdiction over Men's Journal because the improper conduct alleged in the Complaint occurred in, was directed to, and/or emanated from California.

14.     Venue is proper in this Court because a substantial part of Men's Journal's conduct at issue originated or occurred in this County, and because Plaintiff resides in this County.

## FACTUAL BACKGROUND

**I.   The Personal Information Market: Consumer Data Has Monetary Value**

15.     In 2001, Federal Trade Commission ("FTC") Commissioner Orson Swindle recognized that "the digital revolution ... has given an enormous capacity to the acts of collecting and transmitting and flowing of information, unlike anything we've ever seen in our life ... [and] individuals are concerned about being defined by the existing data on themselves."[3]

16.     More than a decade later, Commissioner Swindle's comments ring truer than ever, as consumer data feeds an information marketplace that supports a $26 billion dollar per year online advertising industry in the United States.[4]

17.     The FTC has also recognized that consumer data possesses inherent monetary value within the new information marketplace:

> Most consumers cannot begin to comprehend the types and amount of information collected by businesses, or why their information may be

---

[3]     The Information Marketplace, Merging and Exchanging Consumer Data, http://www.ftc.gov/bcp/workshops/infomktplace/transcript.htm (last visited December 19, 2011).

[4]     *See*, Web's Hot New Commodity: Privacy, http://online.wsj.com/article/SB10001424052748703529004576160764037920274.html (last visited December 19, 2011).

commercially valuable. *Data is currency. The larger the data set, the greater potential for analysis—and profit.*[5]

18.     In today's digital marketplace, consumers engage in *quid pro quo* transactions with online businesses whereby individuals exchange personal information for services.

19.     It is now a nearly ubiquitous practice for online companies that collect consumer information—such as, names, addresses, occupations, political and religious affiliations, sexual orientation, education, and cultural interests—to share such data, for a profit, with numerous third party marketers without any input from, or disclosure to, the source consumer.

20.     In fact, consumers' personal information has become such a valuable commodity that companies now offer individuals the opportunity to sell their personal information themselves.[6] In this way, consumers are becoming more empowered to direct where their personal information is shared, and to directly profit from their own data.

21.     Because Men's Journal deprives its users the ability to control the dissemination of their personal information—by denying them the ability to ascertain where such data is flowing—Men's Journal has diluted the value of its users' property as it exists in the personal information market.

## II.   California's Shine the Light Law

22.     The Shine the Light Law was enacted because while "transparency is the touchstone of consumer confidence in information handling ... by and large, consumers are not aware of the extent to which their personal information is sold."[7] Thus, the Act is designed to

---

[5]     Statement of FTC Commissioner Pamela Jones Harbour, http://www.ftc.gov/speeches/harbour/091207privacyroundtable.pdf (last visited December 19, 2011) (emphasis added).

[6]     "You Want My Personal Data? Reward Me for It," http://www.nytimes.com/2010/07/18/business/18unboxed.html (last visited December 19, 2011).

[7]     *See*, CALIFORNIA SENATE JUDICIARY COMMITTEE, SB 27 BILL ANALYSIS, Sept. 16, 2003, *available at* http://info.sen.ca.gov/pub/03-04/bill/sen/sb_0001-0050/sb_27_cfa_20030916_115403_sen_comm.html (last visited December 19, 2011).

1    "shine the light" on how businesses share and profit from their customers' personal information.

2        23.    As such, under the Act, customers may request, and companies doing business in

3    California must provide, a list of all categories of personal information disclosed by the business

4    within the preceding year, as well as the names and addresses of the companies receiving that

5    information. Cal. Civ. Code § 1798.83(a).

6        24.    To facilitate such requests, the Act requires businesses to "designate a mailing

7    address, electronic mail address, or, if the business chooses to receive requests by telephone or

8    facsimile, a toll-free telephone or facsimile number, to which customers may deliver requests" to

9    discover how their personal information is being shared with third parties. Cal. Civ. Code §

10   1798.83(b)(1).

11       25. .   The term "personal information" is broadly defined under the Act, and includes,

12   but is not limited to, an individual's:

13   (A) name and address; (B) electronic mail address; (C) age or date of birth; (D)
     names of children; (E) electronic mail or other addresses of children; (F) number
14   of children; (G) age or gender of children; (H) height; (I) weight; (J) race; (K)
     religion; (L) occupation; (M) telephone number; (N) education; (O) political party
15   affiliation; (P) medical condition; (Q) drugs, therapies, or medical products or
     equipment used; (R) the kind of product the customer purchased, leased, or
16   rented; (S) real property purchased, leased, or rented; (T) the kind of service
     provided; (U) social security number; (V) bank account number; (W) credit card
17   number; (X) debit card number; (Y) bank or investment account, debit card, or
     credit card balance; (Z) payment history; and (AA) information pertaining to the
18   customer's creditworthiness, assets, income, or liabilities.
19
     Cal. Civ. Code § 1798.83(e)(7).
20
         26.    An Internet business with no "brick and mortar" locations may comply with the
21
     Act by adhering to the following provision:
22
23   Add to the home page of its Web site a link either to a page titled "Your Privacy
     Rights" or add the words "Your Privacy Rights" to the home page's link to the
24   business's privacy policy ... The first page of the link shall describe a customer's
     rights pursuant to this section and shall provide the designated mailing address, e-
25   mail address, as required, or toll-free telephone number or facsimile number, as
     appropriate.
26
     Cal. Civ. Code § 1798.83(b)(1)(B).
27

28
     CLASS ACTION COMPLAINT
                                              6

27.     Alternatively, and in cases where an Internet business has "employees who regularly have contact with customers," a business may:

> Notify all agents and managers who directly supervise employees who regularly have contact with customers of the designated address or numbers or the means to obtain those addresses or numbers and instruct those employees that customers who inquire about the business's privacy practices or the business's compliance with this section shall be informed of the designated addresses or numbers or the means to obtain the addresses or numbers.

Cal. Civ. Code § 1798.83(b)(1)(A).

28.     In short, the Act affords California citizens the right to discover whether businesses are sharing their personal information, and if so, which companies or organizations they are sharing such data with.

## III.    A Brief Overview of Men's Journal

29.     Men's Journal publishes magazines for circulation and also operates the Internet websites www.mensjournal.com.

30.     In order to subscribe to one of its magazines, consumers are required to provide Men's Journal with certain personal information, including, *inter alia*, their name and address, e-mail address, telephone number, gender, date of birth, and credit card or debit card number.

31.     Men's Journal maintains this data on its servers.

## IV.    Men's Journal Willfully Violates California's Shine the Light Law

32.     Men's Journal shares its subscribers' personal information, including their names, addresses, e-mail addresses, gender, and dates of birth with third party direct marketing companies for direct marketing purposes.

33.     Despite the fact that Men's Journal shares information about its users with third parties for direct marketing purposes, it fails to provide its customers with the Shine the Light Disclosures, or the means through which its customers may obtain the Disclosures, as required by the Act.

CLASS ACTION COMPLAINT

7

34:     As such, Men's Journal has chosen to deny California customers their legal right to learn what personal information is being disclosed, who is receiving it, and other legal protections afforded under the Act.

35.     Accordingly, Men's Journal intentionally violates California's Shine the Light Law and is liable for civil penalties of three thousand dollars ($3,000.00) per violation pursuant to Cal. Civ. Code § 1798.84(c).

## FACTS RELATING TO PLAINTIFF DAVID BOORSTEIN

36.     Plaintiff David Boorstein is a natural person domiciled in the State of California.

37.     In or around 2009, Plaintiff signed up for a one (1) year subscription of MEN'S JOURNAL—a magazine owned, operated, and published by Men's Journal.

38.     At the time that Plaintiff signed up for his subscription, he provided personal information to Men's Journal, including, *inter alia*, his full name, mailing address, e-mail address, ZIP code, telephone number, gender, birth date, and credit card information.

39.     Plaintiff has visited www.mensjournal.com.  At all relevant times, Plaintiff used Men's Journal primarily for personal, family, and household purposes.

## CLASS ALLEGATIONS

40.     **Definition of the Class:** Plaintiff David Boorstein brings this action pursuant to California Code of Civil Procedure § 382 on behalf of himself and a Class of similarly situated individuals, defined as follows:

> All California residents who have provided personal information to Men's
> Journal.

Excluded from the Class are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person, and (5) all persons who have

CLASS ACTION COMPLAINT

1  previously had claims similar to those alleged herein finally adjudicated or who have released
2  their claims against Defendant.

3       41.    **Numerosity:** The exact number of the members of the Class is unknown and is
4  not available to Plaintiff, but the Class is believed to consist of millions of individuals. Thus,
5  individual joinder in this case is impracticable. Class members can be easily identified through
6  Defendant's records.

7       42.    **Commonality and Predominance:** There are many questions of law and fact
8  common to the claims of Plaintiff and the other members of the Class, and those questions
9  predominate over any questions that may affect individual members of the Class. Common
10  questions for the Class include but are not limited to the following:

11              (a)      Whether the Class members are "customers" of Defendant, as that term is
12                       defined by Cal. Civ. Code § 1798.83(e)(1);

13              (b)      Whether each Class member had an "established business relationship"
14                       with Defendant, as that term is defined by Cal. Civ. Code § 1798.83(e)(5);

15              (c)      Whether Defendant made the Shine the Light Disclosures required by Cal.
16                       Civ. Code § 1798.83(b)(1)(B);

17              (d)      Whether Defendant's website violates Civ. Code § 1798.83(b)(1)(B);

18              (e)      Whether Defendant has employees who regularly have contact with
19                       customers, as defined by Cal. Civ. Code § 1798.83(e)(4);

20              (f)      Whether Defendant otherwise complied with the requirements of Cal. Civ.
21                       Code § 1798.83(b)(1);

22              (g)      Whether Defendant's failure to meet the notice requirements of §
23                       1798.83(b)(1)(B) constitutes a violation of § 1798.83;

24              (h)      Whether Defendant's conduct constituted a willful, intentional, or reckless
25                       violation of § 1798.83; and.

26              (i)      Whether Plaintiff and the Class are entitled to injunctive relief.

27

28

CLASS ACTION COMPLAINT

9

43.     **Typicality:** The factual and legal bases of Men's Journal's liability to Plaintiff and to the other members of the Class are the same and resulted in injury to Plaintiff and all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm as a result of Men's Journal's wrongful conduct.

44.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class members, and have retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class and Defendant has no defenses unique to Plaintiff.

45.     **Appropriateness:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief for Defendant's misconduct. Even if each member of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expenses to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

46.     **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. The policies of the Defendant challenged herein apply to

CLASS ACTION COMPLAINT

1 | and affect all members of the Class uniformly, and Plaintiff's challenge of these policies hinges

2 | on Defendant's conduct, not on facts or law applicable only to Plaintiff.

3

**FIRST CAUSE OF ACTION**
Violations of California's Shine the Light Law
(Cal. Civ. Code § 1798.83)
(On behalf of Plaintiff and the Class)

4

5

6 | 47.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

7 | 48.    Plaintiff and the Class are "customers" of Men's Journal, as that term is defined

8 | by Cal. Civ. Code § 1798.83(e)(1).

9 | 49.    Plaintiff and the Class are engaged in an ongoing "established business

10 | relationship" with Men's Journal as that term is defined by Cal. Civ. Code § 1798.83(e)(5).

11 | 50.    Men's Journal cannot utilize the notice option available under Cal. Civ. Code §

12 | 1798.83(b)(1)(A) because, as a business operating almost exclusively online, it does not have

13 | "employees who regularly have contact with customers," as that term is defined by Cal. Civ.

14 | Code § 1798.83(e)(4).

15 | 51.    In any event, and upon information and belief, Men's Journal does not instruct or

16 | otherwise train its employees to respond to customer inquiries about obtaining Men's Journal's

17 | Shine the Light Disclosures as required by Cal. Civ. Code § 1798.83(b)(1)(A).

18 | 52.    Further, on information and belief, Men's Journal does not conduct business

19 | through "brick and mortar" stores in California, meaning it cannot avail itself of the notice option

20 | set forth in Cal. Civ. Code § 1798.83(b)(1)(C).

21 | 53.    Consequently, Men's Journal must utilize the notice option under Cal. Civ. Code

22 | § 1798.83(b)(1)(B). As such, Men's Journal must affirmatively disclose specific information to

23 | its customers through its Web site.

24 | 54.    Men's Journal willfully violates the Act by, among other things, (i) failing to add

25 | a hyperlink entitled "Your Privacy Rights" to its home page, (ii) failing to add a hyperlink to a

26 | page titled "Your Privacy Rights," (iii) failing to designate a mailing address, e-mail address,

27 | telephone number, or facsimile number for customers to deliver requests, and/or (iv) failing to

28

CLASS ACTION COMPLAINT

11

describe its California customers' rights under the Shine the Light Law. *See* Cal. Civ. Code § 1798.83(b)(1)(B). (True and accurate copies of Men's Journal's home page and privacy policy are attached as Exhibits A and B, respectively.)

55.    Plaintiff's and the Class's personal information has monetary value, and Men's Journal's failure to comply with Cal. Civ. Code § 1798.83(b)(1) deprives Plaintiff and the Class of their statutorily-guaranteed right to monitor and control the disclosure and use of that data. As such, Men's Journal has diluted the value of Plaintiff's and the Class's personal property, and deprived them of the opportunity to sell their personal property for their own financial gain. Accordingly, Plaintiff and the Class have sustained, and continue to sustain, monetary injuries as a direct and proximate cause of Men's Journal's violation of Cal. Civ. Code § 1798.83.

56.    Men's Journal's failure to comply with Cal. Civ. Code § 1798.83(b) also deprives Plaintiff and the Class of the ability to make informed decisions with respect to their privacy and transmission of their personal information. Further, Men's Journal's supposed privacy procedures provide fewer protections to Plaintiff and the Class, thereby depriving them of their protections and rights under the Act.

57.    At all times relevant to this lawsuit, Men's Journal has failed to provide Plaintiff or the Class with disclosures required by Cal. Civ. Code § 1798.83(b)(1).

58.    Men's Journal is a "business required to comply with [Section 1798.83]." and none of the exceptions in Sections 1798.83 or 1798.84 apply. *See* Cal. Civ. Code § 1798.83(b)(1).

59.    Men's Journal shares its customers' personal information with third parties for direct marketing purposes.

60.    Accordingly, Plaintiff and the Class are entitled to civil penalties of three thousand dollars ($3,000.00) per violation pursuant to California Civil Code section 1798.84(c).

## SECOND CAUSE OF ACTION
### Violation of California's Unfair Competition Law
### Cal. Bus. & Prof. Code §§ 17200, *et seq.*
### (On Behalf of Plaintiff and the Class)

61.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

62.     California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

63.     The UCL prohibits any unlawful, unfair or fraudulent business act or practice.

64.     As discussed above, Men's Journal has violated the unlawful prong of the UCL in that its conduct violated the Shine the Light Law, Cal. Civ. Code § 1798.83.

65.     Plaintiff's and the Class's personal information has monetary value, and Men's Journal's failure to comply with Cal. Civ. Code § 1798.83(b) deprives Plaintiff and the Class of their statutorily-guaranteed right to monitor and control the disclosure and use of that data. As such, Men's Journal has diluted the value of Plaintiff's and the Class's personal property, and deprived them of the opportunity to sell their personal property for their own financial gain.

66.     Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff, on his own behalf and on behalf of the Class, seeks an order requiring Men's Journal to (1) immediately cease the unlawful practices described herein; (2) make full restitution of all funds wrongfully obtained by sharing and/or selling Plaintiff's and the Class's personal information; and (3) pay interest, attorneys' fees, and costs pursuant to Cal. Code Civ. Proc. § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff David Boorstein, individually and on behalf of the Class, prays for the following relief:

A.      Certify the Class as defined above, appoint Plaintiff as Class representative, and designate his counsel as Class Counsel;

B.  Declare that Defendant's actions, as described herein, violate California's Shine the Light Law, Cal. Civ. Code § 1798.83, and the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

C.  Award injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, entering an Order: (i) prohibiting Defendant from engaging in the wrongful and unlawful acts described herein; and (ii) requiring Defendant to add to its website the information required by Cal. Civ. Code § 1798.83(b)(1)(B);

D.  Award damages, including civil penalties of three thousand dollars ($3,000.00) per violation of Cal. Civ. Code § 1798.83 to Plaintiff and the Class;

E.  Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees pursuant to Cal. Civ. Code § 1798.84(g) and Cal. Code Civ. Proc. § 1021.5;

F.  Award Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G.  Award such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Dated: December 22, 2011                    Respectfully submitted,

DAVID BOORSTEIN, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

By: _____

One of Plaintiff's attorneys

SEAN P. REIS (sreis@edelson.com) - SBN 184044
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

CLASS ACTION COMPLAINT

14

JAY EDELSON* (jedelson@edelson.com)
RAFEY S. BALABANIAN* (rbalabanian@edelson.com)
ARI J. SCHARG* (ascharg@edelson.com)
CHANDLER R. GIVENS* (cgivens@edelson.com)
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

* *Pro hac vice* admission to be sought.

CLASS ACTION COMPLAINT

15

# **EXHIBIT A**



pdfcrowd.com

open in browser  PRO version    Are you a developer? Try out the HTML to PDF API



# Men's Journal
## BEST OF THE BEST 2011
CLICK HERE

## Men's Journal COLLECTION
SHOP CUTTING-EDGE GEAR, TECH & TOYS

Click Here

### Most Popular Articles

1. Take Your Workout to the Wall
2. 17 Holiday Gifts Under $100: Gallery
3. The Scary Truth About Vitamin E
4. Dr. Bob on Prediabetes: Video
5. The Wrangler Rejuvenated
6. Surfer Nathan Fletcher Catches the Wave of the Year
7. The Rebirth of Rick Rubin
8. Alone Across the Ice
9. The Testosterone Dilemma
10. MJ Approved: ISM Adamo Breakaway

**Galleries**

⏎ 0 Comments

### 13 Holiday Gifts Under $300: Gallery
Presents for everyone on your list, from $100 to $300.

▦ Continue reading…

**Features**

⏎ 0 Comments

### There Will Be Blood
Every spring the grizzly bears of Yellowstone descend on the park's valleys to feast on new grass and newborn elk. Nature documentarian John Shier, armed with an $80,000 camera and infinite patience, will devote every moment of daylight trying to capture the carnage.

▦ Continue reading…

**Food & Drink**

⏎ 0 Comments

### MJ Approved: Tasting Room Wine Samplers

Open in browser PRO version   Are you a developer? Try out the HTML to PDF API   pdfcrowd.com



## Men's Journal

For the wine novices, picky drinkers, and curious foodies in your life, give the gift of Tasting Room Wine Samplers this holiday season.

Continue reading...

### Mind & Body

1 Comment

### Take Your Workout to the Wall

Sick of the weight room? Use climbing to build muscle this winter.

Continue reading...

### Galleries

2 Comments

### 17 Holiday Gifts Under $100: Gallery

Presents for everyone on your list, from $50 to $99.

Continue reading...

### Sports

0 Comments

**MJ Extras**

- Visit our online Travel Guide
- Follow Men's Journal on Twitter
- Follow MJ Gear Guy on Twitter
- Be sure to add us as a friend on Facebook
- Enter the Gear Up for South Africa Sweepstakes
- Visit Performance Goals from Eukanuba

**Subscriber Services**

- Subscribe
- Renew
- Give the Gift of MJ
- Contact Us

Advertisement

Open in browser PRO version    Are you a developer? Try out the HTML to PDF API    pdfcrowd.com

pdfcrowd.com

BEST OF THE BEST 2011
PRESENTED BY

JAGUAR

Want to win tons of FREE prizes and gear?

Become an Access Men's Journal member, and you'll be eligible to win all kinds of great prizes.

**Sign Up Now!**



## Sunday's Best: A Q&A with Cris Collinsworth

Cris Collinsworth is the only NFL commentator with a Pro-Bowl career, a law degree, and the mind of a journalist. No wonder he's the smartest guy in the game.

▣ Continue reading...

**Sports**

🖵 0 Comments

## Danny MacAskill is Riding for YouTube

Danny MacAskill is a different kind of athlete, with millions of (online) fans and no real competition.

▣ Continue reading...

🖵 0 Comments



## Inside the Men's Journal Pop-Up Shop: Gallery

The Men's Journal Collection, a pop-up shop on the fifth floor of Chicago's 900 North Michigan Shops, sells gifts handpicked from the magazine through Wednesday December 21.

▣ Continue reading...

**Galleries**

open in browser PRO version   Are you a developer? Try out the HTML to PDF API

pdfcrowd.com

open in browser PRO version    Are you a developer? Try out the HTML to PDF API

# EXHIBIT B

pdfcrowd.com

# Men's Journal

www.mensjournal.com

Features | Gear | Travel | Mind & Body | Sports | Food & Drink | Adventure

Home | Archive | Contact Us | Terms of Use | Advertise with MJ | Subscribe | RSS Feed

Galleries | Store

Enter search keyword

▶ LEARN MORE ABOUT OUR INDUSTRY LEADING TECHNOLOGY

SUBSCRIBE & GIVE A GIFT
2 FOR 1!
CLICK HERE ▸

Advertisement

WITH THE MULTI-LAYER PROTECTION OF HYVENT
LEARN MORE ABOUT OUR INDUSTRY LEADING TECHNOLOGY

Advertisement

## Privacy Policy

Mensjournal.com is committed to protecting your privacy online. Please take a moment to read our policy explaining our use of the personal information that you provide and the choices you can make about the collection and use of your information by Mensjournal.com.

**Contact Us**

Mensjournal.com is owned and operated by Men's Journal L.L.C. If you have any questions concerning this policy or the content and material on our website, or if you would like to update your personal information, you may contact us at:

**Men's Journal Magazine**
Attention: Customer Relations, Mensjournal.com
1290 Avenue of the Americas
New York, NY 10104

or you may email us by clicking here.

**Survey Sweepstake Rules**

**Providing personal information**

open in browser  PRO version   Are you a developer? Try out the HTML to PDF API



**Men's Journal**

**BEST OF THE BEST 2011**

CLICK HERE!

**Men's Journal COLLECTION**

SHOP CUTTING-EDGE GEAR, TECH & TOYS

Click Here

## Most Popular Articles

1. Take Your Workout to the Wall
2. 17 Holiday Gifts Under $100: Gallery
3. The Scary Truth About Vitamin E
4. Dr. Bob on Prediabetes: Video
5. The Wrangler Rejuvenated
6. Surfer Nathan Fletcher Catches the Wave of the Year
7. The Rebirth of Rick Rubin
8. Alone Across the Ice
9. The Testosterone Dilemma
10. MJ Approved: IBM Adamo Breakaway

mensjournal.com, we provide many interactive features which allow you to vote in polls, provide commentary on our features, participate in online forums, and subscribe to our magazine online. While you may use features of the website without providing any personal information, we may at times ask that you provide us with certain information so that we may perform the service you request.

This information may include, but is not limited to, your name, e-mail or home address, telephone number, fax number, credit card information, birth date, gender, and information about your interests in and use of various products, programs, and services.

We will never collect personal information from you without your knowledge or consent, and you may always choose not to provide the information we request. Please note, however, that if you do not provide us with this information, you may be unable to access some of the features of the website.

### How we use personal information

From time to time, we may use the personal information you provide us to send you information regarding Men's Journal magazine and/or Mensjournal.com features and subscriptions. We may use the information to contact you about your account or to notify you in the event that you win one of our contests or sweepstakes. We may also offer you other products, programs, or services that we believe may be of interest to you. You will always have the choice to opt out of receiving these offers, updates, and information. We may disclose personal information at the request of a law enforcement agency or when compelled by a court order or subpoena to do so. If you submit written content to Mensjournal.com, we may publish information about you that you provide, such as your name, screen name, and hometown along with your content.

### Non-personally identifiable information

We may collect non-personally identifiable information, for example, the type of operating system you use to access our website, the domain name of your internet service provider, and the type of browser you are using. We use this information to improve many of the features of Mensjournal.com; we may also use this information in the aggregate to analyze site usage and to provide data to our advertisers.

### Minors

Mensjournal.com is not intended for children. If you are below the age of 13, we ask that you not submit any personal information to this website. In compliance with the Children's Online Privacy Protection Act ("COPPA"), we will not accept any registrations or any other personal information from those under the age of 13. More information on COPPA is available here.

### Cookies

Open in browser PRO version    Are you a developer? Try out the HTML to PDF API    pdfcrowd.com

We use cookies, as well as other tracking programs, for various features on Mensjournal.com. A "Cookie" is a small data file that is able to store certain information when you visit a website. We may use cookies to perform such services as saving your password in password-protected areas and remembering your video plug-in preferences so that you do not have to reset them each time you visit our site. We may also use cookies to track how often visitors are visiting Mensjournal.com, which pages are visited most often, and user preferences. Cookies will not allow us access to personal information which you have not already provided to us. If you wish to disable cookies, you may do so by turning them off in your web browser. While many parts of Mensjournal.com will still be accessible to you if you choose to disable cookies, you may be unable to use certain features of the website.

## Security Information

We take the protection of your personal information seriously. Our databases are stored in a secure location and your information is guarded by firewalls and other technology. Although we take appropriate precautions to ensure the security of your information, we cannot assure you that the personal information that we collect will never be disclosed in a manner that is inconsistent with this Privacy Notice.

## Changes to the policy

From time to time, we may make changes to the guidelines and content of our policy. These changes will always be posted at this location on our website. In order to keep yourself fully informed of our privacy policy information, we encourage you to periodically review this policy.

## Third party advertising and websites

We use a third-party advertising company to serve ads when you visit Mensjournal.com. This company may use information (not including your name, address, email address or telephone number) about your visit to our website in order to provide advertisements about goods and services that may be of interest to you. In the course of serving advertisements to this site, our third-party advertiser may place or recognize a unique cookie on your browser. If you would like more information about this practice and to know your choices about not having this information used by this company, please click here.

Mensjournal.com may contain links to other websites. The privacy policies of these websites may be different than those listed here, and we do not have any control over, and are not responsible for, the information or use of this information that these websites collect. Please read the privacy notices of any third party websites for their policies.

From time to time, Mensjournal.com may offer promotions, contests, or sweepstakes that are sponsored



**MJ Extras**

Visit our online Travel Guide

Follow Men's Journal on Twitter

Follow MJ Gear Guy on Twitter

Be sure to add us as a friend on Facebook

Enter the "Gear Up for South Africa Sweepstakes"

Visit Performance Goals from Eukanuba

**Subscriber Services**

Subscribe

Renew

Give the Gift of MJ

Contact Us

Advertisement

open in browser PRO version   Are you a developer? Try out the HTML to PDF API   pdfcrowd.com



or co-sponsored by other companies. These companies may have access to the personal information you provide in order to participate in these promotions, sweepstakes, or contests. We do not have any control over, and are not responsible for, our sponsors' or co-sponsors' use of this information.

**Sale or Bankruptcy Information**
In the event of a bankruptcy, sale, merger, public offering, or other change in control of Men's Journal LLC and/or Mensjournal.com, your information may be shared with the person or business that assumes ownership or control of this website.

*This Privacy Policy was revised on 10/17/06.*

© 2011 Men's Journal LLC

Privacy Policy | Subscriber Services | Internship Opportunities | Contact Us | Terms of Use | US Weekly | Rolling Stone | Men's Journal | Men's Warehouse

pdfcrowd.com

open in browser PRO version   Are you a developer? Try out the HTML to PDF API

# EXHIBIT B



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | |
|---|---|
| Sean Reis, SBN 184044 Edelson McGuire LLP 30021 Tomas Street, Suite 300 Rancho Santa Margarita, CA 92688 | CONFORMED COPY OF ORIGINAL FILED Los Angeles Superior Court |

TELEPHONE NO: 949-459-2124     FAX NO:

ATTORNEY FOR (Name): Plaintiff David Boorstein

**DEC 22 2011**

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DOROTHY SWAIN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

CASE NAME:
David Boorstein v. Men's Journal LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC475697 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: | |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [✓] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence

d. [✓] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 2 - Cal. Civ. Code 1798.83; Cal B&P 17200 et seq
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12-22-11

Sean Reis
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Boorstein v. Men's Journal LLC | BC475697 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Boorstein v. Men's Journal LLC | CASE NUMBER |
|---|---|

| | | A Civil Case Cover Sheet Category No. | | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|---|---|
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☑ | A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ | A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ | A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ | A6013 | Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ | A6017 | Legal Malpractice | 1., 2., 3. |
| | | ☐ | A6050 | Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ | A6025 | Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ | A6037 | Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ | A6024 | Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ | A6109 | Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ | A6004 | Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ | A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ | A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ | A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ | A6002 | Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ | A6012 | Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ | A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ | A6009 | Contractual Fraud | 1., 2., 3., 5, |
| | | ☐ | A6031 | Tortious Interference | 1., 2., 3., 5, |
| | | ☐ | A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ | A7300 | Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ | A6023 | Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ | A6018 | Mortgage Foreclosure | 2., 6. |
| | | ☐ | A6032 | Quiet Title | 2., 6. |
| | | ☐ | A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ | A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ | A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ | A6020F | Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ | A6022 | Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Boorstein v. Men's Journal LLC | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Boorstein v. Men's Journal LLC | CASE NUMBER: |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case: | ADDRESS: 8455 Fountain Ave, Unit 312 | |
|---|---|---|
| ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | |
| CITY: West Hollywood | STATE: CA | ZIP CODE: 90069 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mok___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 12-22-11

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES **BC475697**
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirde Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stem | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias*** | **324** | **CCW** ✓ |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*Class Actions
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005).
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the
outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the
Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk
                                                                    By _____, Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.
>
> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.
>
> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.
>
> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 [Rev.12-09]
LASC Approved 05-09

Page 1 of 2

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**
- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

FAMILY LAW (non-custody):
- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

PROBATE:
- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| | | | | | |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7276 | (661)974-7080 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)546-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

### Information About Alternative Dispute Resolution:

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

*These programs do not offer legal advice or help you respond to a summons,
but they can assist in resolving your problem through mediation.*

**Dispute Resolution Programs Act
Contracts Administration Office: (213) 738-2621**

---

LAADR 007 (Rev. 04/10)                    **INFORMATION ABOUT**
LASC Approved 07-04                    **ALTERNATIVE DISPUTE RESOLUTION**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

**ATTORNEY FOR** *(Name)*:

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**
Click on the button to select the appropriate court address.

**PLAINTIFF:**

**DEFENDANT:**

| **STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)** | **CASE NUMBER:** |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process *(describe)*: _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2-

| Short Title | Case Number |
|---|---|
| | |

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

LAADR 001 10-04<br>
LASC Approved<br>
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN<br>
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221<br>
Page 2 of 2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

   i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
          (INSERT DATE)                     (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➤  _____
     (TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➤  _____
     (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤  _____
     (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤  _____
     (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤  _____
     (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____     ➤  _____
     (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____     ➤  _____
     (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier; unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR PLAINTIFF)

Date:.

_____          ➤ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____          _____
                                                        JUDICIAL OFFICER

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference.
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

# EXHIBIT C



COPY

1   SEAN REIS (sreis@edelson.com) - SBN 184044
2   EDELSON MCGUIRE, LLP
    30021 Tomas Street, Suite 300
3   Rancho Santa Margarita, California 92688
    Tel: (949) 459-2124
4   Fax: (949) 459-2123

5   *Counsel for Plaintiff and the Putative Class*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 23 2011

John A. Clarke, Executive Officer/Clerk
BY: Caesar Rios, Deputy

6           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7                       **LOS ANGELES COUNTY**

8
9   DAVID BOORSTEIN, individually and    )
    on behalf of all others similarly situated,  )   Case No. BC475697
10                                       )
               Plaintiff,               )   Assigned for all purposes to:
11                                       )   Honorable Emilie H. Elias
    v.                                   )   Dept 324
12                                       )
    MEN'S JOURNAL LLC, a Delaware        )   **PLAINTIFF DAVID BOORSTEIN'S MOTION**
13  limited liability company,           )   **AND MEMORANDUM OF LAW IN SUPPORT**
                                         )   **OF CLASS CERTIFICATION**
14                                       )
               Defendant.               )   Date:   March 7, 2012
15                                       )   Time:   9:00 a.m.
16                                       )   Dept:   324
17
18
19
20
21
22
23
24
25
26
27
28  Plaintiff's Motion and Memorandum
    of Law in Support of Class Certification

FAXED

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2      **PLEASE TAKE NOTICE** that on March 7, 2012, at 9:00 a.m., or as soon thereafter as

3  this matter may be heard in Courtroom 324 of the above entitled court, Plaintiff David Boorstein

4  will appear, through counsel, before the Honorable Emilie H. Elias, and then and there move the

5  Court, pursuant to Cal. Civ. Code § 382, for an Order certifying a class of individuals defined as

6  follows:

7      All California residents who have provided personal information to Men's Journal.[1]

8      The proposed class meets each of Section 382's prerequisites for certification. The class

9  is easily ascertainable and its members are so numerous that joinder would be impractical. There

10  are questions of law and fact common to each of the class members' claims, and those questions

11  predominate over any individual issues. Moreover, Plaintiff's claims are typical of those of the

12  classes and he and his counsel have and will continue to fairly and adequately represent the

13  interests of the absent class members. Accordingly, for these reasons and as discussed more fully

14  in Plaintiff's contemporaneously filed Memorandum in Support of Motion for Class

15  Certification, certification of the proposed class is appropriate.

16      WHEREFORE, Plaintiff David Boorstein, individually and on behalf of all others

17  similarly situated, respectfully requests that the Court grant the instant motion and enter an Order

18  (i) certifying the proposed class as defined herein; (ii) appointing Plaintiff class representative

19  and his counsel Class Counsel; (iii) requiring that notice of the certification be disseminated to

20  all putative class members; (iv) providing leave to conduct any necessary and appropriate

21  discovery relating to any class certification issues, and (v) providing such other and further relief

22  as the Court deems equitable and just.

---

26  [1]    Plaintiff anticipates the potential need to revise the class definition following the
27  conclusion of discovery relating to class certification issues.

---

28  Plaintiff's Motion and Memorandum         ii
    of Law in Support of Class Certification

1   Dated: December 23, 2011

2                           DAVID BOORSTEIN, INDIVIDUALLY AND ON BEHALF
                            OF ALL OTHERS SIMILARLY SITUATED,
3
                            By: /s/ Sean Reis
4                               One of Plaintiff's Attorneys

5   SEAN REIS (sreis@edelson.com) - SBN 184044
6   EDELSON MCGUIRE, LLP
    30021 Tomas Street, Suite 300
7   Rancho Santa Margarita, California 92688
    Tel: (949) 459-2124
8   Fax: (949) 459-2123

9   *Attorneys for Plaintiff and the putative class*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Plaintiff's Motion and Memorandum          iii
     of Law in Support of Class Certification

## TABLE OF CONTENTS

I.     INTRODUCTION ..................................................................1

II.    FACTUAL BACKGROUND ..................................................2

     A.     Facts Applicable to All putative Class Members ................2

     B.     Facts Applicable to Plaintiff David Boorstein ...................2

III.   THE PROPOSED CLASS IS BOTH ASCERTAINABLE AND HAS A WELL-DEFINED COMMUNITY OF INTEREST AMONG THE CLASS MEMBERS ..........................................................3

     A.     The Proposed Class is Readily Ascertainable and So Numerous That Individual Joinder Would Be Impracticable ....................4

         i.     The Class Is Ascertainable .......................................4

         ii.    The Class Is So Numerous that Joinder of Each Individual Member Would be Impracticable .......................................5

     B.     There Is A Sufficient Community of Interest to Justify Class Treatment of the Claims at Issue in This Case ......................6

         i.     Common Questions of Law and Fact Predominate .................6

         ii.    Plaintiff's Claims Are Typical of the Claims of the Other Members of the Class ...........................................................8

         iii.   Plaintiff and His Counsel Have and Will Continue to Adequately Represent the Interests of the Proposed Class .....................9

     C.     Class Treatment Is the Superior Method for Adjudication of the Claims at Issue in this Case ......................................10

IV.   CONCLUSION ..................................................................11

## TABLE OF AUTHORITIES

*California Cases Cited*

*Aguiar v. Cintas Corp. No. 2*, 50 Cal. Rptr. 3d 135 (Ct. App. 2006) ..............................4

*Ali v. U.S.A. Cab Ltd.*, 98 Cal. Rptr. 3d 568 (Ct. App. 2009)................................7, 10

*Basurco v. 21st Century Ins. Co.*, 133 Cal. Rptr. 2d 367 (Ct. App. 2003) .....................6

*Brown v. Regents of University of California*, 198 Cal. Rptr. 916 (Ct. App. 1984)........6

*Bufil v. Dollar Fin. Group, Inc.*, 76 Cal. Rptr. 3d 804 (Ct. App. 2008) ........................3

*Capital People First v. Dep't of Dev. Servs.*, 66 Cal. Rptr. 3d 300 (Ct. App. 2007)........9

*City of San Jose v. Superior Court*, 525 P.2d 701 (Cal. 1974) .............................2, 6

*Collins v. Rocha*, 497 P.2d 225 (Cal. 1972) ...................................................3

*Daar v. Yellow Cab. Co.*, 433 P.2d 732 (Cal. 1967)........................................2, 6

*Evans v. Lasco Bathware, Inc.*, 101 Cal. Rptr. 3d 354 (Ct. App. 2009)........................4

*Fireside Bank v. Superior Court*, 155 P.3d 268 (Cal. 2007) .................................5

*Global Minerals & Metals Corp. v. Superior Court*, 7 Cal. Rptr. 3d (Ct. App. 2003)........4

*Harper v. 24 Hour Fitness, Inc.*, 84 Cal. Rptr. 3d 532 (Ct. App. 2008).......................5

*Hopkins v. DeBeers Centenary AG*, CGC-04-432954, 2005 WL 1020868 (Cal. Super. Ct. Apr. 15, 2005) ..................................................................4, 5

*In re Cipro Cases I & II*, 17 Cal. Rptr. 3d 1 (Ct. App. 2004) ...............................7

*In re Steroid Hormone Prod. Cases*, 104 Cal. Rptr. 3d 329 (Ct. App. 2010), *review denied* (Apr. 14, 2010), *as modified on denial of reh'g* (Feb. 8, 2010) ..................3

*Lazar v. Hertz Corp.*, 191 Cal. Rptr. 849 (Ct. App. 1983) .................................5

*Lewis v. Robinson Ford Sales, Inc.*, 67 Cal. Rptr. 3d 347 (Ct. App. 2007)..............6, 7, 8

*Linder v. Thrifty Oil Co.*, 2 P.3d 27 (Cal. 2000).........................................2, 3

*Lockheed Martin Corp. v. Superior Court*, 63 P.3d 913 (Cal. 2003) ......................5, 6, 7

*McGee v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 131 Cal. Rptr. 482 (Ct. App. 1976)..........9

*Occidental Land, Inc. v. Superior Court*, 556 P.2d 750 (Cal. 1976) .........................6

*Reyes v. Bd. Of Supervisors*, 242 Cal. Rptr. 339 (Ct. App. 1987) ..........................4

1   *Richmond v. Dart Indus., Inc.*, 629 P.2d 23 (Cal. 1981)............................................3

2   *Sav-On Drug Stores, Inc. v. Superior Court*, 96 P.3d 194 (Cal. 2004) ............................3, 7, 8, 10

3   *Seastrom v. Neways, Inc.*, 57 Cal. Rptr. 3d 903 (Ct. App. 2007) ....................................8

4   *Vazquez v. Superior Court*, 484 P.2d 964 (Cal. 1971)............................................6

5   *Statutes Cited*

6   Cal. Bus. & Prof. Code §§ 17200, *et seq* ...................................................1

7   Cal. Civ. Code § 382....................................................................1

8   Cal. Civ. Code § 1781.................................................................6, 8, 9

9   Cal. Civ. Code §§ 1798.83, *et seq*.....................................................1, 7

10  *Secondary Sources Cited*

11  Alba Conte & Herbert Newberg, NEWBERG ON CLASS ACTIONS § 3:5 (4th ed. 2002)...................5

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

## I.  INTRODUCTION

This case presents a textbook class action. California's "Shine the Light Law," Cal. Civ. Code §§ 1798.83, *et seq.*, requires that companies like Defendant Men's Journal ("Men's Journal" or the "Defendant") establish a procedure by which California customers can learn how they disclose the customers' personal information to third parties (the "Shine the Light Disclosures"). Men's Journal collects personal information from its California customers and shares that information with third party advertisers for direct marketing purposes but fails to provide its customers with the Shine the Light Disclosures or means through which the disclosures may be obtained. Defendant's choice to deny its California customers their legal rights to learn what personal information is being disclosed, and who is receiving it, violates the Shine the Light Law with respect to each and every California resident who has provided personal information to Men's Journal.

Plaintiff David Boorstein is one such customer. Mr. Boorstein provided his personal information to Men's Journal. Thereafter, Men's Journal failed to provide Boorstein with the required Shine the Light Disclosures. In response, Plaintiff brought his class action complaint (the "Complaint") on behalf of a putative class of individuals, alleging violations of California's Shine the Light Law, Cal. Civ. Code §§ 1798.83, *et. seq.*, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et. seq.*

As explained below, Plaintiff's proposed class meets each of the prerequisites for class certification under Cal. Civ. Code § 382 and class treatment of the claims alleged in Plaintiff's Complaint is superior to other available methods for the adjudication of the instant dispute. Accordingly, and for the reasons explained below, certification of the class is appropriate and the instant motion should be granted in its entirety. In the alternative, discovery should be allowed to go forward with respect to the class certification issues, if any, that the Defendant contests.

II.     FACTUAL BACKGROUND

A.     Facts Applicable to all Putative Class Members

Men's Journal LLC is a publishing company that publishes Men's Journal magazines. (Compl. ¶ 6.) Men's Journal collects and stores information about its customers, and shares such information with third party advertising companies. (Compl. ¶¶ 7, 8, 32-35.) Men's Journal collects the information by requiring all of its customers, including those residing in California, to share certain personal information when subscribing to any of its publications, including their names, mailing addresses, e-mail addresses, ZIP codes, telephone numbers, genders, and credit card information. (Compl. ¶¶ 30, 38.) Accordingly, each putative class member, as a Men's Journal subscriber and California resident, necessarily shared personal information with Men's Journal. (Compl. ¶¶ 30, 38.)

Men's Journal shares its customers' personal information with third parties for direct marketing purposes. (Compl. ¶¶ 32.) Unfortunately, however, Men's Journal does not provide its customers with the Shine the Light Disclosures, or the means through which its customers may obtain the Disclosures, as required by the Act. (Compl. ¶ 33.) In addition to stripping its customers of several protections afforded by the Act, Men's Journal's conduct deprives customers of their ability to control the dissemination of their personal information by denying them the ability to ascertain where and how such data is flowing and, as a result, diluting the value of their information as it exists in the personal information market. (Compl. ¶ 21.)

B.     Facts Applicable to Plaintiff David Boorstein

Like each putative class member in this case, Plaintiff is a California resident, subscribed to Men's Journal and provided personal information to Men's Journal. (Compl. ¶¶ 36, 37.) In fact, Plaintiff provided Men's Journal with his full name, mailing address, e-mail address, ZIP code, telephone number, gender, birth date, and credit card information. (Compl. ¶ 38.) At all relevant times, Plaintiff has used his Men's Journal subscription primarily for personal, family,

1  and household purposes. (Compl. ¶ 39.) Plaintiff has visited Men's Journal's website. (Compl. ¶

2  39.)

3  **III.   THE PROPOSED CLASS IS BOTH ASCERTAINABLE AND HAS A WELL-**

4  **DEFINED COMMUNITY OF INTEREST AMONG THE CLASS MEMBERS**

5  California courts "long have acknowledged the importance of class actions as a means to

6  prevent a failure of justice in our judicial system." *Linder v. Thrifty Oil Co.*, 2 P.3d 27, 30 (Cal.

7  2000) (citing *City of San Jose v. Superior Court*, 525 P.2d 701, 708 (Cal. 1974); *Daar v. Yellow*

8  *Cab Co.*, 433 P.2d 732, 739 (Cal. 1967)). The question of whether a court should certify a

9  putative class is "essentially a procedural one that does not ask whether an action is legally or

10  factually meritorious." *In re Steroid Hormone Prod. Cases*, 104 Cal. Rptr. 3d 329, 335 (Ct. App.

11  2010), *as modified on denial of reh'g* (Feb. 8, 2010) (quoting *Sav-On Drug Stores, Inc. v.*

12  *Superior Court*, 96 P.3d 194, 199 (Cal. 2004)). Rather, "[a] trial court ruling on a certification

13  motion determines 'whether … the issues which may be jointly tried, when compared with those

14  requiring separate adjudication, are so numerous or substantial that the maintenance of a class

15  action would be advantageous to the judicial process and to the litigants.'" *In re Steroid*

16  *Hormone Prod. Cases*, 104 Cal. Rptr. 3d at 335 (quoting *Collins v. Rocha*, 497 P.2d 225, 228

17  (Cal. 1972)). Stated otherwise, "the assessment of suitability for class certification entails

18  addressing whether a class action is superior to individual lawsuits or alternative procedures for

19  resolving the controversy." *Bufil v. Dollar Fin. Group, Inc.*, 76 Cal. Rptr. 3d 804, 812 (Ct. App.

20  2008) (citation omitted).

21  "Section 382 of the Code of Civil Procedure authorizes class suits in California when 'the

22  question is one of a common or general interest, of many persons, or when the parties are

23  numerous, and it is impracticable to bring them all before the court.'" *Linder*, 2 P.3d at 27

24  (quoting *Richmond v. Dart Indus., Inc.*, 629 P.2d 23, 28 (Cal. 1981)). Specifically, certification

25  requires that a party establish both (1) the existence of an ascertainable class and (2) a well-

26  defined community of interest among the class members. *Id.* (citing *Richmond*, 629 P.3d at 27-

27  28). The "community of interest" requirement itself involves three factors: "(1) predominant

28

common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class." *Id.* (quoting *Richmond*, 629 P.2d at 28).

Here, the facts and claims of this case readily lend themselves to certification of the following class:

All California residents who have provided personal information to Men's Journal.[2]

Accordingly, this Court should certify the proposed class and grant the instant motion in its entirety.

**A.   The Proposed Class Is Readily Ascertainable And So Numerous That Individual Joinder Would Be Impracticable.**

**i.   The Class Is Ascertainable.**

The purpose of the ascertainability inquiry is "to give notice to putative class members as to whom the judgment in the action will be *res judicata*." *Aguiar v. Cintas Corp. No. 2*, 50 Cal. Rptr. 3d 135, 146 (Ct. App. 2006). At the class certification stage, ascertainability does not require that a proponent identify individual class members or show that each class member has been injured. *Evans v. Lasco Bathware, Inc.*, 101 Cal. Rptr. 3d 354, 359 (Ct. App. 2009). Rather, a court examines the class definition, the size of the class, and the means available for identifying class members to determine whether the class is ascertainable. *Id.* (citing *Reyes v. Bd. of Supervisors*, 242 Cal. Rptr. 339, 343 (Ct. App. 1987)). Ultimately, "[i]n attempting to define an ascertainable class, the goal is to use terminology that will convey sufficient meaning to enable persons hearing it to determine whether they are members of the class plaintiffs wish to represent." *Global Minerals & Metals Corp. v. Superior Court*, 7 Cal. Rptr. 3d 28, 47 (Ct. App. 2003).

In this case, there is little doubt that the class is ascertainable. First, the proposed class definition, itself, gives each putative class member an objective means for determining whether

---

[2] Plaintiff anticipates the potential need to revise the class definition following the conclusion of discovery relating to class certification issues.

1   he or she is, in fact, part of the class. People need only determine that (a) they have provided

2   their personal information to Men's Journal (i.e., when signing up for a subscription or

3   otherwise), and (b) they are a California resident. (Compl. ¶ 40.) Second, the class is comprised

4   of a finite number of individuals (i.e., California residents that have provided personal

5   information to Men's Journal). Third, individual class members are identifiable both through the

6   objective criteria spelled out in the class definition and through Defendant's own records, at

7   minimal expense to the parties or the Court. *See, e.g., Hopkins v. De Beers Centenary AG*, CGC-

8   04-432954, 2005 WL 1020868, at *3 (Cal. Super. Ct. Apr. 15, 2005) (class was ascertainable

9   where it was "composed of a ... self-identifying set of individuals who purchased diamonds ...

10  and members [could] be ascertained and [could] identify themselves based upon the purchase of

11  diamonds during the Class period"); *Aguiar*, 50 Cal. Rptr. 3d at 146 (ascertainability requirement

12  was satisfied where "members of plaintiffs' proposed class [could be identified] from ... payroll

13  records, which identify each employee by name, job code, dates of employment and rate of

14  pay").

15      Ultimately, any given individual's membership in the class can be determined using

16  precise, objective criteria and can be otherwise verified through reference to Defendant's own

17  records. As a consequence, the Class is ascertainable.

18          ii.    The Class is so Numerous that Joinder of Each Individual Member Would
                   be Impracticable.

19      Numerosity is also satisfied in this case. In determining whether a proposed class is

20  sufficiently numerous, the Court may make common sense assumptions, but in any event, "as

21  few as 40 class members should raise a presumption that joinder is impracticable." Alba Conte &

22  Herbert Newberg, NEWBERG ON CLASS ACTIONS § 3:5, at 247 (4th ed. 2002); *see also id.* at 243-

23  46 ("Class actions under the amended Rule 23 have frequently involved classes numbering in the

24  hundreds, or thousands ... In such cases, the impracticability of bringing all class members

25  before the court has been obvious...."); *see also Lazar v. Hertz Corp.*, 191 Cal. Rptr. 849, 854-

26  55 (Ct. App. 1983); *Hopkins*, 2005 WL 1020868, at *3.

27

28

Though it is presently unclear exactly how many members comprise the class, common sense would dictate that many thousands of California residents have subscribed to any one of Men's Journal's thirty (30) publications. In sum, the proposed class satisfies both the ascertainability and numerosity requirements for class certification.

**B.      There is a Sufficient Community of Interest to Justify Class Treatment of the Claims at Issue in this Case.**

As stated, the second broad requirement for certification—the "community of interest" requirement—"embodies three factors: (1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class." *Harper v. 24 Hour Fitness, Inc.*, 84 Cal. Rptr. 3d 532, 538 (Ct. App. 2008) (citing *Fireside Bank v. Superior Court*, 155 P.3d 268, 282 (2007)). "[T]his means 'each member must not be required to individually litigate numerous and substantial questions to determine his [or her] right to recover following the class judgment; and the issues which may be jointly tried, when compared with those requiring separate adjudication, must be sufficiently numerous and substantial to make class action advantageous to the judicial process and to the litigants." *Harper*, 84 Cal. Rptr. 3d at 538 (quoting *Lockheed Martin Corp. v. Superior Court*, 63 P.3d 913, 920 (Cal. 2003) (internal quotations omitted)). As shown below, common questions of law and fact predominate over issues affecting only individual members of the proposed class, Plaintiff's claims are typical of those of the other members of the class, and he and his counsel will continue to adequately represent the interests of the proposed class.

     i.      Common Questions of Law and Fact Predominate.

Under Cal. Civ. Code § 1781(b)(2), the "common questions" requirement for class certification looks to whether "[t]he questions of law or fact common to the class are substantially similar and predominate over the questions affecting the individual members." *Id.* Although common questions of law or fact must predominate, Plaintiff is not required to show that there is complete absence of individual issues. *See Daar*, 433 P.2d at 742-43. Rather, the test

1   of predominance is whether the common questions are "the principal issues in any individual

2   action, both in terms of time to be expended in their proof and of their importance, [so] that if a

3   class suit were not permitted, a multiplicity of legal actions dealing with identical basic issues

4   would be required in order to permit recovery by each [absent class member]." *Vasquez v.*

5   *Superior Court*, 484 P.2d 964, 970 (Cal. 1971). Stated otherwise, a class is not certifiable "where

6   there are diverse factual issues to be resolved, even though there may be many common

7   questions of law ... [or] where each member's right to recover depends on facts peculiar to his

8   case[.]" *Basurco v. 21st Century Ins. Co.*, 133 Cal. Rptr. 2d 367, 373 (Ct. App. 2003) (citing

9   *Brown v. Regents of University of California*, 198 Cal. Rptr. 916, 919-20 (Ct. App. 1984); *City of*

10   *San Jose v. Superior Court*, 525 P.2d 701, 709 (Cal. 1974)). Common issues are typically found

11   to be present where, as in this case, a defendant's alleged conduct is the same with regard to each

12   putative class member. *Lockheed*, 63 P.3d at 919; *see also Occidental Land, Inc. v. Superior*

13   *Court*, 556 P.2d 750, 754 (Cal. 1976).

14        The common questions requirement is principally a "practical consideration," and trial

15   courts are left with the "discretion ... to evaluate the efficiencies and practicalities of permitting

16   group action[.]" *Lewis v. Robinson Ford Sales, Inc.*, 67 Cal. Rptr. 3d 347, 352 (Ct. App. 2007);

17   *see also id* ("For example, trial courts can fashion methods to manage individual questions that

18   are 'procedurally innovative'") (quoting *Sav-On*, 96 P.3d at 208); *see also In re Cipro Cases I &*

19   *II*, 17 Cal. Rptr. 3d 1, 6 (Ct. App. 2004). "[T]o determine whether common questions of fact

20   predominate the trial court must examine the issues framed by the pleadings and the law

21   applicable to the causes of action alleged." *Ali v. U.S.A. Cab Ltd.*, 98 Cal. Rptr. 3d 568, 578 (Ct.

22   App. 2009).

23        In this case, members of the classes share an almost identical common core of facts. First,

24   each putative class member is a California resident that provided personal information to Men's

25   Journal during the relevant time period—a simple "did they or didn't they?" (Compl. ¶¶ 30, 38.)

26   Second, and as alleged under Plaintiff's theory of the case, Men's Journal's liability under the

27

28

1  Shine the Light Law stems from its failure to include certain disclosures on its website that are

2  mandated by the Act—a fact that applies to each class member in the same way. (Compl. ¶ 54.)

3  In particular, Men's Journal violates the Act by (i) failing to add a hyperlink entitled "Your

4  Privacy Rights" to its home page, (ii) failing to add a hyperlink on its home page to a page titled

5  "Your Privacy Rights," (iii) failing to designate a mailing address, e-mail address, telephone

6  number, or facsimile number for customers to deliver requests, and/or (iv) failing to describe its

7  California customers' rights under the Shine the Light Law. *See* Cal. Civ. Code §

8  1798.83(b)(1)(B). (A true and accurate copy of Men's Journal's home page and privacy policy is

9  attached as Exhibits A and B, respectively.) Simply put, there are no relevant factual differences

10  between class members, in terms of their own conduct, or Defendant's action, or inaction, with

11  respect to the class members.

12       Furthermore, the Defendant's liability with respect to the claims alleged in this action

13  will necessarily be the same for all class members. If Plaintiff is correct that Defendant's failure

14  to provide Shine the Light disclosures on its website gives rise to liability, then Defendant is

15  identically liable to each and every member of the class. Moreover, Plaintiff's UCL claim—

16  which relies wholly on the statute's "unlawful" prong—rises or falls with Defendant's liability

17  under the Shine the Light Law. As such, the legal questions in this case are identical for all class

18  members.

19       Ultimately, there should be no question that the primary legal and factual questions

20  outlined in Plaintiff's Complaint and as discussed herein, are common to each class member and

21  predominate over issues, if any do exist, affecting only individual members of the classes.

22  Accordingly, and because each of the claims and the respective elements thereof may be proven

23  using the same common set of evidence as described herein, Plaintiff's "theory of recovery ... is,

24  as an analytical matter, likely to prove amenable to class treatment." *Lewis*, 67 Cal. Rptr. 3d at

25  352; *see also Id.* ("[C]ourts consistently look to the allegations of the complaint and the

26

27

28

Plaintiff's Memorandum in Support                 8
of Motion for Class Certification

1   declarations of attorneys representing the plaintiff class to resolve this question") (quoting *Sav-*

2   *on Drug Stores*, 96 P.3d at 200). Common questions therefore predominate.

3         ii.     <u>Plaintiff's Claims Are Typical of the Claims of the Other Members of the Class.</u>

4       Pursuant to Cal. Civ. Code § 1781(b)(3), Plaintiff's claims—as the representative of this

5   case—must be typical of the claims of the other putative class members. Generally speaking, the

6   typicality requirement refers to the idea that Plaintiff's claims arise from the same general

7   conduct as those of the class. *Seastrom v. Neways, Inc.*, 57 Cal. Rptr. 3d 903, 908 (Ct. App.

8   2007). The existence of factual differences, however, will not preclude a finding of typicality. *Id.*

9   Thus, "[t]he test of typicality is whether other members have the same or similar injury, whether

10  the action is based on conduct which is not unique to the named plaintiffs, and whether other

11  class members have been injured by the same course of conduct." *Id.*

12      In this case, Plaintiff's claims are typical of those of his fellow class members. Plaintiff,

13  like each and every member of the class: (1) had provided personal information to Men's Journal

14  (i.e., signed up for a subscription to a Men's Journal publication) and (2) is a California resident.

15  (Compl. ¶¶ 30, 38.) Furthermore, and like each and every member of the class, Plaintiff was

16  denied the ability to exercise his legally prescribed right under the Shine the Light Law because

17  of Defendant's failure to include the requisite disclosures on its website. (Compl. ¶¶ 32-35, 55,

18  56.)

19      Consequently, just as there is no relevant difference among the claims of each class

20  member, so too is there no relevant difference between Plaintiff's claims and those of the

21  putative class members. As such, Plaintiff's claims are typical of those of the class.

22        iii.    <u>Plaintiff and His Counsel Have and Will Continue to Adequately Represent the Interests of the Proposed Class.</u>

23      The final requirement to establish a community of interest looks to whether "[t]he

24  representative plaintiff[] will fairly and adequately protect the interests of the class." Cal. Civ.

25  Code § 1781(b)(4). The "adequacy" element requires that two factors be satisfied. First, the class

26  representative's personal claims must be consistent with the claims of the other members of the

Plaintiff's Memorandum in Support
of Motion for Class Certification

        9

1   proposed class. *Capital People First v. Dep't of Dev. Servs.*, 66 Cal. Rptr. 3d 300, 317 (Ct. App.

2   2007). Second, the proposed representative's counsel must have the experience, skills, and

3   resources necessary to conduct the litigation. *McGhee v. Bank of Am. Nat'l Trust & Sav. Ass'n*,

4   131 Cal. Rptr. 482, 487 (Ct. App. 1976).

5          In this case, Plaintiff has the same interests as the proposed class members. Plaintiff has

6   alleged that Defendant deprived him of his statutorily proscribed privacy protections, and

7   profited from sharing his personal information without giving him the ability to control or

8   otherwise learn about the dissemination of that information. (Compl. ¶¶ 32-35, 54, 55.) As a

9   result, and like the other members of the class, Plaintiff's interests lie in enforcing his statutory

10  rights under the Shine the Light Law, regaining a meaningful choice as to how his personal

11  information is shared, and ensuring that Defendant corrects its conduct moving forward.

12  Accordingly, Plaintiff has no interests antagonistic to those of the class.

13         Similarly, Plaintiff's attorneys are well-respected members of the legal community, who

14  have extensive experience in class actions of similar size, scope, and complexity to the instant

15  action. Moreover, they have regularly engaged in major complex litigation involving the Internet

16  and consumer technology issues, and have the resources necessary to conduct litigation of this

17  nature. Not surprisingly, then, Plaintiff's counsel have already diligently investigated,

18  prosecuted, and dedicated substantial resources to the investigation of the claims at issue in this

19  action, and will continue to do so throughout its pendency. (*See* Firm Resume of Edelson

20  McGuire, LLC, a true and accurate copy of which is attached as Exhibit C.)

21         Both Plaintiff and his counsel will adequately represent the class. The adequacy of

22  representation prerequisite is satisfied.

23  **C.     Class Treatment is the Superior Method for Adjudication of the Claims at Issue in this Case.**

24         The final, and perhaps most important, requisite to class certification is a determination

25  whether the class mechanism is superior to all other available methods for adjudication of the

26  controversy at hand. To determine whether class treatment is superior, courts typically look to (i)

27

28

Plaintiff's Memorandum in Support                    10
of Motion for Class Certification

1   the interest of each member in controlling his or her own case personally; (ii) difficulties that are

2   likely to be encountered in managing a class action; (iii) the nature and extent of any litigation by

3   individual class members already in progress; and (iv) the desirability of consolidating all claims

4   in a single action before a single court. *Ali*, 98 Cal. Rptr. 3d at 584.

5          Absent class treatment in this case, each individual member of the classes would be

6   required to present the same or essentially the same legal and factual arguments, in separate and

7   duplicative proceedings, the result of which "would be a multiplicity of trials conducted at

8   enormous expense to both the judicial system and the litigants." *Sav-On Drug Stores*, 17 Cal.

9   Rptr. 3d at 923. "It would be neither efficient nor fair to anyone, including defendants, to force

10  multiple trials to hear the same evidence and decide the same issues." *Id.* Moreover, there is no

11  indication that members of the classes have a strong interest in individual litigation, let alone any

12  disincentive to pursue their claims in a class action, given the small amount of damages likely to

13  be recovered relative to the resources required to prosecute such an action. Class certification

14  will also promote consistency of rulings and judgments, giving all parties the benefit of finality.

15         Thus, class treatment of the claims alleged in this action is superior to all other available

16  methods of adjudication, satisfying the final requisite to certification.

17  **IV.    CONCLUSION.**

18         For the foregoing reasons, Plaintiff David Boorstein, respectfully requests that the Court

19  grant the instant motion and enter an Order: (i) certifying the proposed class as defined herein;

20  (ii) appointing Plaintiff class representative and his counsel Class Counsel; (iii) requiring that

21  notice of class certification be sent to all putative class members; (iv) providing leave to take

22  discovery relevant to any class certification requirements that the Defendant claims are unmet in

23  this case, and (v) providing such other and further relief as the Court deems equitable and just.

24

25

26

27

28

Dated: December 23, 2011

DAVID BOORSTEIN, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY SITUATED,

By: /s/ Sean Reis
      One of Plaintiff's Attorneys

SEAN REIS (sreis@edelson.com) - SBN 184044
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: (949) 459-2124
Fax: (949) 459-2123

*Counsel for Plaintiff and the putative class*

Plaintiff's Memorandum in Support
of Motion for Class Certification

12

# EXHIBIT A





Men's Journal

BEST OF THE BEST 2011

CLICK HERE

Men's Journal
COLLECTION

SHOP CUTTING-EDGE
GEAR, TECH & TOYS

**Most Popular Articles**

1. Take Your Workout to the Wall
2. 17 Holiday Gifts Under $100: Gallery
3. The Scary Truth About Vitamin E
4. Dr. Bob on Prediabetes: Video
5. The Wrangler Rejuvenated
6. Surfer Nathan Fletcher Catches the Wave of the Year
7. The Rebirth of Rick Rubin
8. Alone Across the Ice
9. The Testosterone Dilemma
10. MJ Approved: (SM Adamo Breakaway

**Galleries**

💬 0 Comments

**13 Holiday Gifts Under $300: Gallery**
Presents for everyone on your list, from $100 to $300.

📖 Continue reading...

**Features**

💬 0 Comments

**There Will Be Blood**

Every spring the grizzly bears of Yellowstone descend on the park's valleys to feast on new grass and newborn elk. Nature documentarian John Shier, armed with an $80,000 camera and infinite patience, will devote every moment of daylight trying to capture the carnage.

📖 Continue reading...

**Food & Drink**

💬 0 Comments

**MJ Approved: Tasting Room Wine Samplers**

open in browser  PRO version  Are you a developer? Try out the HTML to PDF API

pdfcrowd.com



**MJ Extras**

Visit our online Travel Guide

Follow Men's Journal on Twitter

Follow MJ Gear Guy on Twitter

Be sure to add us as a friend on Facebook

Enter to Gear Up for South Africa Sweepstakes

Visit Performance Goals from Eukanuba

**Subscriber Services**

Subscribe

Renew

Give the Gift of MJ

Contact Us

Advertisement

**Men's Journal**

For the wine novices, picky drinkers, and curious foodies in your life, give the gift of Tasting Room Wine Samplers this holiday season.

☐ Continue reading...

🗨 1 Comment

**Mind & Body**

## Take Your Workout to the Wall

Sick of the weight room? Use climbing to build muscle this winter.

☐ Continue reading...

🗨 2 Comments

**Galleries**

## 17 Holiday Gifts Under $100: Gallery

Presents for everyone on your list, from $50 to $99.

☐ Continue reading...

🗨 0 Comments

**Sports**

open in browser  PRO version   Are you a developer? Try out the HTML to PDF API   pdfcrowd.com



BEST OF THE BEST 2011

PRESENTED BY

JAGUAR

Want to win tons of FREE prizes and gear?

Become an Access Men's Journal member, and you'll be eligible to win all kinds of great prizes.

Sign Up Now!

---



### Sunday's Best: A Q&A with Cris Collinsworth

🗩 0 Comments

Cris Collinsworth is the only NFL commentator with a Pro-Bowl career, a law degree, and the mind of a journalist. No wonder he's the smartest guy in the game.

Continue reading...

---

**Sports**

### Danny MacAskill is Riding for YouTube

🗩 0 Comments

Danny MacAskill is a different kind of athlete, with millions of (online) fans and no real competition.

Continue reading...

---

**Galleries**



### Inside the Men's Journal Pop-Up Shop: Gallery

The Men's Journal Collection, a pop-up shop on the fifth floor of Chicago's 900 North Michigan Shops, sells gifts handpicked from the magazine through Wednesday December 21.

Continue reading...

open in browser PRO version   Are you a developer? Try out the HTML to PDF API

pdfcrowd.com

# **<u>EXHIBIT B</u>**



# Men's Journal

www.mensjournal.com

**Features | Gear | Travel | Mind & Body | Sports | Food & Drink | Adventure | Galleries**

Home · Archive · Contact Us · Terms of Use · Advertise with MJ · Subscribe · RSS Feed

Store | Enter search keyword

Advertisement

▶ LEARN MORE ABOUT OUR INDUSTRY-LEADING TECHNOLOGY

SUBSCRIBE & GIVE A GIFT!
2 FOR 1!
► CLICK HERE

Advertisement

WITH THE MULTI-LAYER PROTECTION OF HYVENT
LEARN MORE ABOUT OUR INDUSTRY-LEADING TECHNOLOGY

## Privacy Policy

Mensjournal.com is committed to protecting your privacy online. Please take a moment to read our policy explaining our use of the personal information that you provide and the choices you can make about the collection and use of your information by Mensjournal.com.

### Contact Us

Mensjournal.com is owned and operated by Men's Journal LLC. If you have any questions concerning this policy or the content and material on our website, or if you would like to update your personal information, you may contact us at:

**Men's Journal Magazine**
**Attention: Customer Relations, Mensjournal.com**
**1290 Avenue of the Americas**
**New York, NY 10104**

or you may email us by clicking here.

### Survey Sweepstake Rules

### Providing personal information



Open in browser: PRO version   Are you a developer? Try out the HTML to PDF API

pdfcrowd.com



**Most Popular Articles**

1. Take Your Workout to the Wall
2. 17 Holiday Gifts Under $100: Gallery
3. The Scary Truth About Vitamin E
4. Dr. Bob on Prediabetes: Video
5. The Wrangler Rejuvenated
6. Surfer Nathan Fletcher Catches the Wave of the Year
7. The Rebirth of Rick Rubin
8. Alone Across the Ice
9. The Testosterone Dilemma
10. MJ Approved: ISM Adamo Breakaway

pdfcrowd.com

At Mensjournal.com, we provide many interactive features which allow you to vote in polls, provide commentary on our features, participate in online forums, and subscribe to our magazine online. While you may use features of the website without providing any personal information, we may at times ask that you provide us with certain information so that we may perform the service you request.

This information may include, but is not limited to, your name, e-mail or home address, telephone number, fax number, credit card information, birth date, gender, and information about your interests in and use of various products, programs, and services.

We will never collect personal information from you without your knowledge or consent, and you may always choose not to provide the information we request. Please note, however, that if you do not provide us with this information, you may be unable to access some of the features of the website.

### How we use personal information

From time to time, we may use the personal information you provide us to send you information regarding Men's Journal magazine and/or Mensjournal.com features and subscriptions. We may use the information to contact you about your account or to notify you in the event that you win one of our contests or sweepstakes. We may also offer you other products, programs, or services that we believe may be of interest to you. You will always have the choice to opt out of receiving these offers, updates, and information. We may disclose personal information at the request of a law enforcement agency or when compelled by a court order or subpoena to do so. If you submit written content to Mensjournal.com, we may publish information about you that you provide, such as your name, screen name, and hometown along with your content.

### Non-personally identifiable information

We may collect non-personally identifiable information, for example, the type of operating system you use to access our website, the domain name of your internet service provider, and the type of browser you are using. We use this information to improve many of the features of Mensjournal.com; we may also use this information in the aggregate to analyze site usage and to provide data to our advertisers.

### Minors

Mensjournal.com is not intended for children. If you are below the age of 13, we ask that you not submit any personal information to this website. In compliance with the Children's Online Privacy Protection Act ("COPPA"), we will not accept any registrations or any other personal information from those under the age of 13. More information on COPPA is available here.

### Cookies

open in browser   PRO version   Are you a developer? Try out the HTML to PDF API

We use cookies, as well as other tracking programs, for various features on Mensjournal.com. A "Cookie" is a small data file that is able to store certain information when you visit a website. We may use cookies to perform such services as saving your password in password-protected areas and remembering your video plug-in preferences so that you do not have to reset them each time you visit our site. We may also use cookies to track how often visitors are visiting Mensjournal.com, which pages are visited most often, and user preferences. Cookies will not allow us access to personal information which you have not already provided to us. If you wish to disable cookies, you may do so by turning them off in your web browser. While many parts of Mensjournal.com will still be accessible to you if you choose to disable cookies, you may be unable to use certain features of the website.

Security Information

We take the protection of your personal information seriously. Our databases are stored in a secure location and your information is guarded by firewalls and other technology. Although we take appropriate precautions to ensure the security of your information, we cannot assure you that the personal information that we collect will never be disclosed in a manner that is inconsistent with this Privacy Notice.

Changes to the policy

From time to time, we may make changes to the guidelines and content of our policy. These changes will always be posted at this location on our website. In order to keep yourself fully informed of our privacy policy information, we encourage you to periodically review this policy.

Third party advertising and websites

We use a third-party advertising company to serve ads when you visit Mensjournal.com. This company may use information (not including your name, address, email address or telephone number) about your visit to our website in order to provide advertisements about goods and services that may be of interest to you. In the course of serving advertisements to this site, our third-party advertiser may place or recognize a unique cookie on your browser. If you would like more information about this practice and to know your choices about not having this information used by this company, please click here.

Mensjournal.com may contain links to other websites. The privacy policies of these websites may be different than those listed here, and we do not have any control over, and are not responsible for, the information or use of this information that these websites collect. Please read the privacy notices of any third party websites for their policies.

From time to time, Mensjournal.com may offer promotions, contests, or sweepstakes that are sponsored

Open in browser | PRO version   Are you a developer? Try out the HTML to PDF API



**MJ Extras**

Visit our online Travel Guide

Follow Men's Journal on Twitter

Follow MJ Gear Guy on Twitter

Be sure to add us as a friend on Facebook

Enter the Gear Up for South Africa Sweepstakes

Visit Performance Goals from Eukanuba

**Subscriber Services**

Subscribe

Renew

Give the Gift of MJ

Contact Us

Advertisement

pdfcrowd.com



or co-sponsored by other companies. These companies may have access to the personal information you provide in order to participate in these promotions, sweepstakes, or contests. We do not have any control over, and are not responsible for, our sponsors' or co-sponsors' use of this information.

**Sale or Bankruptcy Information**

In the event of a bankruptcy, sale, merger, public offering, or other change in control of Men's Journal LLC and/or MensJournal.com, your information may be shared with the person or business that assumes ownership or control of this website.

*This Privacy Policy was revised on 10/17/06.*

pdfcrowd.com

open in browser PRO version    Are you a developer? Try out the HTML to PDF API

# EXHIBIT C

# EDELSON MCGUIRE, LLC FIRM RESUME

EDELSON MCGUIRE, LLC is a commercial litigation and legal consulting firm with attorneys in Illinois, Florida, New York, Colorado and California. The firm has several primary practice groups: plaintiffs' class action litigation (with a particular emphasis on technology cases), e-discovery and information technology, general commercial litigation and legal and political consulting.

Our attorneys have been recognized as leaders in these fields by state and federal legislatures, national and international media groups, the courts, and our peers. Our reputation for leadership in class action litigation has led state and federal courts to appoint us lead counsel in many high-profile class action suits, including the recent Thomas the Tank Engine lead paint class actions, the AT&T mobile content class actions, the home equity credit reduction cases, and privacy class actions involving T-Mobile, Facebook, and Netflix. We have testified before the United States Senate on class action issues and have repeatedly been asked to work on federal and state legislation involving cellular telephony, privacy and other issues. Our attorneys have appeared on dozens of national and international television and radio programs to discuss our cases and class action and consumer protection issues more generally. Our attorneys speak regularly at seminars on consumer protection and class action issues, lecture on class actions at law schools and are asked to serve as testifying experts in cases involving class action and consumer issues.

## PLAINTIFFS' CLASS AND MASS ACTION PRACTICE GROUP

EDELSON MCGUIRE is a leader in plaintiffs' class and mass action litigation, with a particular emphasis on technology class actions, and has been called a "class action 'super firm'" by a national organization. (Decalogue Society of Lawyers, Spring 2010.) As has been recognized by federal courts, our firm has an "extensive histor[y] of experience in complex class action litigation, and [is a] well-respected law firm[] in the plaintiffs' class action bar." *In re Pet Food Prod. Liab. Litig.*, MDL Dkt. No. 1850, No. 07-2867 (NLH) (D.N.J. Nov. 18, 2008). A leading arbitrator concurred: "The proof of [the firm's] experience, reputation, and abilities is extraordinary. . . . Each [of their cases] elaborates on the experience and unique success [they] have had in achieving leading roles in the area of 'technology consumer protection class actions.'" (Arbitration award in mobile content class action settlement, August 6, 2009)  In appointing Edelson McGuire interim co-lead in one of the most high profile cases in the country, a federal court pointed to our ability to be "vigorous advocates, constructive problem-solvers, and civil with their adversaries."  -In Re JPMorgan Chase Home Equity Line of Credit Litig., No. 10 C 3647 (N.D.Ill, July 16, 2010).

We have been specifically recognized as "pioneers in the electronic privacy class action field, having litigated some of the largest consumer class actions in the country on this issue." *In re Facebook Privacy Litig.*, No. C 10-02389 (N.D.Cal) (order appointing Edelson McGuire interim co-lead of privacy class action); see also In re Netflix Privacy Litigation, 5:11-cv-00379 (N.D.Cal. Aug. 12, 2011) (appointing Edelson McGuire sole lead counsel due, in part, to its "significant and particularly specialized expertise in electronic privacy litigation and class actions[.]")

We have several sub-specialties within our plaintiffs' class and mass action practice group:

*Consumer Technology Class Actions*: We have established the key precedent under the Telephone Consumer Protection Act concerning text message spa, resulting in a $16,000,000 with 20th Century Fox, a $10,000,000 settlement with Simon & Schuster and a $7,000,000 settlement with Timberland Co. We have prosecuted over 100 cases involving mobile content, settling numerous nationwide class actions, including against industry leader AT&T Mobility, collectively worth over a hundred million dollars.

Representative Settlements:

- *McFerren v. AT&T Mobility, LLC*, No. 08-CV-151322 (Fulton County Sup. Ct., GA): Lead counsel class action settlement involving 16 related cases against largest wireless service provider in the nation. "No cap" settlement provided virtually full refunds to a nationwide class of consumers who alleged that unauthorized charges for mobile content were placed on their cell phone bills.

- *Paluzzi v. Cellco Partnership*, No. 07 CH 37213 (Cook County, Illinois): Lead counsel in class action settlement involving 27 related cases alleging unauthorized mobile content charges. Case settled for $36 million.

- *Lozano v. 20th Century Fox*, No. 09-cv-05344 (N.D.Ill): Lead counsel in class action alleging that defendants violated federal law by sending unsolicited text messages to cellular telephones of consumers. Case settled for $16,000,000.

- *Gray v. Mobile Messenger Americas, Inc.*, No. 08-CV-61089 (S.D. Fla.): Lead counsel in case alleging unauthorized charges were placed on cell phone bills. Case settled for $12,000,000.

- *Parone v. m-Qube, Inc.* No. 08 CH 15834 (Cook County, Illinois): Lead counsel in class action settlement involving over 2 dozen cases alleging the imposition of unauthorized mobile content charges. Case settled for $12,254,000.

- *Satterfield v. Simon & Schuster*, No. C 06 2893 CW (N.D. Cal.). Co-lead counsel in class action alleging that defendants violated federal law by sending unsolicited text messages to cellular telephones of consumers. Case settled for $10,000,000.

- *Williams, et al. v. Motricity, Inc. et al.*, Case No. 09 CH 19089 (Cook County, Illinois): Lead counsel in class action settlement involving 24 cases alleging the imposition of unauthorized mobile content charges. Case settled for $9,000,000.

- *VanDyke v. Media Breakaway, LLC*, No. 08 CV 22131 (S.D. Fla.): Lead counsel in class action settlement alleging unauthorized mobile content

charges.  Case settled for $7,600,000.

- *Weinstein, et al. v. Airit2me, Inc.*, Case No. 06 C 0484 (N.D. Ill): Co-lead counsel in class action alleging that defendants violated federal law by sending unsolicited text messages to cellular telephones of consumers. Case settled for $7,000,000.

- *Gresham v. Cellco Partnership*, No. BC 387729 (Los Angeles Sup. Ct.): Lead counsel in case alleging unauthorized charges were placed on cell phone bills.  Settlement provided class members with full refunds.

- *Duffy v. Nevis Mobile, LLC*, No. 08 CH 21376 (Cir. Ct. Cook County, IL): Class counsel in certified class action against mobile content provider for unauthorized mobile content charges resulting in default judgment over $10,000,000.

- *Zurakov v. Register.com*, No. 01-600703 (New York County, NY):  Co-lead counsel in a class action brought on behalf of an international class of over one million members against Register.com for its deceptive practices in registering Internet domain names.  Settlement required Register.com to fully disclose its practices and provided the class with relief valued in excess of $17,000,000.

*Privacy/Data Loss Class Actions*: We have litigated numerous class actions involving issues of first impression against Facebook, Apple, Netflix, Sony, Red Box, Pandora, Sears, Storm 8, Google, T-Mobile, Microsoft and others involving the failure to protect customers' private information, some resulting from security breaches.

**Representative Cases:**

- *In re Facebook Privacy Litigation*, 10-cv-02389 (N.D. Cal.):  Co-lead counsel in suit alleging that Facebook unlawfully shared its users' sensitive personally identifiable information with Facebook's advertising partners.

- *In re Netflix Privacy Litigation*, 5:11-cv-00379 (N.D.Cal.):  Sole lead counsel in suit alleging that defendant violated the Video Privacy Protection Act by illegally retaining customer viewing information.

- *In re Zynga Privacy Litigation*, 10-cv-04680 (N.D. Cal.): Co-lead counsel in suit against gaming application designer for the alleged unlawful disclosure of its users' personally identifiable information to advertisers and other third parties.

- *Gaos v. Google*, 10-cv-04809 (N.D. Cal.):  Part of a team of attorneys in suit alleging that Google unlawfully disclosed its users' search queries to website owners and other third parties.

- *In re Sidekick Litig.*, No. C 09-04854-JW (N.D. Cal.): Co-lead counsel in cloud computing data loss case against T-Mobile and Microsoft. Settlement provided the class with potential settlement benefits valued at over $12 million.

- *Abrams v. Facebook, Inc.*, No. 07-05378 (N.D. Cal.): Lead counsel in injunctive settlement concerning the transmission of allegedly unauthorized mobile content.

- *Desantis v. Sears*, 08 CH 00448 (Cook Cty): Lead counsel in injunctive settlement alleging national retailer allowed purchase information to be publicly available through the internet.

*Products Liability Class Actions*: We have been appointed lead counsel in state and federal products liability class settlements, including a $30,000,000 settlement resolving the "Thomas the Tank Engine" lead paint recall cases and a $32,000,000 settlement involving the largest pet food recall in the history of the United States and Canada.

Representative Settlements:

- *Barrett v. RC2 Corp.*, No. 07 CH 20924 (Cir. Ct. Cook County, IL): Co-lead counsel in lead paint recall case involving Thomas the Tank toy trains. Settlement is valued at over $30,000,000 and provides class with full cash refunds and reimbursement of certain costs related to blood testing.

- *In re Pet Food Products Liability Litig.*, No. 07-2867 (D. N.J.): Part of mfirst supreme st ediation team in class action involving largest pet food recall in United States history. Settlement provided $24,000,000 common fund and $8,000,000 in charge backs.

*Banking Class Actions*: Edelson McGuire has been at the forefront of class action litigation arising in the aftermath of the federal bailouts of the banks. Its suits include claims that the certain banks unlawfully suspended home credit lines based on pre-textual reasons, and that certain banks have failed to honor loan modification programs.

Representative Cases:

- *In re JP Morgan Chase Bank Home Equity Line of Credit Litig.*, 10-cv-3647 (N.D. Ill.): Court appointed interim co-lead counsel in nationwide putative class action alleging illegal suspensions of home credit lines.

- *Levin v. Citibank, N.A.*, C-09-0350 MMC (N.D. Cal.): Court appointed interim co-lead counsel in nationwide putative class action alleging illegal suspensions of home credit lines.

- Testified or slated to testify at town halls and/or state hearings in Florida and California on banks' suspensions of home credit lines.

- Settled numerous consumer class actions alleging fraud or other unconscionable behavior by banks and other lenders.

*General Consumer Protection Class Actions:*   We have successfully prosecuted countless class action suits against health clubs, dating agencies, phone companies, debt collectors, and other businesses on behalf of consumers.

**Representative Settlements:**

- *Pulcini v. Bally Total Fitness Corp.*, No. 05 CH 10649 (Cir. Ct. Cook County, IL):  Co-lead counsel in four class action lawsuits brought against two health clubs and three debt collection companies.  A global settlement provided the class with over $40,000,000 in benefits, including cash payments, debt relief, and free health club services.

- *Kozubik v. Capital Fitness, Inc.*, 04 CH 627 (Cir. Ct. Cook County, IL):  Co-lead counsel in state-wide suit against a leading health club chain, which settled in 2004, providing the over 150,000 class members with between $11,000,000 and $14,000,000 in benefits, consisting of cash refunds, full debt relief, and months of free health club membership.

- *Kim v. Riscuity*, No. 06 C 01585 (N.D. Ill):  Co-lead counsel in suit against a debt collection company accused of attempting to collect on illegal contracts.  The case settled in 2007, providing the class with full debt relief and return of all money collected.

- *Jones v. TrueLogic Financial Corp.*, No. 05 C 5937 (N.D. Ill):  Co-lead counsel in suit against two debt collectors accused of attempting to collect on illegal contracts.  The case settled in 2007, providing the class with approximately $2,000,000 in debt relief.

- *Fertelmeyster v. Match.com*, No. 02 CH 11534 (Cir. Ct. Cook County, IL):  Co-lead counsel in a state-wide class action suit brought under Illinois consumer protection statutes.  The settlement provided the class with a collective award with a face value in excess of $3,000,000.

- *Cioe v. Yahoo!, Inc.*, No. 02 CH 21458 (Cir. Ct. Cook County, IL):  Co-lead counsel in a state-wide class action suit brought under state consumer protection statutes.  The settlement provided the class with a collective award with a face value between $1,600,000 and $4,800,000.

*Insurance Class Actions:*   We have prosecuted and settled multi-million dollar suits

against J.C. Penney Life Insurance for allegedly illegally denying life insurance benefits under an unenforceable policy exclusion and against a Wisconsin insurance company for terminating the health insurance policies of groups of self-insureds.

**Representative Settlements:**

- *Holloway v. J.C. Penney*, No. 97 C 4555, (N.D. Ill.): One of the primary attorneys in a multi-state class action suit alleging that the defendant illegally denied life insurance benefits to the class. The case settled in or around December of 2000, resulting in a multi-million dollar cash award to the class.

- *Ramlow v. Family Health Plan* (Wisc. Cir. Ct., WI): Co-lead counsel in a class action suit challenging defendant's termination of health insurance to groups of self-insureds. The plaintiff won a temporary injunction, which was sustained on appeal, prohibiting such termination and eventually settled the case ensuring that each class member would remain insured.

*Mass/Class Tort Cases*: Our attorneys were part of a team of lawyers representing a group of public housing residents in a suit based upon contamination related injuries, a group of employees exposed to second hand smoke on a riverboat casino, and a class of individuals suing a hospital and national association of blood banks for failure to warn of risks related to blood transfusions.

**Representative Cases:**

- *Aaron v. Chicago Housing Authority*, 99 L 11738, (Cir. Ct. Cook County, IL): Part of team representing a group of public housing residents bringing suit over contamination-related injuries. Case settled on a mass basis for over $10,000,000.

- *Januszewski v. Horseshoe Hammond*, No. 2:00CV352JM (N.D. Ind.): Part of team of attorneys in mass suit alleging that defendant riverboat casino caused injuries to its employees arising from exposure to second-hand smoke.

The firm's cases regularly receive attention from local, national, and international media. Our cases and attorneys have been reported in the Chicago Tribune, USA Today, the Wall Street Journal, the New York Times, the LA Times, by the Reuters and UPI news services, and BBC International. Our attorneys have appeared on numerous national television and radio programs, including ABC World News, CNN, Fox News, NPR, and CBS Radio, as well as television and radio programs outside of the United States. We have also been called upon to give congressional testimony and other assistance in hearings involving our cases.

## GENERAL COMMERCIAL LITIGATION

Our attorneys have handled a wide range of general commercial litigation matters, from partnership and business-to-business disputes, to litigation involving corporate takeovers. We have handled cases involving tens of thousands of dollars to "bet the company" cases involving up to hundreds of millions of dollars. Our attorneys have collectively tried hundreds of cases, as well as scores of arbitrations and mediations. All of our attorneys have regularly practiced in state and federal trial and appellate courts.

## E-DISCOVERY AND INFORMATION TECHNOLOGY

Led by nationally-recognized eDiscovery expert Steven Teppler, our firm has taken the lead on eDiscovery issues including data protection, information technology, document management and retrieval, loss or destruction of information, and authentication and admissibility issues uniquely inherent to computer generated information. This includes spoliation allegations arising from acts of unauthorized or illegal data manipulation or alteration.

## LEGAL AND POLITICAL CONSULTING

Legal and political consulting is an area of practice that sets EDELSON MCGUIRE apart from other law firms. The firm advises on governmental and consumer issues and has helped its clients formulate business and legislative strategies, revise contractual and advertising material, and implement consumer protection strategies more generally. Our clients range from small Internet start-ups, to bricks and mortar companies, to one of the most trafficked Internet marketers, content and commerce firms in the country.

## OUR ATTORNEYS

**JAY EDELSON** is the founder and Managing Partner of Edelson McGuire. He has been recognized as a leader in class actions, technology law, corporate compliance issues and consumer advocacy by his peers, the media, state and federal legislators, academia and courts throughout the country.

Jay has been appointed lead counsel in numerous state, federal, and international class actions, resulting in hundreds of millions of dollars for his clients. He is regularly asked to weigh in on federal and state legislation involving his cases. He testified to the U.S. Senate about the largest pet food recall in the country's history and is advising state and federal politicians on consumer issues relating to the recent federal bailouts, as well as technology issues, such as those involving mobile marketing. Jay also counsels companies on legal compliance and legislative issues in addition to handling all types of complex commercial litigation.

Jay has litigated class actions that have established precedent concerning the ownership rights of domain name registrants, the applicability of consumer protection statutes to Internet businesses, and the interpretation of numerous other state and federal statutes including the Telephone Consumer Protection Act and the Video Privacy Protection Act. As lead counsel, he has also secured settlement in cases of first impression involving Facebook, Microsoft, AT&T and countless others, collectively worth hundreds of millions of dollars.

In addition to technology based litigation, Jay has been involved in a number of high-profile

"mass tort" class actions and product recall cases, including cases against Menu Foods for selling contaminated pet food, a $30 million class action settlement involving the Thomas the Tank toy train recall, and suits involving damages arising from second-hand smoke.

In 2009, Jay was named one of the top 40 Illinois attorneys under 40 by the Chicago Daily Law Bulletin. In giving Jay that award, he was heralded for his history of bringing and winning landmark cases and for his "reputation for integrity" in the "rough and tumble class action arena." In the same award, he was called "one of the best in the country" when it "comes to legal strategy and execution." Also in 2009, Jay was included in the American Bar Association's "24 hours of Legal Rebels" program, where he was dubbed one of "the most creative minds in the legal profession" for his views of associate training and firm management. In 2010, he was presented with the Annual Humanitarian Award in recognition of his "personal integrity, professional achievements, and charitable contributions" by the Hope Presbyterian Church.

Jay is frequently asked to participate in legal seminars and discussions regarding the cases he is prosecuting, including serving as panelist on national symposium on tort reform and, separately, serving as a panelist on litigating high-profile cases. He has also appeared on dozens of television and radio programs to discuss his cases. He has taught classes on class action law at Northwestern Law School and The John Marshall Law School, and has co-chaired a 2-day national symposium on class action issues. He has been an adjunct professor, teaching a seminar on class action litigation at Chicago-Kent College of Law since 2010.

Jay is a graduate of Brandeis University and the University of Michigan Law School.

MYLES MCGUIRE is a Partner at EDELSON MCGUIRE. His practice concentrates on consumer protection law, class actions, and legal and political consulting to technology companies. Prior to entering private practice, Myles spent several years operating an Internet advertising company, which was later sold, in addition to counseling high-tech companies on legal issues.

Since turning to plaintiffs' advocacy, Myles has had principle control over many nationwide and multi-state class actions. Drawing on his technological background, his specific area of emphasis is on emerging technology class actions, including those involving electronic commerce, cellular telephony and wireless media, among others. He has served in leadership positions in groundbreaking settlements involving Facebook, Verizon, Sprint, and T-Mobile.

Due to his diverse legal and business expertise, Myles has been asked by members of Congress to comment on proposed legislation in the mobile content industry and has worked with state regulatory bodies in related efforts.

Myles graduated from Marquette University Law School in 2000 and is admitted to practice in Wisconsin and Illinois. He is a member of the National Association of Consumer Advocates and the Chicago Bar Association.

RYAN D. ANDREWS is a Partner and Group Chair at EDELSON MCGUIRE. He has been appointed class counsel in multiple complex high-stakes class actions, and actively involved in the litigation and settlement of class actions focused on the mobile content industry and Internet privacy.

Prior to joining the firm, Ryan engaged in all aspects of the prosecution and defense of claims on behalf of individual and corporate clients, including motion practice, arbitration, mediation, trial to verdict, and appeals.

Ryan received his J.D. with High Honors from the Chicago-Kent College of Law in 2005 and was named *Order of the Coif*. While in law school, Ryan was a Notes & Comments Editor for THE CHICAGO-KENT LAW REVIEW, as well as a teaching assistant for both Property Law and Legal Writing courses. Ryan externed for the Honorable Joan B. Gottschall in the Northern District of Illinois, and earned CALI awards for the highest grade in five classes.

Ryan graduated from the University of Michigan in 2002, earning his B.A., *with distinction*, in Political Science and Communications.

**RAFEY S. BALABANIAN** is a Partner and Group Chair at EDELSON MCGUIRE. Rafey focuses his practice on prosecuting consumer technology class actions, banking class actions, and general consumer class actions. He is also co-chair of Edelson McGuire's business litigation group.

On the plaintiff's side, Rafey has been the court appointed lead counsel in numerous high-stakes class action litigation and has obtained settlements in excess of $50 million.

On the business litigation side, Rafey has represented individual and corporate clients in a wide variety of complex cases, including commercial disputes seeking damages of $60 million and several "bet the company" cases.

Rafey has first-chaired both jury and bench trials, engaged in extensive motion practice, and acted as lead counsel in several mediations and arbitrations.

Rafey received his J.D. from the DePaul University College of Law in 2005. While in law school, Rafey received a certificate in international and comparative law and earned the CALI award for the highest grade in advanced trial advocacy. Rafey received his B.A. in History, *with distinction*, from the University of Colorado – Boulder in 2002.

**MICHAEL J. MCMORROW** is a Partner at EDELSON MCGUIRE. His practice focuses on commercial litigation and class action law, and his recent experience includes representation of consumer classes in litigation under the federal Telephone Consumer Protection Act, the California Unfair Competition Law, several common law claims, and additionally, representation of corporate clients in the mobile telephone content industry in commercial and trade secret litigation.

Mike is an experienced trial and appellate commercial litigator who has represented clients in court and at trial across a full spectrum of issues, including trade secret litigation, commercial contracts, airplane leasing, airport construction, automotive manufacturing, commercial and consumer lending, product liability, and has represented clients in heavily-regulated industries including insurance, defense contracting, health care and energy. Prior to joining the firm, Mike was Senior Counsel at Foley & Lardner LLP, practicing commercial and energy regulatory litigation.

Mike graduated magna cum laude from the University of Illinois College of Law in 2000, where

he was Associate Editor of the UNIVERSITY OF ILLINOIS LAW REVIEW, a Harno Scholarship recipient, and President of the Prisoners' Rights Research Project. Mike received his B.A. in Political Science from Yale University in 1994. Mike has been a member of the Trial Bar for the Northern District of Illinois since 2005 and the Chicago Bar Association Judicial Evaluation Committee since 2003. His pro bono representations have included asylum applicants and prisoners' rights issues.

**STEVEN W. TEPPLER** is a Partner of EDELSON MCGUIRE. Steven concentrates his practice on data protection and information technology law, including electronic discovery, loss or destruction of information, authentication and admissibility issues uniquely inherent to computer generated information, including spoliation issues arising from unauthorized or illegal data manipulation or alteration. He is the Co-Vice-Chair of the American Bar Association Information Security Committee as well as the Florida Bar's Professional Ethics Committee.

Steven has authored over a dozen articles relating to information technology law and routinely presents his work at conferences. Steven's recent publications include: *Spoliation in the Digital Universe, The SciTech Lawyer*, Science and Technology Law Section of the American Bar Association, Fall 2007; *Life After Sarbanes-Oxley – The Merger of Information Security and Accountability* (co-author), 45 JURIMETRICS J. 379 (2005); *Digital Signatures Are Not Enough* (co-author), Information Systems Security Association, January 2006; *State of Connecticut v. Swinton: A Discussion of the Basics of Digital Evidence Admissibility* (co-author), Georgia Bar Newsletter Technology Law Section, Spring 2005; *The Digital Signature Paradox* (co-author), IETF Information Workshop (The West Point Workshop) June 2005; *Observations on Electronic Service of Process in the South Carolina Court System*, e-filing Report, June 2005. Steven is also a contributing author to an American Bar Association book with the working title "Foundations of Digital Evidence" (publication expected March 2009).

Steven graduated from the Benjamin N. Cordozo School of Law in 1980 after earning his B.A., *summa cum laude*, from the City College of New York in 1977. Steven is admitted to the bars of New York, the District of Columbia and Florida.

**STEVEN LEZELL WOODROW** is a Partner and Group Chair at EDELSON MCGUIRE and the firm's hiring attorney. Steven has successfully litigated and settled a number of consumer protection cases through trial, engaged in extensive motion practice, drafted appellate briefs, prosecuted class actions and participated in multi-session mediations.

Prior to joining the firm, Steven was a litigator at a Chicago boutique focusing on consumer protection matters, real estate disputes, fraudulent transfers in bankruptcy and the prosecution of white-knight mortgage fraud cases.

Steven received his J.D. from Chicago-Kent College of Law with High Honors, *Order of Coif*, while earning his certificate in litigation and alternative dispute resolution. During law school, he served as a Judicial Extern for the Honorable Ann C. Williams on the Seventh Circuit Court of Appeals and as President of the Student Bar Association. Steven also served as a Notes and Comments Editor for THE CHICAGO-KENT LAW REVIEW and represented Chicago-Kent at the National Sports Law Moot Court Competition in New Orleans in 2004. Steven was awarded the ABA-ALI Scholarship and Leadership Award for best representing the combination of

leadership and scholarship in his graduating class and also received the Lowell H. Jacobson Memorial Scholarship, which is awarded competitively to a student from one of the law schools in the Seventh Circuit to recognize personal commitment and achievement.

Steven received his B.A. in Political Science, *with Distinction*, from the University of Michigan—Ann Arbor in 2002.

**SEAN P. REIS** is Of Counsel to EDELSON MCGUIRE . Sean is an experience trial attorney and business litigator. Sean has experience in a wide-range of litigation matters, including those involving trade secrets, real estate fraud, employment, and consumer issues. Sean has tried sixteen cases, including several multi-week jury trials.

Prior to joining Edelson McGuire, Sean was trained at an international law firm and later founded his own practice. In 1993, Sean graduated from University of California at San Diego with a degree in quantative economics. Following that Sean graduated from Rutgers University School of Law, Newark where he was the business editor of the Rutgers Law Review and where he received the graduation for appellate advocacy.

**EVAN M. MEYERS** is Senior Counsel at EDELSON MCGUIRE. Evan is an experienced trial and appellate litigator and has handled a broad range of complex litigation matters, including contract disputes, securities and consumer fraud, employment discrimination, insurance coverage, antitrust, shareholder and tax disputes, business torts and other matters. Evan has managed all aspects of the litigation process, including evaluation and strategic analysis, drafting pleadings in state and federal trial and appellate courts, taking and defending depositions, arguing motions, and representing clients in mediations and settlement conferences. He has also successfully tried cases in state court.

Prior to joining Edelson McGuire, Evan worked at Drinker Biddle & Reath LLP, where he was an associate in the firm's commercial litigation practice group and represented a wide range of clients in federal and state courts, including manufacturers, insurance and financial services companies, government agencies, close corporations, hospitals, colleges and universities and not-for-profit entities.

Evan received his J.D., cum laude, from the University of Illinois College of Law in 2002, where he was an associate editor of the Elder Law Journal. Additionally, he served as a judicial extern with the Hon. Wayne R. Andersen of the U.S. District Court for the Northern District of Illinois. Evan received his bachelor's degree, with distinction, in political science from the University of Michigan in 1999.

**WILLIAM C. GRAY** is a Group Chair at EDELSON MCGUIRE. Bill has handled a broad range of complex litigation matters including; criminal matters, consumer and international fraud cases, labor and employment issues, and class actions. He has drafted pleadings and briefs, argued motions, and represented clients in mediations, arbitrations, state and federal courts, before human rights agencies, and before state and federal Department of Labor. Additionally, Bill has significant appellate advocacy experience and has argued in front of the Seventh Circuit Court of Appeals.

Bill previously worked at Sidley Austin LLP, and represented a wide range of clients, including Fortune 100 companies, in various forums, including manufacturers, insurance and financial services companies, government agencies, corporations, universities and not-for-profit entities. Additionally, he has participated in several high-profile cases resulting in favorable resolutions for his clients.

Bill received his J.D., cum laude, from Harvard Law School, where he was an editor of the Black Letter Law Journal. He also served as a research assistant for Professor Alan Dershowitz. Bill additionally spent a semester working in Jerusalem for the Simon Wiesenthal Center and was a member of the Criminal Code Commentary Committee for the country of Kosovo. Bill graduated from Indiana University with high honors. While at Indiana University, Bill was elected President of the Student Body for the campus's 40,000 students and was inducted into Phi Beta Kappa. He also appeared as an invited guest on MSNBC, The Mitch Albom Show, and The O'Reilly Factor.

Bill has been an active member of the legal community and has served in many pro bono matters. He currently serves on the Illinois State Bar Association Standing Committee on the Attorney Registration and Disciplinary Committee (ARDC), is a Board Member of the Decalogue Society of Lawyers (co-chair of the Young Lawyer's Committee), and is actively involved in the Anti-Defamation League and the American Cancer Society. Additionally, Bill has collaborated for years with the Northwestern Center on Wrongful Convictions in securing the release of wrongfully-convicted inmates.

**BRAD BAGLIEN** is an Associate at EDELSON MCGUIRE. Brad focuses his practice on privacy and technology class actions.

Brad previously worked for Sidley Austin LLP, where he represented a wide range of clients, including Fortune 100 companies, small businesses, and individuals. He has handled a variety of complex commercial litigation matters in state and federal courts, including consumer fraud actions, contract disputes, internal investigations, insurance class actions, and commercial tax litigation.

Brad graduated with honors from the University of Chicago Law School, where he participated in the Hinton Moot Court Competition and was an instructor in the Street Law program at several local high schools. During law school, Brad served as a judicial extern for the Honorable Mark Filip in the Northern District of Illinois.

Brad graduated from St. Olaf College with degrees in Economics and Political Science. While at St. Olaf, he was a captain of the baseball team and a member of the football team.

**CHRISTOPHER L. DORE** is an Associate at EDELSON MCGUIRE. Chris focuses his practice on prosecuting consumer technology fraud, text-spam, and credit reduction class actions.

Chris graduated magna cum laude from The John Marshall Law School, where he served as the Executive Lead Articles for the Law Review, as well as a team member for the D.M. Harish International Moot Court Competition in Mumbai, India. His article, What to Do With Omar Khadr? Putting a Child Soldier on Trial: Questions of International Law, Juvenile Justice, and Moral Culpability appeared in the John Marshall Law Review. Throughout law school, Chris

worked as a Legal Writing TA. He received a CALI Award for obtaining the highest grade in Voting and Election Law.

Before entering law school, Chris received his Masters degree in Legal Sociology, graduating magna cum laude from the International Institute for the Sociology of Law, located in Onati, Spain. Chris received his B.A. in Legal Sociology from the University of California, Santa Barbara.

**KIRT GALLATIN** is an Associate at EDELSON MCGUIRE.

Kirt received his Juris Doctor from Northwestern University School of Law. While at Northwestern, Kirt served as a research assistant for Professor Stephen B. Presser and was an active member of the Student Funded Public Interest Fellowship and Latin Law Student Association.

Kirt graduated from Florida Gulf Coast University, magna cum laude, obtaining Bachelor degrees in both Legal Studies and Criminal Justice. While at FGCU, Kirt was elected Student Body President and served on the FGCU Board of Trustees and the Florida Student Association Board of Directors. (Admission pending in November 2011).

**CHANDLER GIVENS** is an Associate at EDELSON MCGUIRE, where his practice focuses on technology and privacy class actions. His lawsuits have centered on fraudulent software development, unlawful tracking of consumers through mobile devices and computers, and illegal data retention.

Chandler graduated from the University of Pittsburgh School of Law. While in law school, he was a research assistant for Cyberlaw Professor Dr. Kevin Ashley, and a judicial extern for the Honorable David S. Cercone of the United States District Court for the Western District of Pennsylvania. Chandler received CALI awards for the highest course grades in Negotiations as well as Telecommunications Law. He graduated cum laude from Virginia Tech, with a B.S. in business information technology, with a focus on computer-based decision support systems. Chandler sits on the ABA committees for Information Security and e-Discovery.

Before joining the legal profession, Chandler worked as a systems analyst. He has given talks on network security, including, beginning at the age of 14, lecturing to groups comprised of engineers from organizations such as NASA. Chandler currently leads a team of technology investigative researchers at the firm.

Prior to starting with the firm, Chandler interned at the Virginia Attorney General's Office and the U.S. Department of Justice in Washington, D.C. (Admission pending in November 2011).

**JOHN OCHOA** is an associate at EDELSON MCGUIRE. John's practice focuses on consumer class action litigation.

John graduated magna cum laude from the John Marshall Law School in May, 2010 and served as Managing Editor for the John Marshall Law Review. His student Comment, which examines bicycling and government tort immunity in Illinois, appears in Vol. 43, No. 1 of the JOHN MARSHALL LAW REVIEW. While in law school, John took advantage of various scholastic

opportunities, serving as a research assistant, externing with Judge Thomas Hoffman at the Illinois Court of Appeals, and competing in the ABA National Appellate Advocacy Competition. John was awarded a Herzog scholarship for his academic performance and earned CALI awards for the highest grade in Torts, Property, and Administrative Law.

He received his B.A. with Honors in Political Science from the University of Iowa in 2004.

**BENJAMIN H. RICHMAN** is an Associate at Edelson McGuire. Ben focuses his practice in the prosecution of consumer technology and other class actions, as well as general commercial litigation.

Ben received his J.D. from The John Marshall Law School, earning a Certificate in Trial Advocacy. During law school Ben served as Executive Student Publications Editor for The John Marshall Law Review and as a judicial extern for the Honorable John W. Darrah of the United States District Court for the Northern District of Illinois. Ben also acted as a teaching assistant in several torts courses and earned the CALI award for the highest course grade in Contracts II. Ben has since returned to the classroom as a guest-lecturer on issues related to class actions and complex litigation.

Ben graduated from Colorado State University, earning his B.S. in Psychology.

**ARI J. SCHARG** is an associate at Edelson McGuire LLC. He handles all aspects of litigation from pre-filing investigation through trial. In addition to class action litigation, Ari has substantial experience litigating commercial, real estate, employment, and constitutional matters. He also counsels entrepreneurs and works closely with startup companies to manage risk and raise capital.

Prior to joining the firm, Ari worked as a litigation associate at a large Chicago firm, where he represented a wide range of clients including Fortune 500 companies and local municipalities. His work included representing the Cook County Sheriff's Office in several civil rights cases and he was part of the litigation team that forced Craigslist to remove its "Adult Services" section from its website. He also regularly tries his cases before judges and juries, including a trial that spanned six months.

Ari is very active in community groups and legal industry associations. He is a member of the Board of Directors of the Chicago Legal Clinic, an organization that provides legal services to low-income families in the Chicago area. Ari acts as Outreach Chair of the Young Adult Division of American Committee for the Shaare Zedek Medical Center in Jerusalem, and is actively involved with the Anti-Defamation League. He is also a member of the Standard Club Associates Committee.

Ari received his B.A. in Sociology from the University of Michigan — Ann Arbor and graduated magna cum laude from The John Marshall Law School where he served as a Staff Editor for Law Review and competed nationally in trial competitions. During law school, he also served as a judicial extern to The Honorable Judge Bruce W. Black of the U.S. Bankruptcy Court for the Northern District of Illinois.

**IRINA SLAVINA** is an Associate at Edelson McGuire. As a Russian attorney, Irina obtained

her LL.M degree in International and Comparative Law, with High Honors, from Chicago-Kent College of Law in 2003. Since that time Irina has had a unique legal career in the United States that started in a boutique law office in Chicago and progressed to the legal department of a major gaming and entertainment company on the east coast.

While working in-house with General Counsel, Irina gained extensive experience in drafting and negotiating company contracts and addressing the day-to-day legal inquiries of management. Irina handled patrons' liability claims, worked with state and local government officials in obtaining and renewing company licenses, and assisted with all aspects of corporate governance and compliance.

Irina earned her J.D. from Chicago-Kent College of Law with High Honors, Order of Coif, in 2009. While in law school, Irina represented Chicago-Kent in the McGee National Civil Rights Moot Court Competition. Irina was also a member of the Chicago-Kent Law Review, and her student note on the issue of a casino liability to problem gambles was published in the March 2010 issue, 85 Chi.-Kent L. Rev. 369. Irina externed for the Honorable Susan E. Cox in the Northern District of Illinois, and earned the CALI award for obtaining the highest grade in Constitutional Law, Evidence, and Legal Writing III courses.

**BEN THOMASSEN** is an associate at Edelson McGuire, LLC and is a member of the Banking and Financial Services Practice Group.

Ben received his J.D., magna cum laude, from Chicago-Kent College of Law, where he also earned his certificate in Litigation and Alternative Dispute Resolution and was named Order of the Coif. At Chicago-Kent, Ben was Vice President of the Moot Court Honor Society and competed in both the ABA National Appellate Advocacy and National Moot Court Competitions. Among other scholarships and awards, Ben earned seven CALI awards for the highest grade in Appellate Advocacy, Business Organizations, Conflict of Laws, Family Law, Personal Income Tax, Property, and Torts.

Before his legal career, Ben worked in and around the Chicago and Washington, D.C. areas, including freelance and firm-based work as a website designer/developer, and many years experience as a film projectionist and media technician for commercial theatres, museums, and educational institutions. Ben received his Bachelor of Arts, summa cum laude, from St. Mary's College of Maryland and his Master of Arts from the University of Chicago. (Admission pending in November 2011).

# EXHIBIT D

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 01/04/12 | | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| E. MUNOZ, C.A. | Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC475697 | Plaintiff | |
| | Counsel | NONE |
| DAVID BOORSTEIN | | |
| VS | Defendant | |
| MENS JOURNAL LLC | Counsel | |
| | | |
| COMPLEX ON 1-4-12 | | |

NATURE OF PROCEEDINGS:

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated complex and is reassigned to Judge Anthony J. Mohr in Department 309 at the Central Civil West Courthouse for all further proceedings and for all purposes.

The case is ordered stayed until the initial status conference date. Notice of Initial Status Conference is to be given by the Clerk in Department 309. No responsive pleadings may be filed. Parties may file a Notice of Appearance in lieu of an answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a general appearance and shall not waive any substantive or procedural challenge to the complaint. Nothing herein stays the time for filing affidavit of prejudice pursuant to Code of Civil Procedure section 170.6.

Pursuant to Government Code section 70616 (c), each party is ordered to pay $550.00 for complex fees, payable to Los Angeles Superior Court, within ten (10) calendar days from this date.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of

Page   1 of   3   DEPT. 324

MINUTES ENTERED
01/04/12
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/04/12 | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS          JUDGE | A. MORALES          DEPUTY CLERK |
| HONORABLE                    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| E. MUNOZ, C.A.          Deputy Sheriff | NONE          Reporter |

| | | |
|---|---|---|
| BC475697 | Plaintiff Counsel | NONE |
| DAVID BOORSTEIN VS MENS JOURNAL LLC | Defendant Counsel | |
| COMPLEX ON 1-4-12 | | |

**NATURE OF PROCEEDINGS:**

service in the assigned department within seven (7)
days of service.

Any party objecting to the complex designation must
file an objection and proof of service in Department
324 within ten (10) days of service of this minute
order. Any response to the objection must be filed in
Department 324 within seven (7) days of service of
the objection. This Court will make its ruling on the
submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
1-4-12 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 1-4-12

John A. Clarke, Executive Officer/Clerk

Page    2 of    3    DEPT. 324

MINUTES ENTERED
01/04/12
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/04/12                                                                    DEPT. 324

HONORABLE  EMILIE H. ELIAS          JUDGE  A. MORALES          DEPUTY CLERK

HONORABLE                            JUDGE PRO TEM                ELECTRONIC RECORDING MONITOR

E. MUNOZ, C.A.          Deputy Sheriff  NONE          Reporter

---

BC475697                    Plaintiff
                            Counsel
DAVID BOORSTEIN                              NONE
VS                          Defendant
MENS JOURNAL LLC            Counsel

COMPLEX ON 1-4-12

---

NATURE OF PROCEEDINGS:

By: _____
          A. MORALES


EDELSON MCGUIRE LLP
Sean Reis
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688

MINUTES ENTERED
01/04/12
COUNTY CLERK

## PROOF OF SERVICE BY HAND DELIVERY
### (Secretary)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On January 27, 2012 I caused the following document described as:

**DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT**

to be served on all other parties to this action by requesting that a messenger from **Nationwide Legal, Inc., 1609 James M. Wood Blvd., Los Angeles, CA 90015** deliver a true copy of the above-named document, enclosed in sealed envelopes addressed as follows:

**Sean Reis, Esq.**
**EDELSON McGUIRE LLP**
**30021 Tomas Street, Suite 300**
**Rancho Santa Margarita, CA 92688**
**Tel: (949) 459-2124**
**Fax: (949) 459-2123**
**sreis@edelson.com**

Executed on January 27, 2012 at Los Angeles, California.

☑      Federal I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| **ELLEN DUNCAN** | _(signature)_ |
| Print Name | Signature |

PROOF OF SERVICE
DWT 18929639v1 3920109-000008

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV12- 771 DSF (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I.(a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| DAVID BOORSTEIN, individually and on behalf of all others similarly situated | MEN'S JOURNAL LLC, a Delaware limited liability company |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Sean Reis, Esq.<br>EDELSON McGUIRE LLP<br>30021 Tomas Street, Suite 300<br>Rancho Santa Margarita, CA 92688<br>Tel: (949) 459-2124 | James D. Nguyen, Esq.<br>Sean M. Sullivan, Esq.<br>DAVIS WRIGHT TREMAINE LLP<br>865 South Figueroa Street, Suite 2400<br>Los Angeles, CA 90017-2566<br>Tel: (213) 633-6800 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No       ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Removal based on jurisdictional statutes 28 USC §§ 1332, 1441, 1446, 1453

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   CV12-00771

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a). **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes

If yes, list case number(s): _____

VIII(b). **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

---

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
   ☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
   ☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware, New York |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| California-wide class action asserted so all California counties (including those in this District) potentially implicated | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   _Hanh D. Nguyen_ /s/ /s   Date   January 27, 2012

---

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE VIA FEDERAL EXPRESS

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017.

On January 27, 2012, I served the foregoing document described as:

### CIVIL COVER SHEET

by placing a **true copy** of said document enclosed in a sealed envelopes for each addressee named below, with the name and address of the person served shown on the envelope as follows:

> **Sean Reis, Esq.**
> **EDELSON McGUIRE LLP**
> **30021 Tomas Street, Suite 300**
> **Rancho Santa Margarita, CA 92688**
> **Tel: (949) 459-2124**
> **Fax: (949) 459-2123**
> **sreis@edelson.com**

I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery by **Federal Express**.  Such correspondence will be deposited with a facility regularly maintained by **Federal Express** for receipt on the next business day.

Executed on January 27, 2012, at Los Angeles, California.

☒ Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Ellen Duncan | _E Ellen Duncan_ |
|---|---|
| Print Name | Signature |

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899