UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| Case No. | CV 12-771 DSF (Ex) | | Date | 6/14/12 |
|---|---|---|---|---|
| Title | David Boorstein v. Men's Journal LLC | | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**      (In Chambers) Order GRANTING Defendant's Motion to Dismiss First Amended Complaint (Docket No. 27)

## I.  INTRODUCTION

Defendant moves to dismiss Plaintiff's first amended class action complaint (FAC) alleging violations of California's "Shine the Light" (STL) law, Cal. Civ. Code § 1789.83, and California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq.,* arguing that Plaintiff lacks standing to bring the STL claim because he failed to plead cognizable statutory injury under the STL, and fails to state a claim under the UCL.  In the alternative, Defendant claims that Plaintiff fails to allege an injury in fact under Article III.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted.  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); and a court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (internal quotation marks omitted).  "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

factual enhancement." Id. at 1949 (alteration in original; internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Iqbal, 129 S. Ct. at 1950 (alteration in original; internal quotation marks and citation omitted).

"Normally, when a viable case may be pled, a district court should freely grant leave to amend." Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011).

## III. DISCUSSION

### A.      Statutory Injury Under the STL Law

The STL law does not make sharing consumer marketing information with third parties unlawful. Rather, it was designed to "shine the light" on information-sharing practices by requiring businesses to establish a procedure by which the consumer can obtain information about such practices. (FAC ¶¶ 2, 22.).

There are two ways to comply with the STL law. The first requires a business, at a consumer's request, to disclose how it shares consumer information with third parties. Cal. Civ. Code § 1798.83(a). This requires that a business designate a means (e.g., an address, e-mail address, telephone number) by which the consumer may request the information. Id. § 1798.83(b)(1). Alternatively, the business may comply with the STL law by giving consumers the chance to opt-in or opt-out of allowing their information to be shared with third parties. Id. § 1798.83(c)(2).[1] The STL law provides that a consumer who is "injured by a violation" may recover damages through a civil action. Id. § 1798.84(b).

The FAC alleges that Defendant violated the STL law by failing to properly designate its contact information or provide a description of California consumers' rights

---

[1] The FAC does not contain allegations regarding the provision of an opt-in or opt-out procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

under the STL law.  (FAC ¶¶ 35-36, 60-61.)  Plaintiff does not allege that he sought STL disclosures from Defendant, or that he would have done so had the proper information been accessible.  Plaintiff presents three theories of how he was "injured" as a result of Defendant's alleged violation of the STL law.  Each theory fails for the reasons stated below.[2]

> **1.    Plaintiff Alleges that Defendant's Non-Compliance with the STL Law Diminished the Value of Plaintiff's Personal Information, Depriving Him of the Chance to Sell It Himself.**

Plaintiff alleges that Defendant's sale of his personal information to third parties decreases the market value of the information, causing injury.  (FAC ¶ 64.)  Defendant claims that the market value for one consumer's personal information is, at most, so minimal as to be negligible.  (Def.'s Mot. at 13.)  Plaintiff makes no claim that he made an attempt to sell his personal information.

The Ninth Circuit has not yet opined on the monetary value of personal information, or whether consumers have an expectation of compensation when information is disclosed to third parties.  Both parties cite only non-binding authority.

However, even if cognizable, any injury based on Plaintiff's diminished-value-of-information theory fails to provide a basis for Plaintiff to sue under the STL law because the statute requires that Plaintiff's injury be caused by a violation of the statute.  See Cal. Civ. Code § 1798.84(b) (permitting civil actions by individuals injured "by a violation of this title").  First, the STL law does not prohibit Defendant from selling Plaintiff's personal information.  Instead, it requires Defendant to provide information regarding what information is sold, and to whom.  Because the information may be sold even if Defendant complies with the STL law, Defendant's failure to comply does not reduce the value of Plaintiff's personal information.  Second, the STL law expressly applies only to existing, not future, business relationships.  See Cal. Civ. Code § 1798.83(a) (requiring businesses to disclose how the consumer's information was used "during the immediately preceding calendar year").  Thus, even if a business complied with the STL law, the market value would likely already be diminished at the time the consumer requests disclosure.

Because the violation alleged by Plaintiff was not the cause of the purported economic injury, this theory does not provide Plaintiff with statutory standing to sue.

---

[2] Because the Court concludes that Plaintiff has failed to allege a statutory injury under the STL law, the Court need not determine whether Plaintiff has alleged an injury in fact under Article III.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

## 2.     Plaintiff Alleges That Defendant Failed to Provide Information to Which He Was Statutorily Entitled, Infringing On His Legal Right.

Plaintiff alleges that Defendant's noncompliance with the STL law deprived him of information to which he is statutorily entitled under § 1789.83(b).  (FAC ¶ 62.)  Plaintiff claims that such a violation of the STL law is enough to constitute a statutory injury.

California courts have not defined what qualifies as an "injury" under the STL law.  Courts have concluded in the Article III context that injury *can* "exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'"  Edwards v. First Am. Corp., 610 F.3d 514, 517 (9th Cir. 2010) (quoting Fulfillment Servs. Inc. v. United Parcel Serv., Inc., 528 F.3d 614, 618-19 (9th Cir. 2008)).  "Essentially, the standing question in such cases is whether the . . . statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief."  Warth v. Seldin, 422 U.S. 490, 500 (1975).  Here, however, the STL law does not allow a cause of action based solely upon a failure to comply with the statute.  Rather, § 1789.84(b) expressly requires an injury resulting from a violation.  Thus, a violation of the statute, without more, is insufficient.

In the Article III context, courts have recognized the manner in which injuries might result from withheld information.  As Plaintiff notes, the Supreme Court has held that "a plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute."  FEC v. Akins, 524 U.S. 11, 21 (1998); see also Pub. Citizen v. U.S. Dep't of Justice, 491 U.S. 440, 449 (1989); Havens Realty Corp. v. Coleman, 455 U.S. 363, 374 (1982).  However, the existing case law only recognizes such "informational injury" where the plaintiffs have requested information and have subsequently been denied it.  This approach to defining an "injury" is supported by the provisions of the STL law, which specifically allow a customer to recover damages where a business has failed to provide information, provided inaccurate or incomplete information, or failed to provide information in a timely manner.  See Cal. Civ. Code § 1798.84(b)-(c).  Each of these provisions clearly contemplates a previous request for information.  However, Plaintiff's claim is not that he requested information and was denied, nor that he would have requested information had he been provided with the proper contact information, but rather that Defendant violated the statute by failing to provide information in the required manner.  Plaintiff's contention that he need not claim that he sought a STL disclosure, (Pl.'s Opp'n at 9), goes against established precedent requiring plaintiffs to request information to suffer an injury.

Courts have also recognized that a cognizable "informational injury" must be distinct from a mere "procedural injury."  See Wilderness Soc'y, Inc. v. Rey, 622 F.3d 1251, 1258-60 (9th Cir. 2010) (finding that a regulation limiting the scope of an agency's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

duty to provide notice of proposed U.S. Forest Service projects inflicted merely a procedural, rather than informational, injury because the purpose of the notice requirement was not to provide the notice information itself, but to facilitate the public's ability to comment on the proposed projects).  In <u>Wilderness Soc'y</u>, the court looked to the purpose of a statute to determine whether the withheld information was the kind that the legislature meant to ensure access to (indicating informational injury), or whether the plaintiffs were merely deprived of a procedural right, which, alone, is not enough to create standing.  <u>See</u> <u>id.</u>  As in <u>Wilderness Soc'y</u>, the alleged violations here do not inflict an informational injury by depriving Plaintiff of statutorily-required disclosures about how his personal information is used.  Instead, it deprives the Plaintiff of Defendant's *contact information* – information meant to facilitate requests for such disclosures.  The STL law's requirements are not designed to ensure that consumers have access to contact information for its own sake, and thus the failure to provide that information inflicts merely a procedural injury.

Because the STL law requires an injury in conjunction with a violation, and because Plaintiff fails to allege a cognizable informational injury, this theory also fails to establish a statutory injury.

> **3.**     **Plaintiff Alleges That Consumers Expect to Receive Contact Information Under § 1789.83(b)(1) As Part of the Value of the Subscription to Men's Journal.**

Plaintiff alleges that Defendant, by not providing contact information, has deprived him of the value of his magazine subscription.  (FAC ¶ 65.)  Plaintiff claims that "customers have a reasonable expectation that the other party will abide by all applicable state and federal laws."  (Pl.'s Opp'n at 16.)

Plaintiff does not claim that Defendant promised compliance with § 1798.83 as part of his subscription, nor does he claim that he reasonably expected that Defendant would do so.  Absent either claim, there is no economic harm.  For example, in <u>Animal Legal Def. Fund v. Mendes</u>, 72 Cal. Rptr. 3d 553, 555 (2008), plaintiffs attempted to recover under the UCL, alleging that they "reasonably presumed" that dairy products they purchased "were being produced in accordance with California law."  The court rejected this theory of injury because the plaintiffs' unexpressed assumptions were not part of the "bargain," and therefore the plaintiffs could not have suffered any economic injury.  <u>Id.</u> at 560.  If injury exists based solely on the consumer's expectation that the defendant will not violate a law, then injury exists in any situation where a business violates a law, regardless of whether there is actual harm to the consumer.  This type of injury is not cognizable under the STL law.

Because Plaintiff does not allege actual economic harm, this theory also fails to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

establish a statutory injury.

### B.   UCL Claim

A cause of action under the UCL requires that a defendant engage in an "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  To the extent Plaintiff's UCL claim relies on Defendant's "unlawful" practice of violating the STL law, (FAC ¶ 70), the UCL claim fails.  See Renick v. Dun & Bradstreet Receivable Mgmt. Servs., 290 F.3d 1055, 1058 (9th Cir. 2002).  To the extent Plaintiff claims that Defendant's practices are unfair or fraudulent independent of the STL law, Plaintiff has failed to allege an injury cognizable under the UCL.  Individuals may bring UCL claims only if they have "lost money or property" as a result of the relevant business practice.  Cal. Bus. & Prof. Code § 17204.  For the reasons stated above, Plaintiff has failed to allege an economic injury, and thus has failed to show that he lost money as a result of Defendant's practices.  Plaintiff has also failed to show that he lost property because the unauthorized collection of personal information does not qualify as loss of property under the UCL.  See Archer v. United Rentals, Inc., 195 Cal. App. 4th 807, 816 (2011).  Plaintiff has therefore failed to show a cognizable injury under the UCL.

### IV.  CONCLUSION

The motion to dismiss is GRANTED.  The FAC is dismissed with leave to amend consistent with this Order.  An amended complaint must be filed and served no later than July 2, 2012.  Failure to file by that date will waive Plaintiff's right to do so.  Leave to amend is granted only where specifically identified and only to address the issues raised in the motion.  The Court does not grant leave to add new defendants or new claims.  Leave to add defendants or new claims must be sought by a separate, properly noticed motion.

IT IS SO ORDERED.