Sean Reis (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: (949) 459-2124
Fax: (949) 459-2123

*Counsel for Plaintiff and the putative class*

\*Additional counsel for Plaintiff appear on signature page

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| DAVID BOORSTEIN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>MEN'S JOURNAL LLC, a Delaware corporation,<br><br>                    Defendant. | Case No. 12-CV-00771-DSF-E<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Date:   July 30, 2012<br>Time:   1:30 p.m.<br>Ctrm:   840<br><br>[Hon. Dale S. Fischer]<br><br>State Action Filed: December 22, 2011<br>Removed: January 27, 2012 |

PLF.'S MOT. CLARIFICATION
OR, IN THE ALTERNATIVE, FOR LEAVE
TO FILE SEC. AMEND. COMPL.

CASE NO. 12-CV-00771-DSF-E

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on July 30, 2012 at 1:30 p.m., or as soon thereafter as counsel may be heard, counsel shall appear before the Honorable Dale S. Fischer, or any Judge sitting in her stead, in the courtroom usually occupied by her, located at Courtroom 840, 255 East Temple Street, Los Angeles, CA 90012-3332 and present Plaintiff's Motion for Clarification or, in the Alternative, For Leave to File a Second Amended Complaint, a copy of which is hereby served upon you.

This Court should find that Plaintiff's proposed amendments to his First Amended Complaint under Cal. Civ. Code §§ 1798.84(c) and 1798.84(e) are consistent with the Court's June 14, 2012 Order, such that leave of Court is not necessary to file a Second Amended Complaint or, alternatively, grant Plaintiff leave to file his Second Amended Complaint for the following reasons:

(1)     The proposed amendments do not offend the Court's Order because neither of Plaintiff's proposed amended remedies requires Plaintiff to allege that he sustained an economic injury as a result of Defendant's violation.

   (a)     Plaintiff seeks to add civil penalties under § 1798.84(c) which are meant to deter businesses from violating the Shine the Light Law and do not require Plaintiff to allege that he suffered economic injury.

   (b)     Plaintiff seeks injunctive relief under § 1798.84(e), which is available for customers of businesses that "propose" to violate the Act, along with those who actually violate the Act, and which therefore does not require Plaintiff to allege he suffered economic injury.

(2)     Alternatively, in the event the Court construes the proposed amendments as "new claims" under the Court's Order, this Court should grant

Plaintiff leave to file a Second Amended Complaint because the Second Amended Complaint does not cause any prejudice to Defendant.

Plaintiff's Motion is based upon this Notice and the attached Memorandum of Points and Authorities, along with the papers and records on file with this court, and on such oral argument and documents or pleadings that may be later filed or introduced relating to this motion.[1]

Dated: July 2, 2012                    Respectfully submitted,

                                       DAVID BOORSTEIN, individually and on
                                       behalf of all others similarly situated,


                                       By:  /s/ Sean Reis
                                            One of Plaintiff's Attorneys

                                       Sean Reis (SBN 184044)
                                       sreis@edelson.com
                                       EDELSON MCGUIRE LLP
                                       30021 Tomas Street, Suite 300
                                       Rancho Santa Margarita, CA 92688
                                       Telephone: (949) 459-2124
                                       Facsimile: (949) 459-2123

---

[1]     As this motion seeks to clarify the scope of the Court's June 14, 2012 Order, it is unclear whether L.R. 7-3—which is meant to encourage the Parties to meet and confer to resolve the issues in dispute without the court's involvement—applies to the instant motion. Plaintiff is mindful that in its June 14 Order, the Court expressly stated that "leave to amend is granted only where specifically identified," and thus, believes it would be inappropriate for the Parties to meet and confer in an effort to decide the scope of the Court's Order. Notwithstanding, on July 2, 2012, the Parties held a meet and confer by telephone during which Plaintiff's counsel advised of their intent to file the instant motion.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... v

I.      INTRODUCTION ........................................................... 1

II.     BACKGROUND ............................................................. 2

        A.      The FAC Establishes That Defendant Violated The Shine
                The Light Law And, As A Result, Deprived Boorstein Of
                His Statutorily-Guaranteed Rights .................................... 2

        B.      Three Statutory Remedies Are Available To Enforce
                Defendant's Actual And Threatened Violations Of The
                Shine The Light Law ...................................................... 2

III.    ARGUMENT ................................................................. 3

        A.      The Proposed Amendments Are Consistent With The
                Court's Order Because Boorstein May Sue Under The
                Act's "Civil Penalties" And Injunctive Relief Provisions
                Without Alleging Economic Injuries ............................... 4

                1.      No showing of economic injury is required to recover
                        civil penalties under § 1798.84(c) .......................... 4

                2.      No showing of injury is required to obtain injunctive
                        relief under § 1798.84(e) ....................................... 5

                3.      In any event, restricting the Act's civil penalties and
                        injunctive relief remedies to customers alleging injury
                        violates public policy ............................................ 5

        B.      In The Event That The Proposed Amendments Constitute
                "New Claims," Boorstein Seeks Leave to File A Second
                Amended Complaint ...................................................... 6

IV.     CONCLUSION .............................................................. 7

## <u>TABLE OF AUTHORITIES</u>

**<u>United States Supreme Court Cases</u>**

*Corley v. United States*, 556 U.S. 303 (2009) .............................................. 5

**<u>United States Circuit Court of Appeals Cases</u>**

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) ..................... 6

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001)................... 6

*Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877 (9th Cir. 1999) .................................. 6

**<u>United States District Court Cases</u>**

*Stewart v. Jos. A. Bank Clothiers, Inc.*, 2010 WL 4006044 (E.D. Cal.
    Oct. 12, 2010) ........................................................................................ 7

**<u>California Appellate Court Cases</u>**

*DiPirro v. Bondo Corp.*, 62 Cal. Rptr. 3d 722 (Cal. Ct. App. 2007) .......................... 4

*L.A. Cnty Metro. Transp. Auth. v. Super. Ct.*, 20 Cal. Rptr. 3d 92
    (Cal. Ct. App. 2004) ............................................................................... 4

**<u>Statutes, Rules, and Regulations</u>**

Cal. Bus. & Prof. Code § 17200 ................................................................. 1

Cal. Civ. Code § 1798.83 ................................................................. *passim*

Cal. Civ. Code § 1798.84 ................................................................. *passim*

# I.    INTRODUCTION

On June 14, 2012, this Court granted Defendant Men's Journal, LLC's ("Defendant") Motion to Dismiss the First Amended Complaint ("FAC") and dismissed Plaintiff David Boorstein's ("Boorstein") claims under California's Shine the Light Law (the "Shine the Light Law" or the "Act"), Cal. Civ. Code § 1798.83, and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (Dkt. No. 36 [the "Order"].) The Court's dismissal of the Shine the Light Law claim was based on its finding that "§ 1798.84(b) expressly requires an injury resulting from a violation" and, therefore, "does not allow a cause of action based solely upon a failure to comply with the statute." (Order at 4.) Thus, the Court held that Boorstein lacks statutory standing to sue under § 1798.84(b) because he failed to allege that Defendant's violation of the Act caused him to sustain economic injuries. (Order at 4.) While the Court granted Boorstein leave to amend, it expressly stated that Boorstein may not "add new defendants or new claims" without prior leave of the Court. (*Id.* at 6.)

To revive his Shine the Light Law claim, Boorstein seeks to modify his Prayer for Relief by requesting civil penalties under § 1798.84(c) and injunctive relief under § 1798.84(e). As explained below, these proposed amendments are consistent with the Court's Order because neither enforcement provision requires a showing of actual injury. To the contrary, § 1798.84(e) expressly allows customers to sue a business that merely "proposes to violate" the Act—meaning that they may sue *before* the violation (and by extension, before the injury) has even occurred.

Boorstein is mindful that the Court expressly stated that "leave to amend is granted only where specifically identified," and therefore, seeks clarification on whether his proposed amendments to the Prayer for Relief are consistent with the Court's Order or whether leave of Court is necessary. In the event that the Court finds

that the proposed amendments exceed its Order, Boorstein respectfully moves for leave to file a Second Amended Complaint to add them.

## II.   BACKGROUND

### A.   The FAC Establishes That Defendant Violated The Shine The Light Law And, As A Result, Deprived Boorstein Of His Statutorily-Guaranteed Rights.

On March 26, 2012, Boorstein filed his FAC alleging that Defendant violated the Act by failing "to properly designate its contact information or provide a description of California consumers' rights under the [Shine the Light Law]." (*See* Order at 2-3) (*citing* FAC ¶¶ 35-36, 60-61.) Thus, Boorstein alleges that as a result, he was deprived a meaningful opportunity to exercise his statutorily-guaranteed rights to: (i) inquire about and receive a detailed response explaining Defendant's information sharing practices (i.e., by identifying what categories of information are disclosed and to whom), (ii) make informed decisions about his privacy and personal information, and (iii) monitor and control the disclosure and use of his personal information.

### B.   Three Statutory Remedies Are Available To Enforce Defendant's Actual And Threatened Violations Of The Shine the Light Law.

Cal. Civ. Code § 1798.84—the section immediately following the Shine the Light Law, § 1798.83—enumerates three remedies that are available to customers (like Boorstein) of a company that violates the Act. *See* § 1798,84(b), (c), (e). The first remedy provides that "[a]ny customer injured by a violation of [the Shine the Light Law] may institute a civil action to recover damages." § 1798.84(b). In other words, customers may sue to recover economic damages caused by a violation of the Shine the Light Law. This is the only remedy that the Court's Order contemplates in finding that Boorstein lacks statutory standing to sue because he failed to allege a cognizable injury caused by Defendant's violation. (Order at 3-6.)

The second remedy provides that customers may enforce a violation of the Act

by filing a lawsuit against the company to recover civil penalties:

> [f]or a willful, intentional, or reckless violation of Section 1798.83, a customer may recover a civil penalty not to exceed three thousand dollars ($3,000) per violation; otherwise, the customer may recover a civil penalty of up to five hundred dollars ($500) per violation for a violation of Section 1798.83.

§ 1798.84(c). While Boorstein referred to this remedy throughout the pleadings (*see* FAC ¶¶ 9, 37, 66), the FAC's Prayer for Relief did not expressly seek an award for civil penalties under § 1798.84(c) and the Court's Order did not consider whether such a remedy was available.

For the third remedy, customers may enjoin "[a]ny business that violates, proposes to violate, or has violated [the Act]." § 1798.84(e). Boorstein does not refer to § 1798.84(e) in the pleadings and, therefore, it goes without saying that the FAC's Prayer for Relief did not expressly seek to enjoin Defendants under § 1798.84(e). Like the "civil penalties" remedy, the Court's Order did not consider whether injunctive relief is available for violations of the Shine the Light Law.

## III.   ARGUMENT

In its Order dismissing Boorstein's FAC, the Court instructed that "leave to amend is granted only where specifically identified . . . The Court does not grant leave to add new defendants or new claims." (Order at 6.) While the Court found that "a violation of the [Act], without more, is insufficient" to recover damages under § 1798.84(b) (Order at 4), the Court did not address whether these allegations are sufficient to establish standing to sue for "civil penalties" under § 1798.84(c) or obtain injunctive relief under § 1798.84(e).

Boorstein seeks to modify his Prayer for Relief by adding requests for civil penalties under § 1798.84(c) and injunctive relief under § 1798.84(e). Given the limitation imposed in the Court's Order, Boorstein seeks clarification as to whether the proposed amendments fall within the scope of the Court's Order. And, if they do

PLF.'S MOT. CLARIFICATION
OR, IN THE ALTERNATIVE, FOR LEAVE
TO FILE SEC. AMEND. COMPL.

3

CASE NO. 12-CV-00771-DSF-E

not, Boorstein seeks leave to file a Second Amended Complaint.

**A.   The Proposed Amendments Are Consistent With The Court's Order Because Boorstein May Sue Under the Act's "Civil Penalties" And Injunctive Relief Provisions Without Alleging Economic Injuries.**

The Court should find that Boorstein's proposed amendments to his Prayer for Relief fall within the scope of this Court's Order granting limited leave to amend. In its Order, the Court dismissed Boorstein's claims because he failed to allege that he suffered a cognizable injury and, therefore, lacked statutory standing under § 1798.84(b). Neither of Boorstein's proposed amended remedies requires Boorstein (or any other customer) to allege that he sustained an economic injury as a result of Defendant's violation. Thus, the proposed amendments do not offend the Court's Order and should be permitted.

**1.   No showing of economic injury is required to recover civil penalties under § 1798.84(c).**

Section 1798.84(c) expressly provides that any customer may recover a "civil penalty" for a business's "willful, intentional, or reckless violation" of the Shine the Light Law. Civil penalties provisions, such as this, are meant to deter businesses like Men's Journal from violating the Shine the Light Law—not compensate customers for actual damages they may sustain. *See DiPirro v. Bondo Corp.*, 62 Cal. Rptr. 3d 722, 748 (Cal. Ct. App. 2007) (holding that because Proposition 65 allows for civil penalties to be recovered by private litigants for violations of the statute, it "*does not have a standing requirement*" and a plaintiff need not allege or prove damages to maintain an action) (emphasis added); *see also L.A. Cnty Metro. Transp. Auth. v. Super. Ct.*, 20 Cal. Rptr. 3d 92, 99 (Cal. Ct. App. 2004) (civil penalty provisions reflect the "Legislature's intent to encourage and aid private parties to help in enforcing certain laws" and also "helps to ensure that plaintiffs receive ample compensation, irrespective of their actual damages."). Thus, Boorstein is not required to allege that he suffered an economic injury to establish standing to sue for civil

penalties under subdivision (c).

Rather, Boorstein has standing to sue because he is a "customer" under the Act (FAC ¶ 52), Defendant violated the Act (*id.* ¶ 60), Defendant's violation was "willful" (*id.* ¶¶ 9, 60), and Defendant's violation deprived him of receiving statutorily-guaranteed information (*id.* ¶¶ 63, 71, 73). These allegations are sufficient to establish standing to recover civil penalties for Defendant's Shine the Light violations.

### 2.    No showing of injury is required to obtain injunctive relief under § 1798.84(e).

Under § 1798.84(e), "[a]ny business that violates, proposes to violate, or has violated [the Shine the Light Law] may be enjoined." That customers may bring suit to enjoin businesses that merely "*propose to violate*"—in addition to those that *actually* violate—the Act provides further support that actual damages are not necessary to establish standing to sue for an injunction under this subdivision. *See* § 1798.84(e). Otherwise, no customer could ever enjoin a business that "proposes" to violate the Act because no violation, and by extension no injury, has yet occurred. Thus, requiring customers to sustain economic injuries before suing under § 1798.84(e) would render its "propose to violate" provision superfluous. *See Corley v. United States*, 556 U.S. 303, 313 (2009) (statutory provisions should not be interpreted "in a manner that would render another provision superfluous.") As such, Boorstein's allegations are sufficient to obtain an injunction against Defendant for violating the Shine the Light Law.

### 3.    In any event, restricting the Act's civil penalties and injunctive relief remedies to customers alleging injury violates public policy.

It is understandable that civil penalties and injunctive relief are available to all customers of a business that violates the Shine the Light Law and not just to those that have suffered economic injury. Otherwise, such a loophole would gut the Act

and allow businesses to insulate themselves from liability by simply refusing to "designate" the requisite contact information in the first place—if no contact information is designated and disclosed to its customers, a business would be free from responding to information requests or identifying its information sharing practices.[2] The civil remedies and broad injunctive relief provisions close this potential loophole by granting customers a right to sue when the business refuses to comply with the Act's baseline requirement of designating contact information.

**B.    In The Event That The Proposed Amendments Constitute "New Claims," Boorstein Seeks Leave to File A Second Amended Complaint.**

Alternatively, in the event the Court construes the proposed amendments as "new claims" under the Order, this Court should grant Boorstein leave to file a Second Amended Complaint to add requests for civil penalties under § 1798.84(c) and injunctive relief under § 1798.84(e) to the Prayer for Relief. Under Rule 15(a)(2), leave to amend "shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*citing Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Court's primary focus on a motion for leave to amend under Rule 15(a)(2) is whether the proposed amendment will prejudice the opposing party, or is brought in bad faith or undue delay. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). None of these factors are present in the instant case.

The Second Amended Complaint certainly does not cause any prejudice to Defendant. The proposed amendments don't seek to add any new facts and will not affect Men's Journal's defense of the lawsuit on the merits—the additional claims for

---

[2]    This outcome would violate § 1798.84(a), which declares that "any waiver of [Shine the Light Law] is contrary to public policy and is void and unenforceable." *See* § 1798.84(a).

civil penalties and injunctive relief are borne out of the same facts already alleged in the FAC establishing Defendant's failure to follow the Shine the Light Law. Further, the proposed amendments are not being introduced after substantial litigation of the substantive issues in this case, will not cause undue delay in the final disposition of the case, and won't require expensive and time-consuming new discovery. In fact, no written discovery has been exchanged and no depositions have been conducted. *See Stewart v. Jos. A. Bank Clothiers, Inc.*, 2010 WL 4006044, at *2 (E.D. Cal. Oct. 12, 2010) (granting leave to amend where only minimal discovery had been conducted). Hence, undue delay in bringing the amended claims is simply not at play.

For these reasons, Boorstein's motion for leave to file a Second Amended Complaint should be granted.

## IV.   CONCLUSION

WHEREFORE, Plaintiff David Boorstein respectfully requests that the Court enter an Order (i) clarifying that the proposed amendments under subdivisions 1798.84(c) and 1798.84(e) are consistent with the Court's June 14, 2012 Order, such that leave of Court is not necessary to file a Second Amended Complaint, (ii) alternatively, granting leave to file his Second Amended Complaint, and (iii) award such other and further relief that the Court deems equitable and just.

Dated:  July 2, 2012

Respectfully submitted,

**DAVID BOORSTEIN**, individually and on behalf of all others similarly situated,


By: /s/ Sean P. Reis
One of Plaintiff's attorneys


Sean P. Reis (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: (949) 459-2124
Fax: (949) 459-2123

Megan Pekala (*Pro Hac Vice*)
Edelson McGuire LLC
999 West 18th Street Suite 3000
Denver, Colorado 80202
Tel: 303-357-4979
Fax: 303-446-9111
mpekala@edelson.com

PLF.'S MOT. CLARIFICATION
OR, IN THE ALTERNATIVE, FOR LEAVE
TO FILE SEC. AMEND. COMPL.

8

CASE NO. 12-CV-00771-DSF-E

## <u>CERTIFICATE OF SERVICE</u>

I, Sean Reis, an attorney, hereby certify that on July 2, 2012, I served the foregoing ***Plaintiff's Motion for Clarification or, in the alternative, For Leave to File Second Amended Complaint*** by filing it with the Clerk of Court using the CM/ECF system. The document was served on all counsel who have consented to electronic service via the Court's CM/ECF system.

/s/ Sean Reis _____