SEAN REIS (sreis@edelson.com) - SBN 184044
EDELSON McGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: (949) 459-2124
Fax: (949) 459-2123

*Counsel for Plaintiff and the Putative Class*

\* Additional Counsel for Plaintiff appear on the signature page

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

DAVID BOORSTEIN, individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

MEN'S JOURNAL LLC, a Delaware limited liability company,

    Defendant.

Case No. 2:12-cv-00771-DSF

Hon. Dale S. Fischer

~~FIRST~~ SECOND AMENDED CLASS ACTION COMPLAINT

DEMAND FOR JURY TRIAL

CLASS ACTION

Plaintiff, David Boorstein ("Plaintiff"), by and through his attorneys, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, complains and alleges as follows:

## NATURE OF THE ACTION

1. In 2003, the California Legislature passed the Shine the Light Law, Cal. Civ. Code § 1798.83 (the "Shine the Light Law" or the "Act"), to protect consumers from companies that collect and surreptitiously share their sensitive personal information with third parties. In support of the bill, its author, Senator Liz Figueroa, aptly commented:

> [s]ecret direct marketing "profiles" of consumers are being exchanged every hour invisibly and routinely by the companies with which they do business. Not only are consumers powerless to stop such invasions of privacy, they do not even know whether and to what extent it is taking place.[1]

2. The Act empowers consumers to "shine the light" on companies' data sharing methods by requiring businesses to establish a procedure by which customers can receive an explanation of how their personal information is disclosed to third parties (the "Shine the Light Disclosures" or "Disclosures").

3. Businesses governed by the Act are required to: (1) designate a dedicated mailing address (physical or electronic) or phone/facsimile number where customers can request the company's Shine the Light Disclosures, and (2) ensure that interested customers can readily make such requests or otherwise obtain the Disclosures.

4. Shine the Light Disclosures are necessary because without knowledge of companies' data sharing practices, consumers cannot make informed decisions about which businesses they should entrust with their personal information:

> Because privacy is, by definition, so intensely personal, for a consumer to make a rational and informed and personal choice to opt-in, opt-out, or simply

---

[1] California Senate Judiciary Committee, SB 27 Bill Analysis, Sept. 16, 2003, *available at* http://info.sen.ca.gov/pub/03-04/bill/sen/sb_00010050/sb_27_cfa_20030916_115403_sen_comm.html (last visited ~~December 19, 2011~~July 6, 2012).

take their business elsewhere, the consumer must know the "who, what, where and when" of how a business handles personal information. [2]

5. While traditional businesses may display or otherwise make Shine the Light Disclosures available at their physical storefront locations, the Act requires companies with no "brick and mortar" locations to either provide the Shine the Light Disclosures on their websites or to train their managers and employees to notify customers of the addresses and phone numbers where the Shine the Light Disclosures can be obtained.

6. Defendant Men's Journal LLC ("Men's Journal")—a publishing company with no "brick and mortar" storefronts—owns and operates the Internet website www.mensjournal.com, and publishes *Men's Journal* magazine.

7. Men's Journal collects and stores a wealth of information about its subscribers, and shares such data with third parties for direct marketing purposes.

8. Despite the fact that Men's Journal profits by sharing its subscribers' personal information, it intentionally keeps its subscribers in the dark on its information sharing practices by failing to make the Shine the Light Disclosures on its website.

9. As a result, Men's Journal violates the Shine the Light Law by willfully denying its subscribers an opportunity to exercise their legally proscribed rights under the Act, and thereby denying its subscribers the full benefits of their subscriptions. Therefore, Plaintiff and the Class are entitled to civil penalties of **up to five hundred dollars ($500.00) or** three thousand dollars ($3,000.00) per violation **(depending on a finding of willfulness)** pursuant to ~~California Civil~~ **Cal. Civ.** Code ~~section~~ **§** 1798.84(c).

## PARTIES

10. Plaintiff, David Boorstein, is a natural person domiciled in the State of California.

---

[2] Supra, note 1, ~~pp.~~ **at** 4-5.

11. Defendant, Men's Journal LLC, is a Delaware limited liability company with its principal place of business at 1290 Avenue of the Americas, New York, New York 10104. Men's Journal does business throughout California and the United States.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from the Defendant, (b) the amount in controversy exceeds $5,000,000.00 exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

13. This Court has personal jurisdiction over Defendant because Defendant conducts business in California and the unlawful conduct alleged in the Complaint occurred in/was directed and/or emanated from California.

14. Venue is proper in this District under 28 U.S.C. § 1391(a) as the injury arose in this District. Venue is additionally proper because Defendant transacts significant business in this District, including soliciting consumer business, and entering into consumer transactions.

## FACTUAL BACKGROUND

**The Personal Information Market: Consumer Data Has Monetary Value**

15. In 2001, Federal Trade Commission ("FTC") Commissioner Orson Swindle recognized that "the digital revolution . . . has given an enormous capacity to the acts of collecting and transmitting and flowing of information, unlike anything we've ever seen in our life . . . [and] individuals are concerned about being defined by the existing data on themselves."[3]

---

[3] The Information Marketplace, Merging and Exchanging Consumer Data, http://www.ftc.gov/bcp/workshops/infomktplace/transcript.htm (last visited March 23, July 6, 2012).

4
FIRST SECOND AMENDED CLASS ACTION COMPLAINT CASE NO. 12-cv-00771-DSF
DWT 19269564v1 3920109-000008

16. More than a decade later, Commissioner Swindle's comments ring truer than ever, as consumer data feeds an information marketplace that supports a $26 billion per year online advertising industry in the United States.[4]

17. The FTC has also recognized that consumer data possesses inherent monetary value within the new information marketplace:

> Most consumers cannot begin to comprehend the types and amount of information collected by businesses, or why their information may be commercially valuable. *Data is currency. The larger the data set, the greater potential for analysis—and profit.*[5]

18. In today's digital marketplace, consumers engage in *quid pro quo* transactions with online businesses whereby individuals exchange personal information for services.

19. It is now a nearly ubiquitous practice for online companies that collect consumer information—such as names, addresses, occupations, political and religious affiliations, sexual orientation, education, and cultural interests—to share such data, for a profit, with numerous third party marketers without any input from, or disclosure to, the source consumer.

20. In fact, consumers' personal information has become such a valuable commodity that companies now offer individuals the opportunity to sell their personal information themselves.[6] In this way, consumers are becoming more empowered to direct where their personal information is shared and to directly profit from their own data.

21. Because Men's Journal deprives its subscribers the ability to control the dissemination of their personal information—by denying them the ability to ascertain where such data is flowing—Men's Journal has deprived them of benefits to which they are

---

[4] *See*, Web's Hot New Commodity: Privacy, http://online.wsj.com/article/SB10001424052748703529004576160764037920274.html (last visited ~~March 23,~~ July 6, 2012).

[5] Statement of FTC Commissioner Pamela Jones Harbour, http://www.ftc.gov/speeches/harbour/091207privacyroundtable.pdf (last visited ~~March 23,~~ July 6, 2012) (emphasis added).

[6] "You Want My Personal Data? Reward Me for It," http://www.nytimes.com/2010/07/18/business/18unboxed.html (last visited ~~March 23,~~ July 6, 2012).

5
~~FIRST~~ SECOND AMENDED CLASS ACTION COMPLAINT  CASE NO. 12-cv-00771-DSF
DWT 19269564v1 3920109-000008

entitled as part of their paid subscriptions and diluted the value of its customers' property as it exists in the personal information market.

## II. California's Shine the Light Law

22. The Shine the Light Law was enacted because while "transparency is the touchstone of consumer confidence in information handling . . . by and large, consumers are not aware of the extent to which their personal information is sold."[7] Thus, the Act is designed to "shine the light" on how businesses share and profit from their customers' personal information.

23. Under the Act, customers may request, and companies doing business in California must provide, a list of all categories of personal information disclosed by the business within the preceding year, as well as the names and addresses of the companies receiving that information. Cal. Civ. Code § 1798.83(a).

24. **In the alternative, companies that adopt and disclose in their privacy policy a policy of not disclosing personal information if the customer opts-out may respond to customer requests for information by informing the customer about the right to opt-out and providing the customer with a cost-free means to exercise that right instead of disclosing to the customer the parties it shares information with and the type of information shared. Cal. Civ. Code § 1798.83(c)(2).**

25. To facilitate such requests, ~~the business~~ for information, companies must designate a mailing address, electronic mail address, toll-free telephone number or facsimile number to which customers may deliver requests for information on how their personal information is being shared with third parties. Cal. Civ. Code § 1798.83(b)(1).

~~25.~~26. The term "personal information" is broadly defined under the Act, and includes, but is not limited to, an individual's:

---

[7] ~~See, CALIFORNIA SENATE JUDICIARY COMMITTEE, SB 27 BILL ANALYSIS~~ *See,* CALIFORNIA SENATE JUDICIARY COMMITTEE, SB 27 BILL ANALYSIS, Sept. 16, 2003, available at http://info.sen.ca.gov/pub/03-04/bill/sen/sb_0001-0050/sb_27_cfa_20030916_115403_sen_comm.html (last visited ~~March 23,~~ July 6, 2012).

(A) name and address; (B) electronic mail address; (C) age or date of birth; (D) names of children; (E) electronic mail or other addresses of children; (F) number of children; (G) age or gender of children; (H) height; (I) weight; (J) race; (K) religion; (L) occupation; (M) telephone number; (N) education; (O) political party affiliation; (P) medical condition; (Q) drugs, therapies, or medical products or equipment used; (R) the kind of product the customer purchased, leased, or rented; (S) real property purchased, leased, or rented,; (T) the kind of service provided; (U) social security number; (V) bank account number; (W) credit card number; (X) debit card number; (Y) bank or investment account, debit card, or credit card balance; (Z) payment history; and (AA) information pertaining to the customer's creditworthiness, assets, income, or liabilities.

Cal. Civ. Code § 1798.83(e)(7).

26.27. In addition to designating an address, email address, telephone number, or facsimile number, businesses must comply with one of three notice provisions. *See* Cal. Civ. Code § 1798.83(b)(1).

27.28. One notice option—§ 1798.83(b)(1)(C)—exclusively applies to businesses that, unlike Men's Journal, maintain a "brick and mortar" location in the State of California.

28.29. In cases where a business has "employees who regularly have contact with customers," a business may:

> Notify all agents and managers who directly supervise employees who regularly have contact with customers of the designated address or numbers or the means to obtain those addresses or numbers and instruct those employees that customers who inquire about the business's privacy practices or the business's compliance with this section shall be informed of the designated addresses or numbers or the means to obtain the addresses or numbers.

Cal. Civ. Code § 1798.83(b)(1)(A).

29.30. Finally, an Internet business with no "brick and mortar" location in California may comply with the Act by adhering to the following provision:

> Add to the home page of its Web site a link either to a page titled "Your Privacy Rights" or add the words "Your Privacy Rights" to the home page's link to the business's privacy policy . . . The first page of the link shall describe a customer's rights pursuant to this section and shall provide the designated mailing address, e-mail address, as required, or toll-free telephone number or facsimile number, as appropriate.

Cal. Civ. Code § 1798.83(b)(1)(B).

FIRSTSECOND AMENDED CLASS ACTION COMPLAINT CASE NO. 12-cv-00771-DSF
DWT 19269564v1 3920109-000008

31. In short, the Act affords California citizens the right to discover whether businesses are sharing their personal information, and if so, which companies or organizations they are sharing such data with.

### III. Men's Journal Willfully Violates California's Shine the Light Law

32. Men's Journal publishes magazines for circulation and also operates the website www.mensjournal.com.

33. In order to subscribe to one of Men's Journal's magazines, consumers are required to provide Men's Journal with certain personal information, including their name, address, email address, telephone number, gender, date of birth, and credit card or debit card number.

34. Men's Journal maintains this data on its servers.

35. Men's Journal also shares its subscribers' personal information, including their names, addresses, email addresses, gender, and dates of birth, with third parties for direct marketing purposes.

36. Despite the fact that Men's Journal shares its subscribers' personal information with third parties for direct marketing purposes, it fails to provide its subscribers with the Shine the Light Disclosures, or the means through which they may obtain the Disclosures, as required by the Act.

37. **Only *after* Boorstein filed his Complaint did Men's Journal amend its online privacy policy in an attempt to comply with the Shine the Light law by including a new section entitled "Your California Privacy Rights" which purports to describe customers' rights under the Act, describe its opt-out policy, and provide customers a means to exercise that policy. (*See* Men's Journal's Privacy Policy dated May 21, 2012, attached hereto as Exhibit A.)**

38. As such, Men's Journal has chosen **and continues to chose** to deny its California subscribers their legal right to learn what personal information is being disclosed, who is receiving it, and other legal protections afforded under the Act. Therefore, Men's

Journal's California subscribers do not receive the full set of benefits to which they are entitled under their paid subscriptions and California law.

37.39. Accordingly, Men's Journal ~~causes~~has caused, and continues to cause, economic harm to Plaintiff and the Class through its intentional violations of California's Shine the Light Law, and is liable, depending on a finding of willfulness, for either civil penalties ~~of~~up to five hundred dollars ($500.00) or three thousand dollars ($3,000.00) per violation pursuant to Cal. Civ. Code § 1798.84(c).

## IV. Facts Relating to Plaintiff David Boorstein

38.40. Plaintiff David Boorstein is a natural person domiciled in the State of California.

39.41. In or around 2009, Plaintiff signed up for a one (1) year subscription ~~of~~to *Men's Journal*—a magazine that is owned, operated, and published by Men's Journal.

40.42. When Plaintiff signed up for his subscription he was required to provide personal information to Men's Journal, including his name, mailing address, email address, telephone number, gender, birth date, and credit card information.

41.43. Plaintiff has since visited www.mensjournal.com and viewed Men's Journal's privacy policy located at www.mensjournal.com/privacy-policy. At all relevant times, Plaintiff has used *Men's Journal* magazine and www.mensjournal.com primarily for personal, family, and household purposes.

## CLASS ALLEGATIONS

42.44. **Definition of the Class:** Plaintiff David Boorstein brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of himself and a Class of similarly situated individuals, defined as follows:

> All California residents who have provided personal information to Men's Journal.
>
> Excluded from the Class are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current and former employees, officers, and directors,

9
~~FIRST~~SECOND AMENDED CLASS ACTION COMPLAINT  CASE NO. 12-cv-00771-DSF
DWT 19269564v1 3920109-000008

(2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person, and (5) all persons who have previously had claims similar to those alleged herein finally adjudicated or who have released their claims against Defendant.

43.45. **Numerosity:** The exact number of the members of the Class is unknown and is not available to Plaintiff, but the Class is believed to consist of millions of individuals. Thus, individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records.

44.46. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

(a) Whether the Class members are "customers" of Defendant, as that term is defined by Cal. Civ. Code § 1798.83(e)(1);

(b) Whether each Class member had an "established business relationship" with Defendant, as that term is defined by Cal. Civ. Code § 1798.83(e)(5);

(c) Whether Defendant made the Shine the Light Disclosures required by Cal. Civ. Code § 1798.83(b)(1)(B);

(d) Whether Defendant's website violates Cal. Civ. Code § 1798.83(b);

(e) Whether Defendant has employees who regularly have contact with customers, as defined by Cal. Civ. Code § 1798.83(e)(4);

(f) Whether Defendant otherwise complied with the requirements of Cal. Civ. Code § 1798.83(b)(1);

(g) Whether Defendant's failure to meet the notice requirements of § 1798.83(b)(1)(B) constitutes a violation of § 1798.83;

(h)  Whether Defendant's conduct constituted a willful, intentional, or reckless violation of § 1798.83; ~~and~~

(i)  Whether Plaintiff and the Class are entitled to **civil penalties under Cal. Civ. Code § 1798.84(c); and**

(j)  **Whether Plaintiff and the Class are entitled to** injunctive relief~~.~~ **under Cal. Civ. Code § 1798.84(e).**

~~45.~~**47.** **Typicality:** The factual and legal bases of Men's Journal's liability to Plaintiff and to the other members of the Class are the same and resulted in injury to Plaintiff and all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm as a result of Men's Journal's wrongful conduct.

~~46.~~**48.** **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class members, and ~~have~~**has** retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class and Defendant has no defenses unique to Plaintiff.

~~47.~~**49.** **Predominance and Superiority:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief for Defendant's misconduct. Even if each member of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expenses to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

48.50. **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. The policies of the Defendant challenged herein apply to and affect all members of the Class uniformly, and Plaintiff's challenge of these policies hinges on Defendant's conduct, not on facts or law applicable only to Plaintiff.

## FIRST CAUSE OF ACTION

### Violations of California's Shine the Light Law

### (Cal. Civ. Code § 1798.83)

### (On behalf of Plaintiff and the Class)

49.51. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

50.52. Men's Journal is a "business required to comply with [Section 1798.83]" (hereafter, "covered business") and none of the exceptions in Sections 1798.83 or 1798.84 apply. *See* Cal. Civ. Code § 1798.83(b)(1).

51.53. Men's Journal shares its customers' personal information with third parties for direct marketing purposes.

52.54. Plaintiff and the Class are "customers" of Men's Journal, as defined by § 1798.83(e)(1).

53.55. Plaintiff and the Class are engaged in an ongoing "established business relationship" with Men's Journal as defined by § 1798.83(e)(5).

54.56. As a covered business, Men's Journal is required to comply with § 1798.83(b).

55.  On information and belief, contrary 57. Contrary to the requirements of § 1798.83(b)(1), Men's Journal has not designated a mailing address, email address, toll-free telephone number, or facsimile number where customers Plaintiff and the Class members can direct their requests for information pursuant to § 1798.83(a) and (c)(2).

56.58. Men's Journal also has not complied with oneany of the three notice requirements described in § 1798.83(b)(1)(A) — (C).

57.59. On information and belief, Men's Journal, as a primarily Internet based organization, does not have "employees who regularly have contact with customers," and therefore cannot and has not complied with § 1798.83(b)(1)(A) by notifying its agents and managers who directly supervise such employees of a designated address or number where customers can submit Shine the Light requests or the means to obtain the addresses or numbers.

58.60. Further, Men's Journal does not conduct business through "brick and mortar" stores in California and therefore cannot and has not complied with the notice option set forth in § 1798.83(b)(1)(C).

59.61. Finally, despite the fact that Men's Journal is a primarily Internet-based organization, which owns and operates www.mensjournal.com, Men's Journal has failed to provide Plaintiff or the Class with disclosures via its online privacy policy as required by § 1798.83(b)(1)(B).

60.62. Men's Journal willfully violatesviolated § 1798.83(b)(1) by, among other things, (i) failing to add a hyperlink entitled "Your Privacy Rights" or "Your California Privacy Rights" to its home page, (ii) failing to add a hyperlink to a page titled "Your Privacy Rights," (iii) failing to designate a mailing address, email address, telephone number, or facsimile number for customers to deliver requests, and/or (iv) failing to describe its California customers' rights under the Shine the Light Law. *See* § 1798.83(b)(1)(B). (True and accurate copies of Men's Journal's home page and privacy policy as of the date the original Complaint was filed— on December 22, 2011— are attached as Exhibits AB and BC, respectively.)

61.63. Under the Act, regardless of whether customers lodge a request for information, Men's Journal customers are entitled to receive certain affirmative disclosures, including a mailing address, email address, telephone number, or facsimile number where customers can direct their requests for Shine the Light disclosures.

13

1  ~~62.~~**64.** Men's Journal's failure to comply with § 1798.83(b), including its failure to post required information on its website, deprives customers of this information to which they are statutorily entitled.

4  **65.** Because Plaintiff and the Class are "customers" engaged in an "established business relationship" with Men's Journal, and because Men's Journal ~~failed to provide the full scope of benefits which Plaintiff and the Class~~ **deprived them of rights to which they** were **statutorily** entitled ~~to~~ under § 1798.83(b), Men's Journal's has directly and proximately caused Plaintiff and the Class to suffer injury.

9  ~~63.~~**66.** By failing to ~~provide adequate disclosures, Defendant also deprives~~ **"designate" a mailing address, email address, toll-free telephone number, or facsimile number where customers can direct their requests for information (as required by § 1798.83(b)(1)) or "disclose" the designated contact information (as required by § 1798.83(b)(1)(A) – (C)), Men's Journal deprived** Plaintiff and the Class of the ~~ability to~~ **their statutorily-guaranteed rights to: (i) inquire about and receive a detailed response explaining Men's Journal's information sharing practices (i.e., by identifying what categories of information are disclosed and to whom), (ii)** make informed decisions ~~with respect to their privacy and transmission~~ **about their privacy and personal information, and (iii) monitor and control the disclosure and use** of their personal information. ~~This means, in turn, that Men's Journal's supposed privacy procedures provide fewer protections to~~

21  **67. Accordingly,** Plaintiff and the Class ~~than those afforded under § 1798.83, causing Plaintiff and the Class harm~~ **have suffered a deprivation of their privacy rights under the Shine the Light Law**.

24  ~~64. Plaintiffs~~**68. Plaintiff's** and the Class's personal information has monetary value and can be sold for a profit or exchanged for services. Men's Journal's failure to comply with § 1798.83(b)(1) diluted the value of Plaintiff's personal information because he was deprived of the opportunity to sell his personal information for financial gain.

28

Accordingly, Plaintiff and the Class have sustained, and continue to sustain, monetary injuries as a direct and proximate cause of Men's Journal's violations of § 1798.83(b).

3. ~~65.~~ 69. Finally, because Defendant did not provide legally required privacy disclosures under § 1798.83(b)(1), Plaintiff and the Class did not receive the full value of the services paid for. Accordingly, Men's Journal's failure to provide § 1798.83(b)(1) disclosures deprived Plaintiff and the Class of value and caused them economic harm.

7. ~~66.~~ 70. Accordingly, Plaintiff and the Class are entitled to civil penalties ~~of three thousand dollars ($3,000.00) per violation~~ pursuant to ~~California Civil~~ Cal. Civ. Code ~~section~~ § 1798.84(c).

10. **71. Further, the Court should enjoin Defendant's unlawful conduct pursuant to Cal. Civ. Code § 1798.84(e).**

## SECOND CAUSE OF ACTION

### Violation of California's Unfair Competition Law

**Cal. Bus. & Prof. Code §§ 17200, *et seq.***

**(On Behalf of Plaintiff and the Class)**

17. ~~67.~~ 72. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

18. ~~68.~~ 73. California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

21. ~~69.~~ 74. The UCL prohibits any unlawful, unfair or fraudulent business act or practice.

22. ~~70.~~ 75. As discussed above, Men's Journal has violated the unlawful prong of the UCL in that its conduct violated the Shine the Light Law, Cal. Civ. Code § 1798.83.

24. ~~71.~~ 76. Plaintiff's and the Class's personal information has monetary value and Men's Journal's failure to comply with § 1798.83(b)(1) deprives Plaintiff and the Class of their statutorily-guaranteed right to monitor and control the disclosure and use of that data. As such, Men's Journal has diluted the value of Plaintiff's and the Class's personal property by depriving them of the opportunity to sell their personal property for their own financial

gain. Accordingly, Plaintiff and the Class have sustained, and continue to sustain, monetary injuries as a direct and proximate cause of Men's Journal's violation of § 1798.83.

77. Further, by denying Plaintiff and the Class the disclosures to which they are entitled under § 1798.83(b)(1), Men's Journal has deprived Plaintiff and the Class of benefits to which they were entitled by law. Because Plaintiff and the Class paid for Men's Journal's services, and Men's Journal failed to provide the full scope of benefits to which Plaintiff and the Class were entitled, Men's Journal's failure to comply with § 1798.83 has directly and proximately caused Plaintiff and the Class actual economic damages.

78. Additionally, by failing to provide Plaintiff and the Class with the required disclosures, Men's Journal denied Plaintiff and the Class their statutorily-guaranteed right to control the use and disclosure of their personal information. Because Plaintiff and the Class paid for Men's Journal's services, and consumers—including Plaintiff and the Class—ascribe monetary value to control of their personal information, Plaintiff and the Class did not receive the full value of the services paid for. Accordingly, Men's Journal's failure to provide the disclosures required by § 1798.83(b)(1) deprived Plaintiff and the Class of value and caused them economic damage.

79. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff, on his own behalf and on behalf of the Class, seeks an order requiring Men's Journal to (1) immediately cease the unlawful practices described herein; (2) make full restitution of all funds wrongfully obtained by sharing and/or selling Plaintiff's and the Class's personal information; and (3) pay interest, attorneys' fees, and costs pursuant to Cal. Code Civ. Proc. § 1021.5.[8]

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff David Boorstein, individually and on behalf of the Class, prays for the following relief:

---

[8] Plaintiff reasserts his UCL claim for appeals purposes only.

1  A.  Certify the Class as defined above, appoint Plaintiff as Class representative, and designate his counsel as Class Counsel;

3  B.  Declare that Defendant's actions, as described herein, violate California's Shine the Light Law, Cal. Civ. Code § 1798.83, and the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

6  C.  Award injunctive ~~and other equitable~~ relief **pursuant to Cal. Civ. Code § 1798.84(e)** as is necessary to protect the interests of the Class, including, inter alia, entering an Order: (i) ~~prohibiting~~**enjoining** Defendant from engaging in the wrongful and unlawful acts described herein; and (ii) requiring Defendant to ~~add to its website the information required by~~**comply with** Cal. Civ. Code § 1798.83(b)(1)(B)~~;~~**.**

11  D.  Award ~~damages, including~~ civil penalties of three thousand dollars ($3,000.00) per **willful, intentional, or reckless** violation of Cal. Civ. Code § ~~1798.83~~**1798.83, or five hundred dollars ($500.00) per non-willful, non-intentional, and non-reckless violation,** to Plaintiff and the Class **pursuant to Cal. Civ. Code § 1798.84(c)**;

16  E.  Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees pursuant to Cal. Civ. Code § 1798.84(g) and Cal. Code Civ. Proc. § 1021.5;

18  F.  Award Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

20  G.  Award such other and further relief as equity and justice may require.

### JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Dated: ~~December 22, 2011~~**July 6, 2012**     Respectfully submitted,

**David Boorstein**, individually and on behalf of all others similarly situated,

By:_____
One of Plaintiff's attorneys

17
~~FIRST~~**SECOND** AMENDED CLASS ACTION COMPLAINT **CASE NO. 12-cv-00771-DSF**
DWT 19269564v1 3920109-000008

SHAN P. REIS (SBN 184044)
sreis@edelson.com) SBN 184044
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949)459-2124
Facsimile: (949)459-2123

JAY EDELSON* (jedelson@edelson.com)
RAFEY S. BALABANIAN* (rbalabanian@edelson.com)
ARI J. SCHARG* (ascharg@edelson.com)
MEGAN PEKALA* (admitted *pro hac vice*)
(mpekala@edelson.com)
EDELSON MCGUIRE LLC
350 North LaSalle999 West 18th Street, Suite 13003000
Chicago, Illinois 60654
**Denver, Colorado 80202**
Telephone: (312303) 589-6370357-4979
Facsimile: (312303) 589-6378446-9111

*Pro hac vice admission to be sought.*

FIRSTSECOND AMENDED CLASS ACTION COMPLAINT  CASE NO. 12-cv-00771-DSF
DWT 19269564v1 3920109-000008

Document comparison by Workshare Compare on Monday, July 09, 2012 7:11:21 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://DWTDOCS/DWT/19269564/1 |
| Description | #19269564v1<DWT> - First Amended Complaint of Plaintiff David Boorstein |
| Document 2 ID | interwovenSite://DWTDOCS/DWT/19898326/1 |
| Description | #19898326v1<DWT> - Second Amended Complaint of Plaintiff David Boorstein |
| Rendering set | standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 122 |
| Deletions | 120 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 242 |