FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 03 2012

ALAN CARLSON, Clerk of the Court
BY L. BROWN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

CIVIL COMPLEX CENTER

| | |
|---|---|
| DENISE REGUIERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>XO GROUP, INC., a Delaware corporation, dba THE KNOT<br><br>Defendant. | CASE NO. 30-2012-00535636<br><br>Honorable Nancy Wieben Stock,<br>Department CX-105<br><br>**RULING OF DEMURRER**<br><br>Complaint Filed: September 9, 2008 |

On June 15, 2012 the Court heard oral argument on Defendant's Demurrer. The Court permitted supplemental briefing on a limited issue. On June 29, 2012 Parties each filed Supplemental Briefs in Support of or in Opposition to the Demurrer. The matter having been deemed submitted as of that date, the Court now rules.

Defendant's Request for Judicial Notice is Granted as to Items No.'s 1-3, and Denied as to Item No. 4 [March 12, 2012 e-mail from Defendant to Plaintiff], the latter on the ground that the Court does not interpret the Complaint as a belated

request for information under Civil Code §1798.83(a). [Notice of RJN p. 3, line25-page 4, line 1]

The Demurrer is Sustained without leave to amend. Plaintiff alleges that she subscribed to services with Defendant, had no further contact with Defendant, and now sues under the "Shine the Light" law[1]. Given the admitted facts in the Complaint, confirmed at oral argument, that Plaintiff never attempted a customer contact with Defendant, there is no amendment to the Complaint that would cure the legal deficiencies with this lawsuit. A statute that is designed to provide useful information to a customer, *upon request*, cannot be violated if there was no request made. No violation means that there was no injury as a result of the alleged statutory violation. Further, the Complaint limits its focus to the alleged deficiencies in Defendant's website, without addressing the Statute's allowance for other permissible means of customer education. Finally, because no customer request for prior personal information disclosure was made, the Complaint does not and could not allege that Defendant failed to comply with the alternative requirement that it notify its managers who directly supervise customer contact employees about how to service customers who inquire about the company's personal information disclosures.

**<u>Counting the Ways a Business can Comply</u>.**

The "Shine the Light" statute could use a little illumination itself. It is far from clear and may be unconstitutional vague, at least in respect to assessing penalties and imposing an injunction. In any event, a business may comply with Civil Code section 1798.83 (a), by providing for an information sharing opt-out and providing the terms of that opt-out in the privacy policy. Civil Code section 1798.83(c)(1). Notably, the statute contemplates that customer information sharing may occur before the customer is even advised of the ability to opt-out. Under this

---

[1] Civil Code section 1798.83, et. seq. All references are to the Civil Code, unless otherwise indicated.

law all the business need do to is comply with Section 1798.83(a) and then, provide the terms of the customer opt-out in its privacy policy. Unlike Section 1798.83(b)(1)(B), there is no requirement as to font size and style, format or specific language. All a business has to do is make certain disclosures in its privacy policy and disclose this to the public, presumably through a web site, for example. Under the terms of Section 1798.83(c)(2) the business may freely disclose customer information to third parties up until the point that "the customer ... exercise[es] an option that prevents that information from being disclosed to third parties..." As the Complaint does not and cannot state that Defendant has failed to comply with Subsection (c)(1), no cause of action is stated.

**There are Three Ways to Comply with Shine the Light.**

The Complaint limits its focus to the alleged deficiencies in Defendant's website, without addressing the Statute's allowance for other permissible means of customer education. The statute is clear that a business may prepare for such customer information disclosure requests through other than a web posting under Section 1798.83(b)(1)(B). Apparently the business may choose any one of three procedures, even if it is less likely to produce the protective effect apparently intended by the statute. The Complaint fails to dispose of each. This is fatal.

**A Business May Comply through Internal Company Training.**

In this case, Defendant defeats the Complaint under Civil Code Section 1798.83(b)(1)(A), which only requires that the business ["n]otify all agents and managers who regularly have contact with customers of the designated addresses or numbers or the names to obtain those addresses or numbers and instruct those employees that customers who inquire about the business's privacy practices or the business's compliance with this section shall be informed of the designated addresses or numbers or the means to obtain the addresses or numbers." Civil Code section 1798.83(b)(1)(A). Plaintiff never adequately addresses this, relying instead

on a conclusory allegation, "on information and belief" that Defendant does not have employees who regularly have contact with customers under Section 1798.83 (e)(4). [Complaint ¶ 50]. Yet an Exhibit to the Complaint clearly indicates Defendant maintains a customer service unit which responds to emails, regular mail and phone calls. Employees in "customer service" are employees under Section 1798.83 (e)(4).

**Plaintiff Assert "Information," if She Made No Effort**.

At Paragraph 51 of the Complaint Plaintiff alleges that Defendant does not instruct or otherwise train its employees. Again, this is alleged on "information and belief" with no factual basis asserted in the Complaint for that belief. Since *no customer request* for prior personal information disclosure was made, the Complaint does not and could not allege that Defendant failed to comply with the alternative requirement that it notify its managers who directly supervise customer contact employees about how to service customers who inquire about the company's personal information disclosures. 1798.83.(b)(1). Further, Plaintiff, who attempted *no* customer contact with Defendant, cannot in good faith state that she has the "information" upon which to state a claim "on information and belief." In addition, an Exhibit to the Complaint directly contradicts this where it states "[F]urthermore, ALL employees are kept up to date on our security and privacy practices......."

**The Third Method, Information at Places of Business**.

Not discussed, because it is not necessary to this decision, is the available *third* alternative, which is posting information at places of business where customers regularly have contact with the business's agents. [Section 1798.83(b)(1)(C)]. Whether this alternative is available to exclusively "online" businesses is undecided in this ruling. For the reasons stated herein, the Complaint otherwise fails to state a claim for recovery.

**Injury or Damage.**

In addition to the concerns raised above, Plaintiff has no standing to seek damages or penalties as she has not been injured or damaged. As mentioned above, Plaintiff alleges that she subscribed to services with Defendant, and then had no further contact with the Defendant. As a result, the Defendant's compliance with the customer's request for information was never tested, nor was its readiness, in the form of internal training ever indirectly tested. Customer personal information sharing is not itself a violation of the statute.

A civil lawsuit for damages and, in addition, for penalties, may only be brought by a customer who has been injured by a violation and that injury results in damages. The facts alleged in the Complaint do not establish injury or damage as required. See, *Folgelstrom v. Lamps Plus, Inc.* (2011) 195 C.A.4th 986, 994 (sale of customer information to a third party does not establish that the information had monetary value to the customer, and if it did, that its value was diminished.

**The UCL Claim.**

Plaintiff does not have standing to pursue the UCL cause of action as she has not lost money or property as a result of alleged wrongdoing . Plaintiff cannot pursue restitution either, as she has not paid anything to Defendant as a result of the unfair competition so there is nothing to restore. The loss of any value to her information, if it were actionable, would be damages and damages are not recoverable under the UCL. Penalties are also not recoverable under the UCL.

Defendant shall submit a [proposed] Order and give Notice.

**SO ORDERED** this 3rd Day of July, 2012

Hon. Nancy Wieben Stock

5