# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BOORSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MEN'S JOURNAL LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. **12-CV-00771-DSF-E**<br>Assigned to Hon. Dale S. Fischer<br><br><u>CLASS ACTION</u><br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: August 27, 2012<br>Time: 1:30 p.m.<br>Crtrm.: 840<br><br>State Action Filed: December 22, 2011<br>Removed: January 27, 2012 |

The Motion To Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) brought by Defendant Men's Journal LLC ("Men's Journal") came on for hearing on August 27, 2012.  The Court, having read and considered the pleadings, the matters judicially noticeable, and the arguments of the parties, hereby GRANTS Men's Journal's Motion to Dismiss the Second Amended Complaint <u>without</u> leave to amend.

The Court dismisses the Second Amended Complaint because the amendments are outside the scope of the leave to amend granted in the Court's June 14, 2012 Order granting Men's Journal's Motion to Dismiss the First Amended Complaint (with limited leave to amend).

The Court also dismisses Plaintiff's First Cause of Action under California Civil Code § 1798.84 (the "Shine the Light" law) pursuant to Rule 12(b)(6) for failure to plead that Plaintiff was injured by any alleged violation of the Shine the Light statute by Men's Journal, since injury is a statutory requirement for standing to sue under the law.   Each of Plaintiff's claimed injury theories in the Second Amended Complaint is legally insufficient.

The Court concludes that Plaintiff has waived the arguments that the civil penalty and injunctive relief provisions of the STL law do not require a customer to prove injury, because Plaintiff did not assert these arguments in his oppositions to Men's Journal's motions to dismiss the original and first amended complaints.  In any event, if the Court were to consider these arguments, it would find that because Plaintiff has not pled any injury or irreparable injury if an injunction were not to issue, he has failed to state a claim for civil penalties or injunctive relief under the STL law.

The Court dismisses Plaintiff's Second Cause of Action under California Business & Professions Code § 17200 *et seq*. pursuant to Rule 12(b)(6) because it depends on Plaintiff's Shine the Light claim, which fails for the reasons set forth above.  The Second Amended Complaint also fails to allege that Plaintiff suffered

1  injury in fact and lost money or property, which is required for a claim under Section
2  17200 *et seq*.  It also fails to state a claim justifying the restitution and injunctive
3  relief remedies being sought under the Unfair Competition Law.
4        The Court also dismisses Plaintiff's Second Amended Complaint pursuant to
5  Federal Rule of Civil Procedure 12(b)(1) because Plaintiff lacks Article III standing,
6  as the Second Amended Complaint fails to allege that he suffered any injury-in-fact.
7        Plaintiff has already amended his complaint twice.  Thus, the Second
8  Amended Complaint is dismissed <u>without</u> leave to amend.

10  DATED: _____   _____
11                                                    Honorable Dale S. Fischer
12                                                    United States District Judge