JAMES D. NGUYEN (State Bar No. 179370)
  jimmynguyen@dwt.com
SEAN M. SULLIVAN (State Bar No. 229104)
  seansullivan@dwt.com
DAN LAIDMAN (State Bar No. 274482)
  danlaidman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

ELIZABETH MCNAMARA (*admitted pro hac vice*)
  lizmcnamara@dwt.com
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, New York 10019-6708
Telephone: (212) 489-8230
Fax: (212) 489-8340

Attorneys for Defendant
MEN'S JOURNAL LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BOORSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MEN'S JOURNAL LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. **12-CV-00771-DSF-E**<br>Assigned to Hon. Dale S. Fischer<br><br><u>CLASS ACTION</u><br><br>**DEFENDANT MEN'S JOURNAL LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: August 27, 2012<br>Time: 1:30 p.m.<br>Crtrm.: 840<br><br>State Action Filed: December 22, 2011<br>Removed: January 27, 2012 |

REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008

**TABLE OF CONTENTS**

Page

I.   THE 2AC EXCEEDS THE SCOPE OF LEAVE TO AMEND. ................... 1

II.   BOORSTEIN HAS WAIVED HIS NEW LEGAL ARGUMENTS. ............. 2

III.   BOORSTEIN FAILS TO STATE A CLAIM UNDER THE STL. ............... 4

    A.   Boorstein Has Failed To State A Claim For Civil Penalties. ............... 4

    B.   Boorstein Has Failed To State A Claim For Injunctive Relief. ........... 7

IV.   THE COURT SHOULD NOT RECONSIDER ITS PRIOR ORDER. ......... 10

V.   BOORSTEIN LACKS ARTICLE III STANDING. ................................... 12

i

REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

**CASES**

*Alvarez v. Longboy*,
   697 F.2d 1333 (9th Cir. 1983) .............................................................................. 12

*City of Los Angeles v. Lyons*,
   461 U.S. 95, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) ............................... 8, 10

*Crane v. Yarborough*,
   2012 U.S. Dist. LEXIS 43538 (C.D. Cal. Feb. 6, 2012) .................................... 2

*DiPirro v. Bondo Corp.*,
   153 Cal. App. 4th 150 (2007) ........................................................................ 6, 7

*eBay Inc. v. MercExchange, L.L.C.*,
   547 U.S. 388 (2006) ........................................................................................... 9

*Edwards v. First Am. Corp.*,
   610 F.3d 514 (9th Cir. 2010) ............................................................................ 12

*Feminist Women's Health Center v. Blythe*,
   32 Cal. App. 4th 1641 (1995) ............................................................................ 3

*Fernandez v. Brock*,
   840 F.2d 622 (9th Cir. 1988) ............................................................................ 12

*Huang v. Miller*,
   2012 U.S. Dist. LEXIS 85483 (C.D. Cal. June 18, 2012) ................................. 9

*In re Kreitzer*,
   2008 WL 627409 (Bankr. S.D. Ind. Mar. 6, 2008) ............................................ 3

*Jewelry 47, Inc. v. Biegler*,
   2008 U.S. Dist. LEXIS 46441 (E.D. Cal. June 11, 2003) ................................. 8

*King v. Condé Nast Publ'ns*,
   2012 U.S. Dist. LEXIS 109120, 2012 WL 3186578 (C.D. Cal. Aug. 3,
   2012) ............................................................................................................ 1, 11

*Kizer v. County of San Mateo*,
   53 Cal. 3d 139 (1991) ..................................................................................... 6, 7

ii
REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Kozy v. Wings West Airlines*,
  89 F.3d 635 (9th Cir. 1996) .............................................................................. 3

*Los Angeles County Metropolitan Transportation Authority v. Superior Court*,
  123 Cal. App. 4th 261 (2004) ("*MTA*") ......................................................... 6, 7

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ........................................................................................ 12

*Miller v. Hearst Communs., Inc.*,
  2012 U.S. Dist. LEXIS 109121, 2012 WL 3205241 (C.D. Cal. Aug. 3,
  2012) .................................................................................................... 1, 11, 12

*Nelson v. Dickinson*,
  2010 WL 5060696 (E.D. Cal. Dec. 3, 2010) .................................................... 3

*Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust*,
  636 F.3d 1150 (9th Cir. 2011) .......................................................................... 9

*PB Farradyne, Inc. v. Peterson*,
  2006 U.S. Dist. LEXIS 67281, 2006 WL 2578273 (N.D. Cal. Sep. 6, 2006) .... 2

*People v. Union Pacific Railroad Co.*,
  141 Cal. App. 4th 1228 (2006) ......................................................................... 7

*Pickern v. Pier 1 Imports, Inc.*,
  457 F.3d 963 (9th Cir. 2006) ............................................................................ 9

*Raines v. Byrd*,
  521 U.S. 811 (1997) ........................................................................................ 12

*Reguiero v. XO Group, Inc.*,
  No. 30-2012-00535636 (Orange County Sup. Ct. July 3, 2012) ......... 1, 5, 11, 12

*S.E.C. v. Life Wealth Management, Inc.*,
  2010 WL 4916609 (C.D. Cal. Nov. 24, 2010) .................................................. 9

*SEC v. Tiffany Industries, Inc.*,
  535 F. Supp. 1160 (E.D. Mo. 1982) ................................................................. 9

*Small ex rel. NLRB v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200*,
  611 F.3d 483 (9th Cir. 2010) ............................................................................ 9

iii
REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*United States v. White*,
  893 F. Supp. 1423 (C.D. Cal. 1995) ............................................................................ 9

*Winter v. NRDC, Inc.*,
  555 U.S. 7 (2008) ........................................................................................................ 9

**STATUTES**

California Civil Code § 52(b) ........................................................................................ 7

California Civil Code § 1798.83 .................................................................................... 2

California Civil Code § 1798.83(a) .............................................................................. 10

California Civil Code § 1798.83(c)(2) ......................................................................... 10

California Civil Code § 1798.84(b) ........................................................................... 5, 8

California Civil Code § 1798.84(b)-(c) .......................................................................... 5

California Civil Code § 1798.84(c) ....................................................................... 3, 4, 5

California Civil Code § 1798.84(e) ................................................................................ 4

California Code of Civil Procedure § 580 ..................................................................... 3

California Evidence Code § 1151 ................................................................................ 10

California Health & Safety Code § 1424 ...................................................................... 6

California Health & Safety Code § 1424(c)-(d) ............................................................ 6

California Health & Safety Code § 25249.7 ................................................................. 6

California Health & Safety Code § 25249.7(b)(2) ........................................................ 6

Safe Drinking Water and Toxic Enforcement Act of 1986 (California Health &
  Safety Code, §§ 25249.5–25249.13) .......................................................................... 6

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................... 8

Federal Rule of Evidence 407 ..................................................................................... 10

C.D. Cal. Local Rule 7-18 ............................................................................................ 11

iv
REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**OTHER AUTHORITIES**

Black's Law Dictionary (2d Pocket ed. 2001) .......................................................... 2

Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil
    Procedure Before Trial ¶ 8:715 (The Rutter Group 2011) ................................... 3

v

REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ignoring this Court's clear direction to add new <u>facts</u> to support his claim for statutory standing, Plaintiff filed a Second Amended Complaint ("2AC") that merely places new emphasis on remedies that he already explicitly requested in his prior pleadings.  The Opposition largely ignores Men's Journal's detailed showing of how Boorstein fails to state a claim for civil penalties or injunctive relief under the Shine the Light ("STL") law.  Instead, Plaintiff makes an improper request for reconsideration of this Court's Order granting the motion to dismiss, rehashing the same arguments that have already been considered and rejected by this Court, and by every other judge so far who has interpreted statutory standing under the STL law.  Indeed, since the Court's Order, three more decisions have been issued by other courts reaching the same conclusion that the injury theories advanced by Boorstein are insufficient.[1]  As Plaintiff has gone through three complaints without alleging <u>any</u> legally cognizable injury – and thus he lacks standing to pursue <u>any</u> remedy under the STL law – his 2AC should be dismissed without further leave to amend.

## I. THE 2AC EXCEEDS THE SCOPE OF LEAVE TO AMEND.

Boorstein concedes that that Court granted limited leave to amend "to assert additional <u>facts</u> relating to its prior standing analysis."  Opp. at 1 (emphasis added).  But he also acknowledges that his amendment was simply adding to the Prayer statutory citations for (pre-existing) requests for civil penalties and injunctive relief under the STL law.  Opp. at 2; *see also* Dkt. # 41, Motion to Dismiss 2AC ("Mot."), Ex. A.  Boorstein repeatedly asserts that he added new "allegations" to support statutory standing.  *See*, *e.g.*, Opp. at 4, 5, 7.  But an "allegation" is "[s]omething declared or asserted as a matter of fact," or, in other words, "a party's formal statement of a factual matter as being true or provable, without its having yet been

---

[1] *See King v. Condé Nast Publ'ns*, 2012 U.S. Dist. LEXIS 109120, 2012 WL 3186578 (C.D. Cal. Aug. 3, 2012) (Attached as Exhibit A); *Miller v. Hearst Commc'ns, Inc.*, 2012 U.S. Dist. LEXIS 109121, 2012 WL 3205241 (C.D. Cal. Aug. 3, 2012) (Attached as Exhibit B); *Reguiero v. XO Group, Inc.*, No. 30-2012-00535636 (Orange County Sup. Ct. July 3, 2012); *see also* Section IV, *infra*.

REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008
1
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

proved." Black's Law Dictionary (2d Pocket ed. 2001).  Re-stating a request for a <u>remedy</u> or adding (to the Prayer, no less) statutory authority for a remedy is not making a factual allegation, and exceeds the limited scope of leave to amend.

Boorstein mischaracterizes Men's Journal's argument by claiming that it would limit him "to advancing 'theories' of injury that the Court has already rejected." Opp. at 6.  The Court did not grant leave to amend so Boorstein could add new "theories," but so he could add new facts to support his three existing injury theories. *See* Mot. at 8.  It even gave <u>examples</u> of new facts that might support a claim for relief under his theories. *See*, *e.g.*, Order at 4 ("Plaintiff's claim is not that he requested information and was denied, nor that he would have requested information had he been provided with the proper contact information …."); *id.* at 5 ("Plaintiff does not claim that Defendant promised compliance with § 1798.83 as part of his subscription, nor does he claim that he reasonably expected that Defendant would do so."). Boorstein ignores these areas which the Court identified as factually lacking; instead, he merely shuffled around his Complaint to add STL law citations for two remedies in the Prayer.  Thus, the 2AC should be dismissed.[2]

## II. BOORSTEIN HAS WAIVED HIS NEW LEGAL ARGUMENTS.

Men's Journal presented an extensive list of places in the original and first amended complaints where Boorstein invoked the STL law's civil penalty and injunctive relief provisions. *See* Mot. at 10-11.  Plaintiff now claims that he merely "referred" to these remedies, and "did not <u>explicitly</u>" or "<u>expressly</u>" request them. Opp. at 8-9 (emphasis added).  This borders on the absurd – acknowledging the prior

---

[2] Plaintiff's attempt to distinguish Men's Journal's authority is unavailing; he merely states circumstances of three cited cases without explaining why their holdings do not apply here.  Opp. at 6-7.  For example, contrary to Plaintiff's characterization, *Crane v. Yarborough*, 2012 U.S. Dist. LEXIS 43538, at *41 n.14 (C.D. Cal. Feb. 6, 2012) is on point because the court found the scope of leave to amend was exceeded where "plaintiff has not otherwise sought or been afforded leave to add such new claim <u>or theory of liability</u>." (emphasis added); *see also PB Farradyne, Inc. v. Peterson*, 2006 U.S. Dist. LEXIS 67281, at *10 2006 WL 2578273 (N.D. Cal. Sep. 6, 2006) (striking new theory of liability in amended complaint as being outside scope of leave to amend).

2
REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

complaints requested such relief but just not "explicitly." In fact, both the original Complaint and the FAC expressly pleaded Boorstein's <u>entitlement</u> to these remedies. *See, e.g.*, Dkt. #1, Compl. ¶ 9; Dkt. #17, FAC ¶ 9 ("Plaintiff and the Class are entitled to civil penalties of three thousand dollars ($3,000.00) per violation pursuant to California Civil Code section 1798.84(c)."); Dkt. #1, Compl. at p. 14 ¶ C; Dkt. #17, FAC at p. 17 ¶ C (requesting "injunctive and other equitable relief" in Prayer).

Contrary to Boorstein's assertions, (Opp. at 8), it is well-established that the "prayer in a contested case does not limit the nature or scope of relief which the trial court may grant. Rather, plaintiff is entitled to <u>whatever relief is appropriate</u> to the claims alleged in the <u>body of the complaint</u> and proved at trial." Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 8:715, at 8-81 (The Rutter Group 2011) (emphasis added); *see also Kozy v. Wings West Airlines*, 89 F.3d 635, 639 (9th Cir. 1996) ("Although the complaint's prayer for relief does not specifically request an order compelling adherence to [an] agreement, the body of the complaint could fairly be read to make such a demand.").

Boorstein's cases do not bar a court from considering a remedy that is not specifically requested in a Prayer. For example, he relies on *Feminist Women's Health Center v. Blythe*, 32 Cal. App. 4th 1641 (1995), where the court applied Code of Civil Procedure section 580, which only limits the recovery of relief not demanded in the complaint when the defendants <u>default</u>. Moreover, *Blythe* dealt with a request for attorney's fees; unlike here, the complaint did "not contain any allegations concerning attorney fees, nor [did] it demand such fees." *Id.* at 1675.[3]

---

[3] Similarly, in *Nelson v. Dickinson*, 2010 WL 5060696 (E.D. Cal. Dec. 3, 2010), the court directed an incarcerated *pro se* litigant to specifically allege his claims for relief in an amended complaint where his claims and prayer for relief had previously been dispersed among several pleadings and motions. *Id.* at *1. The bankruptcy case Boorstein cites, *In re Kreitzer*, 2008 WL 627409 (Bankr. S.D. Ind. Mar. 6, 2008) is also inapposite, as there were no allegations anywhere in the complaint "that would have put the Debtor on notice" that damages were being sought for fraud. *Id.* at *3. In contrast, Men's Journal was obviously on notice of the civil penalties and injunctive relief sought given the multiple requests for both remedies throughout the original and first amended complaints.

3
REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Moreover, this paragraph of the Opposition reveals the true purpose behind Boorstein's attempted amendments:

> This Court has not yet considered whether Plaintiff has standing to seek civil penalties and injunctive relief under the Act without separately demonstrating economic injury. These issues are now before the Court for the first time and the Court may properly consider whether Plaintiff has standing based on his express requests for relief under § 1798.84(c) and (e).

Opp. at 9. Boorstein implicitly acknowledges that the reason he now makes "express" requests for relief under § 1798.84(c) and (e) is to have the Court re-visit the legal issue of whether a plaintiff has standing to seek civil penalties and injunctive relief under the STL Law without having separate injury. But as shown above, Men's Journal's meet and confer efforts and motions to dismiss both the original and first amended complaints provided ample basis for Boorstein to raise, and for the Court to consider, those questions. (And Men's Journal believes the Court's prior ruling addressed those issues). To the extent the Court's ruling did not do so, that is only because Boorstein <u>failed</u> or <u>chose</u> not to make such arguments before. That is the essence of waiver, and for that reason the Court should conclude that Boorstein has waived his new legal arguments.

## III.   BOORSTEIN FAILS TO STATE A CLAIM UNDER THE STL.

Even if the Court were to conclude that Boorstein's amendments are within the scope of leave to amend and that he has not waived his new arguments, he has failed to show that he could state a claim under the STL for civil penalties or an injunction.

### A.   Boorstein Has Failed To State A Claim For Civil Penalties.

Boorstein bases his entitlement to civil penalties on a misreading of both the statute and the case law. <u>First</u>, the Opposition completely ignores the actual text of the Court's Order, which <u>did</u> address civil penalties, concluding that Boorstein's failure to allege any cognizable injury rendered him ineligible to pursue a claim for that remedy. *See* Dkt. # 36, Order at 4. The Court explained that controlling

4

REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

authority only recognizes Article III standing on the basis of an informational injury where the plaintiff has requested information and has subsequently been denied:

> This approach to defining an 'injury' is supported by the provisions of the STL law, which specifically allow a customer to recover damages where a business has failed to provide information, provided inaccurate or incomplete information, or failed to provide information in a timely manner. See Cal. Civ. Code § 1798.84(b)-(c). Each of these provisions clearly contemplates a previous request for information.

*Id.* (emphasis added). By citing both 1798.84(b) and (c), the Court explained that a mere violation without alleged injury is insufficient to bring cause of action under either the damages (subsection (b)) or the civil penalty (subsection (c)) provisions. It underscored this point by explaining that "[e]ach of these provisions clearly contemplates a previous request for information." *Id.* (emphasis added). Elsewhere, the Court categorically stated that "the STL law does not allow a cause of action based solely upon a failure to comply with the statute. Rather, § 1798.84(b) expressly requires an injury resulting from a violation. Thus, a violation of the statute, without more, is insufficient." *Id*. at 4. This implicitly acknowledges that subsection (b) is the only part of the STL law that permits a customer to "institute a civil action," and that provision requires injury for any cause of action. Moreover, reading the Court's Order to encompass standing to seek both civil penalties and damages aligns with the recent state court decision in *Reguiero v. XO Group, Inc.*, finding the plaintiff in an STL case "has no standing to seek damages or penalties as she has not been injured or damaged." *See* Mot. Ex. B at 5 (emphasis added).

Second, the Opposition similarly ignores Men's Journal's showing that under basic rules of statutory interpretation, civil penalties under § 1798.84(c) are only available "[i]n addition" to damages for an injured plaintiff who has standing to "institute a civil action" under § 1798.84(b). *See* Mot. at 13-14. Unable to overcome the plain language of the STL law and these fundamental principles of construction,

5
REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Boorstein seeks refuge in public policy (Opp. at 11-12), but his argument is based on distinguishable authority that actually undercuts his claim.  For example, in *Kizer v. County of San Mateo*, 53 Cal. 3d 139 (1991), the plaintiff was the California Department of Health Services, which filed suit to enforce civil penalties under California Health & Safety Code Section 1424, part of the statutory scheme for governmental regulation of long-term health care facilities.  *Id*. at 143-44.  The particular civil penalties in *Kizer* could be imposed without injury <u>because the statute explicitly authorized such an application</u>.  *Id*. ("Unlike damages, the civil penalties are imposed according to a range set by statute irrespective of actual damage suffered.") (citing Health & Safety Code § 1424(c)-(d)).  The STL law says no such thing.  Moreover, the court explained that the rationale behind these civil penalties was that, "[w]hereas damages serve to compensate the victim, the civil penalties under the Act are to be applied to offset the state's costs in enforcing the health and safety regulations." *Id*. at 147.  Permitting uninjured private individuals such as Boorstein to recover civil penalties under the STL law furthers no such goal.

   Similarly, in *DiPirro v. Bondo Corp.*, 153 Cal. App. 4th 150 (2007) the court explained that the Safe Drinking Water and Toxic Enforcement Act of 1986 (Health & Safety Code, §§ 25249.5–25249.13) made civil penalties available based "upon consideration of <u>articulated factors</u> that do not primarily take into account any harm suffered by the plaintiff." *Id*. at 182 (emphasis added) (citing Health & Safety Code § 25249.7(b)(2)).  Not only does Health & Safety Code Section 25249.7 expressly provide for enforcement by the Attorney General and local prosecutors, but it requires private plaintiffs to consult in advance with the Attorney General and local officials to ensure that no public agency is already pursuing a similar action.  Thus, unlike the STL law, the private right of action under the safe drinking water statute in *DiPirro* is strongly intertwined with governmental enforcement, and the statute is <u>explicit</u> that it makes civil penalties available in the absence of injury to the plaintiff.

   Finally, as with the STL law, the statute in *Los Angeles County Metropolitan*

REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Transportation Authority v. Superior Court*, 123 Cal. App. 4th 261 (2004) ("*MTA*") also makes civil penalties available "in addition" to damages for plaintiffs who have suffered injury. *See* Cal. Civ. Code § 52(b). Contrary to Plaintiff's characterization of this case (Opp. at 12), it only cuts against his point, as the plaintiff in *MTA* was the victim of a violent hate crime, and thus he obviously alleged injury. *Id*. at 264. The *MTA* court found that the Unruh Civil Rights Act's civil penalties provision was designed "to help in enforcing the civil rights laws by bringing civil suits against perpetrators of hate crimes," and to compensate injured victims, purposes that do not have any relevance to Boorstein's claim to civil penalties here. *Id*. at 270.

Taken together, these cases stand for three principles, none of which helps Boorstein. First, in general, civil penalties are designed to support governmental regulatory schemes, not to compensate individual plaintiffs. *See Kizer*, 53 Cal. 3d at 147; *see also People v. Union Pacific Railroad Co.*, 141 Cal. App. 4th 1228, 1258 (2006) ("Civil penalties are inherently regulatory, not remedial."). Second, where statutes make civil penalties available without a showing of injury, they say so explicitly and set elaborate guidelines for how those penalties should be calculated when based solely on statutory violations. *See Kizer*, 53 Cal. 3d at 147; *DiPirro*, 153 Cal. App. 4th at 182. Finally, where civil penalties are aimed at compensating individual plaintiffs, it is where those plaintiffs have suffered serious injuries such as discrimination that can be difficult to quantify as compensatory damages. *See MTA*, 123 Cal. App. 4th at 270. None of these conditions apply here, where Boorstein seeks a purely private windfall for an alleged hypertechnical violation in the absence of any injury, contrary to the express language and policy of the statute.

**B.     Boorstein Has Failed To State A Claim For Injunctive Relief.**

Boorstein fails to state a claim for injunctive relief for a very simple reason that he ignores in the Opposition: he has not met the basic pleading requirement of alleging irreparable injury – or even a likelihood of irreparable injury – if injunctive relief is not issued. *See* Mot. at 16-18. His claim should be dismissed on this basis

7
REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

alone, but his new legal argument about injunctive relief also overlooks the text of the STL law, well-established equitable principles, and his own pleadings.

<u>First</u>, the Opposition ignores Men's Journal's explanation for how the STL law's injunctive relief provision does require a showing of injury. *Compare* Mot. at 14-16, *with* Opp. at 13-14. Boorstein has no response to the point that it is <u>only</u> the damages provision, § 1798.84(b), which permits a customer to "institute a civil action," and which clearly requires customers to be "injured by a violation." He merely repeats the argument from his failed Motion for Clarification that requiring plaintiffs to allege injury is inconsistent with availability of an injunction to restrain proposed future violations. Opp. at 13. But this "problem" has an easy answer: a plaintiff who wishes to enjoin a prospective violation of the STL law must still allege that he or she will <u>likely</u> suffer irreparable injury due to a likely future violation. *See* Mot. at 17-18. Boorstein has made no such allegation in any of his three complaints, nor has he even attempted to respond to this decisive point in his Opposition.

<u>Second</u>, Boorstein misconstrues Men's Journal's argument by claiming that it is seeking a premature merits determination. Opp. at 14. As courts have made clear, pleading irreparable injury – or likely irreparable injury – is a basic requirement for stating a claim for injunctive relief, and therefore Boorstein's failure to plead <u>any</u> irreparable injury, or even any <u>likelihood</u> of irreparable injury, is properly considered on a Rule 12(b)(6) motion to dismiss. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) ("The equitable remedy is unavailable absent a showing of irreparable injury."); *Jewelry 47, Inc. v. Biegler*, 2008 U.S. Dist. LEXIS 46441, at *13 (E.D. Cal. June 11, 2003) ("Because Plaintiff has failed to plead irreparable injury, he has failed to state a claim on which relief may be granted."). Not only does the Complaint fail to mention the concept of "irreparable injury," Boorstein's basic injury allegations have been found insufficient; if his basic injury is not legally cognizable, Boorstein cannot viably allege <u>irreparable</u> injury.

Boorstein relies only on cases from the inapposite governmental enforcement

8

REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

context. For example, in *United States v. White*, 893 F. Supp. 1423 (C.D. Cal. 1995), in which the plaintiff was the United States, the court reasoned that it was appropriate to presume irreparable injury in "statute enforcement actions <u>by the government</u>." *Id*. at 1430 (quotation omitted and emphasis added).[4] Nor is Boorstein's argument helped by *SEC v. Tiffany Industries, Inc.*, 535 F. Supp. 1160 (E.D. Mo. 1982), another government enforcement case that considered if "issues of culpability and credibility" could be "resolved at the pleading stage." *Id*. at 1165. No such issues are at stake here – only Boorstein's failure to allege irreparable injury.[5]

<u>Third</u>, apparently realizing that his failure to allege irreparable injury is fatal, Boorstein tries to plead new facts about Men's Journal's supposed probability of withholding information from consumers absent an injunction. Opp. at 15. But factual allegations raised for the first time in an opposition cannot be considered. *See Pickern v. Pier 1 Imports, Inc.*, 457 F.3d 963, 969 (9th Cir. 2006); *Huang v. Miller*, 2012 U.S. Dist. LEXIS 85483, at *17-18 (C.D. Cal. June 18, 2012) ("opposition cannot … assert new allegations."). Even if considered, these newly-minted allegations do not support injunctive relief, as Boorstein merely offers more vague assertions about consumers potentially losing the ability to control "the flow of their personal information." Opp. at 15. This is insufficient for several reasons. First, these allegations fail to advance any of Boorstein's injury theories for the same reasons given in the Court's Order: he still does not allege that he was denied any requested information, or that Men's Journal is likely to deny any information that he

---

[4] Even if *White* applied here, its continued viability is questionable given the Supreme Court's more recent decisions in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) and *Winter v. NRDC, Inc.*, 555 U.S. 7 (2008), and the Ninth Circuit's opinions in *Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150 (9th Cir. 2011) and *Small ex rel. NLRB v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200*, 611 F.3d 483 (9th Cir. 2010), all of which curtailed the situations in which courts can presume irreparable injury. *See* Mot. at 16-17.

[5] *SEC v. Life Wealth Management, Inc.*, 2010 WL 4916609, at *1 (C.D. Cal. Nov. 24, 2010), is another inapposite case involving an enforcement action brought by the government, but in any event that court held that a claim for injunctive relief could proceed "when the underlying claim is not dismissed," which undercuts Boorstein's argument that he can bring an action <u>only</u> for an injunction.

9
REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

is likely to request. See Order at 4-5. If he argues that consumers will suffer economic harm by being denied "control" over their personal information, the Court has rejected this theory too (Order at 3). As for Plaintiff's economic injury theories, it is well-established that they do not constitute irreparable harm. *See* Mot. at 18.

Finally, Boorstein's new allegations of future harm are contradicted by Men's Journal's current Privacy Policy attached to the 2AC. The Privacy Policy leaves no doubt that Men's Journal fully complies with the STL law, including by providing the opt-out option from § 1798.83(c)(2) (an alternate method of compliance). *See* 2AC, Ex. A at 5. A business "may comply with the STL law by giving consumers the chance to opt-in or opt-out of allowing their information to be shared with third parties." Order at 2. As Men's Journal allows customers to opt-out of sharing their data, it is not obligated to provide the contact notice or customer rights information that Boorstein identifies as the basis for injunctive relief (or to provide information-sharing disclosures under § 1798.83(a) even if a customer requested them). Opp. at 15. The Opposition does not identify any way in which the Privacy Policy violates, or is likely in the future to violate, the STL law. There is nothing to be enjoined, and a prospective injunction cannot be issued solely based on allegations of past unlawful conduct. *See* Mot. at 19-20; *Lyons*, 461 U.S. at 109 (rejecting injunction based on "speculative nature of [plaintiff's] claim that he will again experience injury"). Even if his new allegations are considered, Boorstein still fails to state a claim.[6]

## IV. THE COURT SHOULD NOT RECONSIDER ITS PRIOR ORDER.

Boorstein asks the Court to "reconsider" its prior Order. Opp. at 16. Not only does this make clear that Boorstein's new "amendment" exceeds the permissible scope of leave to amend, but it also contradicts the Local Rules which make clear

---

[6] Boorstein argues that Men's Journal's revision of its Privacy Policy shows why an injunction is needed (Opp. at 15). His position contradicts policies favoring corrective action. *See*, *e.g.*, Fed. R. Evid. 407; Cal. Evid. Code § 1151. Men's Journal maintains that its prior Privacy Policy complied with the STL law, but to avoid any hypertechnical questions going forward, it elected to update the policy.

10
REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. Local Rule 7-18. This is exactly what Plaintiff does here, as he spends nearly five pages rehashing the precise arguments made in his Opposition to the Motion to Dismiss the FAC, and which were rejected in the Court's Order. Opp. at 16-20. Moreover, the Local Rules only permit such requests for reconsideration to be made with a showing that there are new material facts or changes in the law, that pre-existing material facts or law could not have been discovered earlier, or a "manifest showing of a failure to consider material facts presented to the Court before such decision." L. R. 7-18. Boorstein has not even tried to meet these standards.

Nor could he. Indeed, several other decisions (all in cases filed by Boorstein's counsel) have agreed with the Court's interpretation of the STL law so as to foreclose Boorstein's claims. On July 3, 2012, a state court ruled in *Reguiero v. XO Group, Inc.* that a "civil lawsuit for damages and, in addition, for penalties, may only be brought by a customer who has been injured by a violation and that injury results in damages." *See* Mot., Ex. B at 5 (emphasis added). On August 3, 2012, Judge King granted motions of two other publishers to dismiss (with leave to amend) similar cases in this District. *See King*, 2012 U.S. Dist. LEXIS 109120; *Miller*, 2012 U.S. Dist. LEXIS 109121.[7] Following this Court's "well-reasoned decision," Judge King agreed that an informational injury under the STL law requires a showing that the plaintiff sought information and was denied – or at least would have sought the information – and also that denial of contact notice information is a non-cognizable procedural harm. *Miller*, 2012 U.S. Dist. LEXIS 109121, at *13, 16-19; *King*, 2012 U.S. Dist. LEXIS 109120, at *6, 10-13. Boorstein's request for reconsideration is both procedurally improper and counter to decisions by this Court and in *King*,

---

[7] Judge King even noted that the allegations in this case "are nearly identical to those asserted" in the other STL cases. *See Miller*, 2012 U.S. Dist. LEXIS 109121, at *13 n.4; *King*, 2012 U.S. Dist. LEXIS 109120, at *6 n.2.

11
REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Miller*, and *Reguiero*. It should be rejected for the same reasons given in the Order.

## V. BOORSTEIN LACKS ARTICLE III STANDING.

Boorstein ignores Men's Journal's showing that *Edwards v. First Am. Corp.*, 610 F.3d 514, 517 (9th Cir. 2010) is distinguishable based on its facts and the text of the statute in that case. *Compare* Mot. at 23, n.13 *with* Opp. at 21. To support his argument that a mere violation of the STL – without injury – can create Article III standing, Plaintiff presents two clearly distinguishable cases. Opp. at 21. In *Alvarez v. Longboy*, 697 F.2d 1333, 1337-38 (9th Cir. 1983), the plaintiffs were striking migrant farmworkers who in fact alleged harm because the defendants' failure to notify replacement workers about the strike endangered their collective bargaining activities. And in *Fernandez v. Brock*, 840 F.2d 622, 625 (9th Cir. 1988), which also involved farmworkers, the plaintiffs alleged harm because they were unable to participate in a pension plan. Even if these cases were relevant here, they pre-date a series of Supreme Court decisions standing for the proposition that while statutes can <u>broaden</u> "the categories of injury that may be alleged in support of standing," they <u>cannot undo</u> the Article III "requirement that the party seeking review must <u>himself have suffered an injury</u>." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 578 (1992) (quotation omitted and emphasis added); *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) ("Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing"). As Boorstein has failed to allege that he suffered any injury, his 2AC should be dismissed for lack of Article III standing – without leave to amend.

DATED: August 13, 2012          DAVIS WRIGHT TREMAINE LLP


                                By: /s/ James D. Nguyen
                                    James D. Nguyen
                                Attorneys for Defendant MEN'S JOURNAL LLC

12
REPLY RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT
DWT 20100740v4 3920109-000008

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899