*Link to doc. # 9*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0719-GHK (Ex) | Date | August 3, 2012 |
|---|---|---|---|
| Title | *Brian King v. Condé Nast Publications* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Motion to Dismiss

This matter is before us on Defendant Condé Nast Publications's ("Defendant") Motion to Dismiss ("Motion"). We have considered the arguments in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

**I.     Background**

For purposes of this Motion, we accept the allegations of the Complaint as true and construe them in the light most favorable to Plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Defendant is the publisher of various magazines, including Wired, Vogue, GQ, The New Yorker, and Vanity Fair. (Compl. ¶ 29). Defendant also operates websites for these magazines. (*Id.*). In order to subscribe to one of its magazines, Defendant requires consumers to provide certain personal information, including – among other things – their name, mailing address, telephone number, e-mail address, gender, date of birth, and credit card information. (*Id.* ¶ 30). Defendant maintains this information on its servers. (*Id.* ¶ 31). Defendant has a practice of selling this information to third parties, who in turn use the information for direct marketing purposes. (*Id.* ¶ 32).

On December 22, 2011, Plaintiff Brian King ("Plaintiff") filed this action against Defendant in state court. The Complaint asserts two claims on behalf of "[a]ll California residents who have provided personal information to" Defendant: (1) violation of California's "Shine the Light" ("STL") law, Cal. Civ. Code § 1798.83, and (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*. (*Id.* ¶ 40).

On January 26, 2011, Defendant removed this action to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Defendant now moves to dismiss the Complaint on the ground that Plaintiff lacks statutory standing to bring his claims.

Case 2:12-cv-00719-SHK-E Document 430    Filed 08/03/12   Page 2 of 6   Page ID #:4633
Case 2:12-cv-00719-GHK-E Document 40    Filed 08/03/12   Page 2 of 6   Page ID #:463

*Link to doc. # 9*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0719-GHK (Ex) | Date | August 3, 2012 |
|---|---|---|---|
| Title | *Brian King v. Condé Nast Publications* | | |

## II.   Legal Standard for Motion to Dismiss Under Rule 12(b)(6)

In order to survive dismissal for failure to state a claim, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). In considering a motion to dismiss, we must accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Cousins*, 568 F.3d at 1067. We need not accept as true, however, legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## III.   Discussion

### A.   STL Claim

#### 1.   Statutory Background & Plaintiff's Allegations

California's STL law took effect on January 1, 2005. It applies to any business with more than 20 employees that "has an established business relationship with a customer and has within the immediately preceding calendar year disclosed personal information . . . to third parties . . . [who] the business knows or reasonably should know . . . used the personal information for . . . direct marketing purposes." Cal. Civ. Code § 1798.83(a), (c)(1).

The STL law requires these businesses to disclose, upon a consumer's request, how they have shared consumer information with third parties during the immediately preceding calendar year. *Id.* § The STL law allows consumers to make requests to covered businesses for information relating to how they have shared consumer information with third parties during the immediately preceding calendar year. These businesses may respond to consumer requests in two ways. First, they can simply disclose how they have shared consumer information with third parties. *Id.* § 1798.83(a). Alternatively, they can respond by providing the consumer the "right to prevent disclosure of personal information," in which case the businesses are not required to disclose their actual information sharing practices. *Id.* § 1798.83(c)(2). To give consumers a central location to send STL inquiries, the law requires that a business "designate [and publicize] a mailing address, electronic mail address, or, if the business chooses to receive requests by telephone or facsimile, a toll-free telephone or facsimile number, to which customers may deliver requests." *Id.* § 1798.83(b).[1] Finally, the law includes a remedy

---

[1] Businesses are still required to respond to requests received "at other than one of the designated addresses or numbers," but they are given a greater amount of time to do so. *Id.* § 1798.83(b)(1)(C).

Case 2:12-cv-00719-DSF-E Document 30  Filed 08/03/12  Page 3 of 6  Page ID #:464

*Link to doc. # 9*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0719-GHK (Ex) | Date | August 3, 2012 |
|---|---|---|---|
| Title | *Brian King v. Condé Nast Publications* | | |

provision, which provides that any consumer who is "injured by a violation" may institute a civil action to recover damages. *Id.* § 1798.84(b).

In sum, "[t]he STL law does not make sharing consumer marketing information with third parties unlawful. Rather, it was designed to 'shine the light' on information-sharing practices by requiring businesses to establish a procedure by which the consumer can obtain information about such practices." *Boorstein v. Men's Journal, LLC*, No. CV 12-771 DSF (Ex), 2012 WL 2152815, at *1 (C.D. Cal. June 14, 2012).

Plaintiff alleges that Defendant violated the STL law by failing to properly designate and publicize on its website a location to send STL inquiries as required by § 1798.83(b)(1). (Comp. ¶ 54). Plaintiff does not allege that he ever made a request for information pursuant to § 1798.83(a), or that he would have done so had the proper contact information been available. Defendant now moves to dismiss Plaintiff's STL claim, arguing – among other things – that Plaintiff has failed to establish that he has statutory standing to bring his claim because he has not pled sufficient facts to show that he was "injured" by Defendant's alleged violation of § 1798.83(b)(1). In Opposition, Plaintiff presents two theories of how he was "injured" by Defendant's alleged violation. As discussed in more detail below, both of these theories were presented by the plaintiff and rejected by Judge Dale Fischer in *Boorstein*, a similar STL case filed by the same counsel who represent Plaintiff here against a different defendant.[2] *See Boorstein*, 2012 WL 2152815, at *2. We agree with Judge Fischer's well-reasoned decision. Accordingly, we conclude that Plaintiff's STL claim fails for lack of statutory standing.

**2.  Plaintiff's First Theory: Economic Injury**

As in *Boorstein*, "Plaintiff alleges that Defendant's sale of his personal information to third parties decreases the market value of the information, causing injury." *Id.*; (*accord* Compl. ¶ 21). In turn, Defendant argues that this theory fails to supply statutory standing because it "bears no causal connection to the alleged statutory violations [Plaintiff] complains about." (Reply 13). That is, because the STL law does not prohibit Defendant from selling or disclosing Plaintiff's personal information, "even assuming the value of Plaintiff's personal information was diluted when it was allegedly shared with third parties, that dilution would not have been avoided if Condé Nast had acted in the way Plaintiff says it should." (*Id.*).

In *Boorstein*, Judge Fischer rejected the plaintiff's "diminished-value-of-information theory" on similar grounds. 2012 WL 2152815, at *2. First, she noted that the STL law's remedy provision requires the plaintiff's injury to be caused by a violation of the statute. *See id.*; *see also* Cal. Civ. Code § 1798.84(b) (permitting civil actions by consumers "injured *by a violation*" of the statute (emphasis added)). Second, she noted that the STL law does not prohibit a business from selling personal

---

[2] We have reviewed the first amended complaint in *Boorstein* and note that, aside from being filed by a different plaintiff against a different defendant, its allegations are nearly identical to those asserted in this case.

Case 2:12-cv-00719-SHK-E Document 30 Filed 08/03/12 Page 4 of 6 Page ID #:465

*Link to doc. # 9*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0719-GHK (Ex) | Date | August 3, 2012 |
|---|---|---|---|
| Title | *Brian King v. Condé Nast Publications* | | |

information, but instead requires businesses to inform consumers about their information sharing practices. Thus, she reasoned that a defendant's "failure to comply [with the STL law] does not reduce the value of [a p]laintiff's personal information." 2012 WL 2152815, at *2. Finally, she observed that "the STL law expressly applies only to existing, not future, business relationships." *Id.* That is, a business, in response to a consumer inquiry, is only required to provide information about how it has shared personal information "during the immediately preceding calendar year," Cal. Civ. Code § 1798.83(a), not how it intends to share personal information in the future. "Thus, even if a business complied with the STL law, the market value [of a consumer's personal information] would likely already be diminished at the time the consumer requests disclosure." 2012 WL 2152815, at *2. In light of the foregoing, Judge Fischer concluded that the alleged dilution of the value of the plaintiff's personal information was not caused by the defendant's alleged STL violation and, therefore, the purported economic injury could not provide the plaintiff with statutory standing.

This reasoning, with which we agree entirely, applies equally to the present case. Accordingly, Plaintiff's alleged economic injury fails to provide him with statutory standing.

### 3. Plaintiff's Second Theory: Informational Injury

As in *Boorstein*, Plaintiff also "alleges that Defendant's noncompliance with the STL law deprived him of information to which he is statutorily entitled under § 1798.83(b)," and that "such a violation of the STL law is enough to constitute a statutory injury." 2012 WL 2152815, at *3; (*accord* Opp'n 8-9).

The STL law does not define what qualifies as an "injury" as the term is used in the statute's remedy provision. However, as Plaintiff points out, the Supreme Court has held in the Article III context that "a plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute." *FEC v. Akins*, 524 U.S. 11, 21 (1998). Plaintiff argues that such an "informational injury" is sufficient to supply statutory standing under the STL law.

Judge Fischer rejected this argument in *Boorstein*. 2012 WL 2152815, at *3. First, she noted that "the existing case law only recognizes such 'informational injury' where the plaintiffs have requested information and have subsequently been denied it." *Id.*; *see also, e.g.*, *Public Citizen v. Dep't of Justice*, 491 U.S. 440, 449 (1989) ("Appellant WLF has specifically requested, and been refused, the names of candidates under consideration by the ABA Committee, reports and minutes of the Committee's meetings, and advance notice of future meetings. As when an agency denies requests for information under the Freedom of Information Act, refusal to permit appellants to scrutinize the ABA Committee's activities to the extent FACA allows constitutes a sufficiently distinct injury to provide standing to sue."); *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74 (1982) ("Section 804(d), which, in terms, establishes an enforceable right to truthful information concerning the availability of housing, is such an enactment. A tester who has been the object of a misrepresentation made unlawful under § 804(d) has suffered injury in precisely the form the statute was intended to guard against, and therefore has standing to maintain a claim for damages under the Act's provisions."). Because the

Case 2:12-cv-00719-GHK-E Document 40 Filed 08/03/12 Page 5 of 6 Page ID #:676

*Link to doc. # 9*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0719-GHK (Ex) | Date | August 3, 2012 |
|---|---|---|---|
| Title | *Brian King v. Condé Nast Publications* | | |

plaintiff in *Boorstein*, like Plaintiff here, did not claim "that he requested information and was denied, nor that he would have requested information had he been provided with the proper contact information," Judge Fischer concluded that his claim went "against established precedent requiring plaintiffs to request information to suffer an [informational] injury." 2012 WL 2152815, at *3.

Judge Fischer also concluded that the plaintiff's "informational injury" theory failed because "a cognizable 'informational injury' must be distinct from a mere 'procedural injury,'" and the defendant's alleged failure to provide its contact information merely inflicted a procedural injury. *Id.* at *4. In support, Judge Fischer relied on *Wilderness Society Inc. v. Rey*, 622 F.3d 1251 (9th Cir. 2010), in which several environmental groups argued that they had standing to challenge various regulations issued by the United States Forest Service because the regulations impermissibly limited the scope of the agency's duty to provide notice of proposed projects under the Forest Service Decisionmaking and Appeals Reform Act ("ARA"), thereby causing the environmental groups an "informational injury." *Id.* at 1258-59. The Ninth Circuit rejected this argument because

> Congress's *purpose* in mandating notice [of proposed Forest Service projects] in the context of the ARA was not to disclose information, but rather to allow the public opportunity to comment on the proposals. Notice is provided as a predicate for public comment. . . . In other words, the ARA grants the public a right to process and participation. Even though these rights necessarily involve the dissemination of information, they are not thereby *tantamount* to a right to information per se.

*Id.* Accordingly, the Ninth Circuit concluded that the environmental groups lacked standing because their alleged "informational injury" was not distinct from the procedural deprivation under the statute.

Judge Fischer analogized the *Boorstein* plaintiff's alleged informational injury under § 1798.83(b) of the STL law to the alleged informational injury in *Wilderness Society*, writing:

> As in *Wilderness Soc'y*, the alleged violations here do not inflict an informational injury by depriving Plaintiff of statutorily-required disclosures about how his personal information is used. Instead, it deprives the Plaintiff of Defendant's *contact information* – information meant to facilitate requests for such disclosures. The STL law's requirements are not designed to ensure that consumers have access to contact information for its own sake, and thus the failure to provide that information inflicts merely a procedural injury.

2012 WL 2152815, at *4. Accordingly, she concluded that the plaintiff failed to allege a cognizable informational injury.

This reasoning, with which we agree entirely, applies equally to the present case. Accordingly, Plaintiff's alleged informational injury fails to provide him with statutory standing.

As noted above, the STL law's remedy provision requires an "injury" in conjunction with a

*Link to doc. # 9*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0719-GHK (Ex) | Date | August 3, 2012 |
|---|---|---|---|
| Title | *Brian King v. Condé Nast Publications* | | |

violation. Because Plaintiff fails to allege a cognizable injury, he lacks statutory standing for his STL claim, regardless of whether his allegations are sufficient to state a violation of the STL law. Thus, Defendant's Motion is **hereby GRANTED** insofar as it seeks dismissal of Plaintiff's STL claim.

    **B.**    *UCL Claim*

The UCL prohibits, and provides civil remedies for, unfair competition, which it defines as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Here, Plaintiff claims that Defendant "violated the unlawful prong of the UCL in that its conduct violated the Shine the Light Law." (Compl. ¶ 63).

Like his STL claim, Plaintiff's UCL claim fails for lack of statutory standing. To satisfy the UCL's standing requirements, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as an injury in fact, i.e., *economic injury*, and (2) show that the economic injury was the result of, i.e., *caused by*, the unfair business practice . . . that is the gravamen of the claim." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 321 (2011). Here, the gravamen of Plaintiff's UCL claim is that Defendant violated § 1798.83(b) of the STL law. As discussed above, Plaintiff has failed to allege that he suffered an economic injury as a result of any such violation. Accordingly, his UCL claim fails for lack of standing. Defendant's Motion is **hereby GRANTED** insofar as it seeks dismissal of Plaintiff's UCL claim.

**IV.**    **Conclusion**

For the reasons stated above, Plaintiff's STL and UCL claims fail for lack of statutory standing. Accordingly, Defendant's Motion is **GRANTED**. The Complaint is **hereby DISMISSED with leave to amend**. Plaintiff shall file any amended complaint **within fourteen (14) days hereof**. If Plaintiff files an amended complaint, Defendant shall respond to it **within twenty-one (21) days thereafter**. If Plaintiff fails to timely file an amended complaint, it shall be deemed his admission that amendment would be futile, and in that case, we will order that our dismissal of the FAC be **with prejudice**.

    **IT IS SO ORDERED.**

                                                                                                                                       :

Initials of Deputy Clerk    IR for Bea