*Link to doc. # 23*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0733-GHK (PLAx) | Date | August 3, 2012 |
|---|---|---|---|
| Title | *Melissa Miller v. Hearst Communications, Inc.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Motion to Dismiss

This matter is before us on Defendant Hearst Communications, Inc.'s ("Defendant") Motion to Dismiss ("Motion"). We have considered the arguments in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

**I.       Background**

For purposes of this Motion, we accept the allegations of the Complaint as true and construe them in the light most favorable to Plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Defendant is the publisher of various magazines, including Cosmopolitan, Elle, and Esquire. (Compl. ¶ 29). Defendant also operates websites for these magazines. (*Id.*). In order to subscribe to one of its magazines, Defendant requires consumers to provide certain personal information, including – among other things – their name, mailing address, e-mail address, and credit card information. (*Id.* ¶ 30). Defendant maintains this information on its servers. (*Id.* ¶ 31). Defendant has a practice of selling this information to third parties, who in turn use the information for direct marketing purposes. (*Id.* ¶ 32).

On January 27, 2012, Plaintiff Melissa Miller ("Plaintiff") filed this action against Defendant, asserting two claims on behalf of "[a]ll California residents who have provided personal information to" Defendant: (1) violation of California's "Shine the Light" ("STL") law, Cal. Civ. Code § 1798.83, and (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* (*Id.* ¶ 40). Plaintiff alleges that Defendant violated the STL law by failing to "affirmatively disclose specific information to its customers through its Web site." (Compl. ¶ 54). Plaintiff's UCL claim relies on this alleged STL violation as its factual predicate.

Defendant now moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). Defendant argues that this case must be dismissed under Rule 12(b)(3) because a forum selection clause contained in the Terms of Use on its website requires this action to be filed in a state or

*Link to doc. # 23*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0733-GHK (PLAx) | Date | August 3, 2012 |
|---|---|---|---|
| Title | *Melissa Miller v. Hearst Communications, Inc.* | | |

federal court in New York City. Defendant argues that dismissal is required under Rule 12(b)(6) because Plaintiff lacks statutory standing to bring her claims.

**II.     Rule 12(b)(3) Motion**

   *A.     Legal Standard*

"A motion to enforce a forum selection clause is treated as a motion to dismiss pursuant to Rule 12(b)(3); pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). In diversity cases, federal law governs the enforcement and interpretation of forum selection clauses. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Forum selection clauses are presumptively valid and should be honored "absent some compelling and countervailing reason." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10-12 (1972).

   *B.     Discussion*

Defendant argues that Plaintiff's claims fall within the scope of the forum selection clause in the Terms of Use on its website because "Plaintiff herself alleges that she 'visited www.cosmopolitan.com on numerous occasions,' (Compl., at ¶ 39), and her entire Complaint is predicated on her view that the Terms are allegedly deficient under California's Shine the Light statute." (Mot. 10). Defendant argues that dismissal is required because the forum selection clause requires Plaintiff to bring this action in a state or federal court in New York City. That clause provides, in relevant part:

> If there is any dispute about or involving the sites, you agree that the dispute shall be governed by the laws of the State of New York, USA, without regard to conflict of law provisions and you agree to exclusive personal jurisdiction and venue in the state and federal courts of the United States located in the State of New York, City of New York.

(*See* Compl., Exh. 2 at 12).

In Opposition, Plaintiff does not dispute that her claims fall within the scope of the forum selection clause, but instead argues that the clause is unenforceable because it – in conjunction with the choice-of-law clause also in the Terms of Use – contravenes a strong California public policy against waiving STL claims. We agree and conclude that the clause is unenforceable.

There is "a strong policy in favor of the enforcement of forum selection clauses." *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 992 (9th Cir. 2006). "[F]orum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is 'unreasonable under the circumstances.'" *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (quoting *Bremen*, 407 U.S. at 10). One instance in which forum selection clauses have

*Link to doc. # 23*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0733-GHK (PLAx) | Date | August 3, 2012 |
|---|---|---|---|
| Title | *Melissa Miller v. Hearst Communications, Inc.* | | |

been found to be unreasonable is when "enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *Id.*

Here, Plaintiff argues that the forum selection clause is unenforceable because it operates in tandem with the choice-of-law clause in Defendant's Terms of Use to waive California consumers' rights to relief under the STL law – rights the California legislature has deemed to be non-waivable. *See* Cal. Civ. Code § 1798.84 ("Any waiver of a provision of this title is contrary to public policy and is void and unenforceable."). When "a state prohibits the prospective waiver of the remedies provided for in the statute that a plaintiff is trying to enforce, a court may consider whether choice-of-forum and choice-of-law clauses 'operate[] in tandem as a prospective waiver of a party's right to pursue statutory remedies' when deciding whether a forum selection clause is unenforceable as against the strong public policy of that state." *Perry v. AT&T Mobility, LLC*, No. C 11-1488 SI, 2011 WL 4080625, at *4 (N.D. Cal. Sept. 12, 2011).[1]

Here, Plaintiff argues that Defendant's forum selection clause and choice-of-law clause operate in tandem as a prospective waiver of her STL rights because if the forum selection clause is enforceable and the Parties litigate this action in New York, a New York court, applying New York's choice-of-law rules,[2] is more likely to find Defendant's choice-of-law clause to be enforceable. And, if the choice-of-law clause is enforceable, and thus New York law applies, Plaintiff would effectively be forced to waive her rights to relief under the STL law because New York has no counterpart to the STL law.

We agree. Under New York law, "choice of law provisions . . . are generally given effect . . . , [unless] . . . the enforcement of the provision would violate a fundamental public policy of New York." *Culbert v. Rols Capital Co.*, 585 N.Y.S.2d 67, 68 (N.Y. App. Div. 1992). A New York court would be unlikely to find that Defendant's choice-of-law provision, which selects the application of New York law, violates a fundamental public policy of New York because New York has an interest in protecting the expectation of parties who choose New York law and New York law has no counterpart to the STL law. *See Banco Nacional De Mexico, S.A. v. Societe Generale*, 820 N.Y.S.2d 588, 592 (N.Y. App. Div. 2006). By contrast, a California court would be more likely to find the choice-of-law clause to be unenforceable because, using California's choice-of-law rules, a California court would take into consideration whether the clause "is contrary to a fundamental policy of California." *Gramercy Inv.*

---

[1] Defendant argues that it is improper for us to consider the choice-of-law clause in determining whether the forum selection clause is unenforceable. However, "Ninth Circuit law clearly permits the Court to do so." *Perry*, 2011 WL 4080625, at 4 n.4; *see also Doe 1*, 552 F.3d at 1084 (refusing to enforce a forum selection clause in part because "together with the choice of law provision" the clause would "effect a waiver of statutory remedies" subject to an "anti-waiver provision" of California law). In support of its argument to the contrary, Defendant merely cites non-binding district court opinions.

[2] *Narayan v. EGL, Inc.*, 616 F.3d 895, 898 (9th Cir. 2010) ("To determine the applicable substantive law, a federal court sitting in diversity applies the choice-of-law rules of the forum.").

Case 2:12-cv-00733-GHK-PLA Document 44-24 Filed 08/03/22 Page 4 of 9 Page ID #:1366

Link to doc. # 23

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0733-GHK (PLAx) | Date | August 3, 2012 |
|---|---|---|---|
| Title | *Melissa Miller v. Hearst Communications, Inc.* | | |

*Trust v. Lakemont Homes Nevada, Inc.*, 198 Cal. App. 4th 903, 909 (2011). And as noted above, the California legislature has deemed "[a]ny waiver of [the STL law to be] contrary to public policy and . . . void and unenforceable." *See* Cal. Civ. Code § 1798.84.

In sum, if Plaintiff is forced to litigate this case in New York (pursuant to the forum selection clause), New York law will likely apply (pursuant to the choice-of-law clause) and thus Plaintiff will have no recourse for Defendant's failure to disclose specific information on its website. Thus, the forum selection clause and choice-of-law clause work together to effectively compel Plaintiff to forfeit her STL claim and thus they contravene strong California public policy. *See Cordua v. Navistar Int'l Transp. Corp.*, No. C 10-04961 CW, 2011 WL 62493, at *4 (N.D. Cal. Jan. 7, 2011) (California "has a strong public policy favoring the vindication of consumer rights."); *see also Perry*, 2011 WL 4080625, at *5 ("[I]t is against the strong public policy of California to enforce a forum selection clause where the practical effect of enforcement will be to deprive plaintiff or class of plaintiffs of their unwaivable statutory entitlement to the minimum wage and overtime payments."). In light of the foregoing, Plaintiff has met her burden of proving that enforcement of the forum selection clause in this case is unreasonable. Defendant's Motion is **DENIED** insofar as it seeks dismissal under Rule 12(b)(3) on account of the forum selection clause.

**III.    Rule 12(b)(6) Motion**

  *A.    Legal Standard*

In order to survive dismissal for failure to state a claim, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). In considering a motion to dismiss, we must accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Cousins*, 568 F.3d at 1067. We need not accept as true, however, legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

  *B.    Discussion*

    **1.    STL Claim**

      *a.    Statutory Background & Plaintiff's Allegations*

California's STL law took effect on January 1, 2005. It applies to any business with more than 20 employees that "has an established business relationship with a customer and has within the

*Link to doc. # 23*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0733-GHK (PLAx) | Date | August 3, 2012 |
|---|---|---|---|
| Title | *Melissa Miller v. Hearst Communications, Inc.* | | |

immediately preceding calendar year disclosed personal information . . . to third parties . . . [who] the business knows or reasonably should know . . . used the personal information for . . . direct marketing purposes." Cal. Civ. Code § 1798.83(a), (c)(1).

The STL law allows consumers to make requests to covered businesses for information relating to how they have shared consumer information with third parties during the immediately preceding calendar year. These businesses may respond to consumer requests in two ways. First, they can simply disclose how they have shared consumer information with third parties. *Id.* § 1798.83(a). Alternatively, they can respond by providing the consumer the "right to prevent disclosure of personal information," in which case the businesses are not required to disclose their actual information sharing practices. *Id.* § 1798.83(c)(2). To give consumers a central location to send STL inquiries, the law requires that a business "designate [and publicize] a mailing address, electronic mail address, or, if the business chooses to receive requests by telephone or facsimile, a toll-free telephone or facsimile number, to which customers may deliver requests." *Id.* § 1798.83(b).[3] Finally, the law includes a remedy provision, which provides that any consumer who is "injured by a violation" may institute a civil action to recover damages. *Id.* § 1798.84(b).

In sum, "[t]he STL law does not make sharing consumer marketing information with third parties unlawful. Rather, it was designed to 'shine the light' on information-sharing practices by requiring businesses to establish a procedure by which the consumer can obtain information about such practices." *Boorstein v. Men's Journal, LLC*, No. CV 12-771 DSF (Ex), 2012 WL 2152815, at *1 (C.D. Cal. June 14, 2012).

Plaintiff alleges that Defendant violated the STL law by failing to properly designate and publicize on its website a location to send STL inquiries as required by § 1798.83(b)(1). (Compl. ¶ 54). Plaintiff does not allege that she ever made a request for information pursuant to § 1798.83(a), or that she would have done so had the proper contact information been available. Defendant now moves to dismiss Plaintiff's STL claim, arguing – among other things – that Plaintiff has failed to establish that she has statutory standing to bring her claim because she has not pled sufficient facts to show that she was "injured" by Defendant's alleged violation of § 1798.83(b)(1). In Opposition, Plaintiff presents two theories of how she was "injured" by Defendant's alleged violation. As discussed in more detail below, both of these theories were presented by the plaintiff and rejected by Judge Dale Fischer in *Boorstein*, a similar STL case filed by the same counsel who represent Plaintiff here against a different defendant.[4] *See Boorstein*, 2012 WL 2152815, at *2. We agree with Judge Fischer's well-reasoned decision. Accordingly, we conclude that Plaintiff's STL claim fails for lack of statutory standing.

---

[3] Businesses are still required to respond to requests received "at other than one of the designated addresses or numbers," but they are given a greater amount of time to do so. *Id.* § 1798.83(b)(1)(C).

[4] We have reviewed the first amended complaint in *Boorstein* and note that, aside from being filed by a different plaintiff against a different defendant, its allegations are nearly identical to those asserted in this case.

Link to doc. # 23

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0733-GHK (PLAx) | Date | August 3, 2012 |
|---|---|---|---|
| Title | *Melissa Miller v. Hearst Communications, Inc.* | | |

### b. *Plaintiff's First Theory: Economic Injury*

As in *Boorstein*, "Plaintiff alleges that Defendant's sale of h[er] personal information to third parties decreases the market value of the information, causing injury." *Id.*; (*accord* Compl. ¶ 21). In turn, Defendant argues that this theory fails to supply statutory standing because it "bears no causal connection to the alleged violations [Plaintiff] complains about." (Reply 19). That is, because the STL law does not prohibit Defendant from selling or disclosing Plaintiff's personal information, "even assuming the value of Plaintiff's personal information was diluted when it was allegedly shared with third parties, that dilution would not have been avoided if Hearst had acted in the way Plaintiff says it should." (*Id.*).

In *Boorstein*, Judge Fischer rejected the plaintiff's "diminished-value-of-information theory" on similar grounds. 2012 WL 2152815, at *2. First, she noted that the STL law's remedy provision requires the plaintiff's injury to be caused by a violation of the statute. *See id.*; *see also* Cal. Civ. Code § 1798.84(b) (permitting civil actions by consumers "injured *by a violation*" of the statute (emphasis added)). Second, she noted that the STL law does not prohibit a business from selling personal information, but instead requires businesses to inform consumers about their information sharing practices. Thus, she reasoned that a defendant's "failure to comply [with the STL law] does not reduce the value of [a p]laintiff's personal information." 2012 WL 2152815, at *2. Finally, she observed that "the STL law expressly applies only to existing, not future, business relationships." *Id.* That is, a business, in response to a consumer inquiry, is only required to provide information about how it has shared personal information "during the immediately preceding calendar year," Cal. Civ. Code § 1798.83(a), not how it intends to share personal information in the future. "Thus, even if a business complied with the STL law, the market value [of a consumer's personal information] would likely already be diminished at the time the consumer requests disclosure." 2012 WL 2152815, at *2. In light of the foregoing, Judge Fischer concluded that the alleged dilution of the value of the plaintiff's personal information was not caused by the defendant's alleged STL violation and, therefore, the purported economic injury could not provide the plaintiff with statutory standing.

This reasoning, with which we agree entirely, applies equally to the present case. Accordingly, Plaintiff's alleged economic injury fails to provide him with statutory standing.

### c. *Plaintiff's Second Theory: Informational Injury*

As in *Boorstein*, Plaintiff also "alleges that Defendant's noncompliance with the STL law deprived h[er] of information to which [s]he is statutorily entitled under § 1798.83(b)," and that "such a violation of the STL law is enough to constitute a statutory injury." 2012 WL 2152815, at *3; (*accord* Opp'n 8-9).

The STL law does not define what qualifies as an "injury," as the term is used in the statute's remedy provision. However, as Plaintiff points out, the Supreme Court has held in the Article III context that "a plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which

*Link to doc. # 23*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0733-GHK (PLAx) | Date | August 3, 2012 |
|---|---|---|---|
| Title | *Melissa Miller v. Hearst Communications, Inc.* | | |

must be publicly disclosed pursuant to a statute." *FEC v. Akins*, 524 U.S. 11, 21 (1998). Plaintiff argues that such an "informational injury" is sufficient to supply statutory standing under the STL law.

Judge Fischer rejected this argument in *Boorstein*. 2012 WL 2152815, at *3. First, she noted that "the existing case law only recognizes such 'informational injury' where the plaintiffs have requested information and have subsequently been denied it." *Id.*; *see also, e.g.*, *Public Citizen v. Dep't of Justice*, 491 U.S. 440, 449 (1989) ("Appellant WLF has specifically requested, and been refused, the names of candidates under consideration by the ABA Committee, reports and minutes of the Committee's meetings, and advance notice of future meetings. As when an agency denies requests for information under the Freedom of Information Act, refusal to permit appellants to scrutinize the ABA Committee's activities to the extent FACA allows constitutes a sufficiently distinct injury to provide standing to sue."); *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74 (1982) ("Section 804(d), which, in terms, establishes an enforceable right to truthful information concerning the availability of housing, is such an enactment. A tester who has been the object of a misrepresentation made unlawful under § 804(d) has suffered injury in precisely the form the statute was intended to guard against, and therefore has standing to maintain a claim for damages under the Act's provisions."). Because the plaintiff in *Boorstein*, like Plaintiff here, did not claim "that he requested information and was denied, nor that he would have requested information had he been provided with the proper contact information," Judge Fischer concluded that his claim went "against established precedent requiring plaintiffs to request information to suffer an [informational] injury." 2012 WL 2152815, at *3.

Judge Fischer also concluded that the plaintiff's "informational injury" theory failed because "a cognizable 'informational injury' must be distinct from a mere 'procedural injury,'" and the defendant's alleged failure to provide its contact information merely inflicted a procedural injury. *Id.* at *4. In support, Judge Fischer relied on *Wilderness Society Inc. v. Rey*, 622 F.3d 1251 (9th Cir. 2010), in which several environmental groups argued that they had standing to challenge various regulations issued by the United States Forest Service because the regulations impermissibly limited the scope of the agency's duty to provide notice of proposed projects under the Forest Service Decisionmaking and Appeals Reform Act ("ARA"), thereby causing the environmental groups an "informational injury." *Id.* at 1258-59. The Ninth Circuit rejected this argument because

> Congress's *purpose* in mandating notice [of proposed Forest Service projects] in the context of the ARA was not to disclose information, but rather to allow the public opportunity to comment on the proposals. Notice is provided as a predicate for public comment. . . . In other words, the ARA grants the public a right to process and participation. Even though these rights necessarily involve the dissemination of information, they are not thereby *tantamount* to a right to information per se.

*Id.* Accordingly, the Ninth Circuit concluded that the environmental groups lacked standing because their alleged "informational injury" was not distinct from the procedural deprivation under the statute.

Judge Fischer analogized the *Boorstein* plaintiff's alleged informational injury under

*Link to doc. # 23*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0733-GHK (PLAx) | Date | August 3, 2012 |
|---|---|---|---|
| Title | *Melissa Miller v. Hearst Communications, Inc.* | | |

§ 1798.83(b) of the STL law to the alleged informational injury in *Wilderness Society*, writing:

> As in *Wilderness Soc'y*, the alleged violations here do not inflict an informational injury by depriving Plaintiff of statutorily-required disclosures about how his personal information is used. Instead, it deprives the Plaintiff of Defendant's *contact information* – information meant to facilitate requests for such disclosures. The STL law's requirements are not designed to ensure that consumers have access to contact information for its own sake, and thus the failure to provide that information inflicts merely a procedural injury.

2012 WL 2152815, at *4. Accordingly, she concluded that the plaintiff failed to allege a cognizable informational injury.

This reasoning, with which we agree entirely, applies equally to the present case. Accordingly, Plaintiff's alleged informational injury fails to provide him with statutory standing.

As noted above, the STL law's remedy provision requires an "injury" in conjunction with a violation. Because Plaintiff fails to allege a cognizable injury, she lacks statutory standing for her STL claim, regardless of whether her allegations are sufficient to state a violation of the STL law. Thus, Defendant's Motion is **hereby GRANTED** insofar as it seeks dismissal of Plaintiff's STL claim.

    **2.**     **UCL Claim**

The UCL prohibits, and provides civil remedies for, unfair competition, which it defines as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Here, Plaintiff claims that Defendant "violated the unlawful prong of the UCL in that its conduct violated the Shine the Light Law." (Compl. ¶ 65).

Like her STL claim, Plaintiff's UCL claim fails for lack of statutory standing. To satisfy the UCL's standing requirements, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as an injury in fact, i.e., *economic injury*, and (2) show that the economic injury was the result of, i.e., *caused by*, the unfair business practice . . . that is the gravamen of the claim." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 321 (2011). Here, the gravamen of Plaintiff's UCL claim is that Defendant violated § 1798.83(b) of the STL law. As discussed above, Plaintiff has failed to allege that she suffered an economic injury as a result of any such violation. Accordingly, her UCL claim fails for lack of standing. Defendant's Motion is **hereby GRANTED** insofar as it seeks dismissal of Plaintiff's UCL claim.

**IV.**     **Conclusion**

Plaintiff has met her burden of proving that enforcement of the forum selection clause in this case is unreasonable. Therefore, Defendant's Motion is **DENIED** insofar as it seeks dismissal under Rule 12(b)(3). Plaintiff's STL and UCL claims fail for lack of statutory standing. Accordingly,

*Link to doc. # 23*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0733-GHK (PLAx) | Date | August 3, 2012 |
|---|---|---|---|
| Title | *Melissa Miller v. Hearst Communications, Inc.* | | |

Defendant's Motion is **GRANTED** insofar as it seeks dismissal under Rule 12(b)(6). The Complaint is **hereby DISMISSED with leave to amend**. Plaintiff shall file any amended complaint **within fourteen (14) days hereof**. If Plaintiff files an amended complaint, Defendant shall respond to it **within twenty-one (21) days thereafter**. If Plaintiff fails to timely file an amended complaint, it shall be deemed her admission that amendment would be futile, and in that case, we will order that our dismissal of the FAC be **with prejudice**.

**IT IS SO ORDERED.**

                                                                                                                       :

                                             Initials of Deputy Clerk     IR for Bea